# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| JOHN ARDEN AHNEFELDT, ROBERT BROWER, JR., ROBERT BROWER, SR., KHANH L. BUI, JIGNESH CHANDARANA, KRUITIKA CHANDARANA, AMIRA YOUSUF CHOWDHURY, CHRISTOPHER COLIGADO, DANIEL GAD, EDWIN HOWELL, SIOE LIE HOWELL, DARREN HUNTING, ANNE INGLEDEW, SHITAL MEHTA, THOMAS CARL RABIN, ADAM SHULTZ, AMIT SOMANI, JAYAPRAKASH SRINIVASAN, AARTHI SRINIVASAN, CHRISTOPHER SWEDLOW and ALEXANDRE TAZI,, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID DICKSON, STUART A. SPENCE, and CHRISTOPHER A. KRUMMEL,<br><br>Defendants, | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :<br><br>**Case No. 4:20-cv-02539**<br><br>**CLASS ACTION** |

## NOTICE OF RELATED CASE
### BY THE NOVA SCOTIA HEALTH EMPLOYEES' PENSION PLAN, THE COURT-APPOINTED §10(B) LEAD PLAINTIFF IN
### *EDWARDS v. MCDERMOTT INT'L, INC.* (NO. 4:18-CV-4330)

The Nova Scotia Health Employees' Pension Plan, the Court-appointed Lead Plaintiff under the Private Securities Litigation Reform Act of 1995 ("PSLRA") overseeing all claims arising under §10(b) of the Securities Exchange Act of 1934 (the "§10(b) Lead Plaintiff") in the related consolidated action, *Edwards v. McDermott Int'l, Inc., et. al.*, No. 4:18-cv-4330 (S.D. Tex.), pending before the Honorable George C. Hanks, Jr., hereby files this Notice of Related Case pursuant to L.R. 5.2.

Under L.R. 5.2, the *Edwards* action, which has been pending since November 15, 2018, is a related current litigation to this action, and the §10(b) Lead Plaintiff overseeing the *Edwards* action, is a directly affected non-party to this action. *Edwards* is a consolidated securities fraud class action litigation, with two separately-appointed lead plaintiffs overseeing, respectively: (i) all Exchange Act §10(b) claims arising from a comprehensive, multi-year alleged securities fraud implicating McDermott International, Inc. ("McDermott") and its leadership and (ii) all Exchange Act §14(a) claims arising from the proxy vote related to McDermott's acquisition of Chicago Bridge & Iron Company, N.V. ("CB&I") that occurred in the midst thereof.

The §10(b) Lead Plaintiff was appointed to serve in that capacity, pursuant to and in accordance with the PSLRA on June 4, 2019, following a lengthy, contested lead plaintiff process that began with the filing of lead plaintiff motions at statutory deadline in January 2019 – a process in which the plaintiffs in this action did not participate. The §10(b) Lead Plaintiff is now vested with the ***sole discretion and authority*** to decide whether, when, and to what extent to prosecute such claims on behalf of McDermott investors regarding the facts and circumstances at issue in the *Edwards* litigation. The §10(b) Lead Plaintiff, in its 262-page operative complaint filed on October 4, 2019 (*Edwards*, Dkt. No. 105), alleges an ***entire thread of securities fraud*** concerning

McDermott's purchase, ownership, and potential sale of the Lummus technology business, which it acquired along with the rest of CB&I in a May 2018 Merger. It alleged another *entire thread of fraud* – the Capital Structure / Liquidity Fraud – arising from Defendants' public statements and omissions regarding McDermott's post-Merger ability to maintain a stable capital structure and sufficient liquidity. It also alleged factual developments and partial corrective disclosures through September 27, 2019, just before the Court-ordered filing deadline for an amended pleading due in early October 2019.

Under a then-operative scheduling order (*Edwards*, Dkt. No. 111), Defendants were due to move to dismiss by January 21, 2020. Instead, they filed a Suggestion of Bankruptcy on January 22, 2020 (*id.*, Dkt. No. 120) and, on January 30, 2020, moved to dismiss both the §10(b) complaint (*id.*, Dkt. No. 125) and the §14(a) complaint (*id.*, Dkt. No. 124). Faced with company's bankruptcy and heightened demands on available insurance policies, the §10(b) Lead Plaintiff exercised its discretion and chose to oppose Defendants' motion, which it did via a 75-page opposition brief filed June 19, 2020 (*id.*, Dkt. No. 145), rather than further amend at that time and thereby reset the clock for dispositive motion practice. The §10(b) Lead Plaintiffs' opposition set forth extensive factual developments that had arisen after the filing of its operative complaint in early October 2019 – including the filing of McDermott's bankruptcy, the launching of an SEC investigation, and the empaneling of a Federal Grand Jury – and *expressly sought leave to amend* to allege them in a future amendment. *Id.* at 34-35. The §14(a) Lead Plaintiff also opposed Defendants' motion to dismiss the §14(a) action at that time. *Id.*, Dkt. No. 143. Under the operative briefing schedule, Defendants' reply briefs are due by August 5, 2020. *Id.*, Dkt. No. 144. Judge Hanks indicated at a video status conference in June 2020 that he anticipates a resolution to Defendants' motions by October 2020.

2

In addition, the §10(b) Lead Plaintiff and the §14(a) Lead Plaintiff filed a comprehensive reservation of rights in McDermott's bankruptcy proceeding and negotiated protective language in the bankruptcy court's Confirmation Order, entered March 12, 2020, expressly exempting "any claims and causes of action now or hereafter asserted" in the *Edwards* action from the extensive releases otherwise implemented in conjunction with McDermott's bankruptcy proceeding. *See In re McDermott, Int'l, Inc.*, Case No. 20-30336 (Bankr. S.D. Tex.), Dkt. Nos. 559 and 665 ¶73. Plaintiffs in this action secured no such protections and otherwise took no action whatsoever to preserve their rights or the rights of the investors they now belatedly purport to represent. As such, all claims asserted within this action are subject to unique defenses arising from their potential extinguishment by operation of McDermott's bankruptcy, its bankruptcy Plan and supplements as amended, and the bankruptcy court orders entered therein.

The §10(b) Lead Plaintiff's operative complaint encompasses McDermott's first 92.5% of pre-bankruptcy market capitalization decline and, according to Judge Hanks, will be adjudicated under the PSLRA's governing pleading standards by early fall 2020. Upon its resolution, as Court-appointed PSLRA lead plaintiff, the §10(b) Lead Plaintiff can exercise its sole discretion and authority to decide whether, when, and how to seek to recovery under Exchange Act §10(b) for the final 7.5% of the decline, whether by further amendment of the pleadings or otherwise, guided, in part, by the Court's ruling.

Plaintiffs here have improperly initiated a tag-along class action, not identified as related to *Edwards*, seeking to launch an unlawful, duplicative lead plaintiff process to redundantly appoint themselves to oversee the back-end sliver of the class-wide claims at issue in *Edwards*, despite the unique defenses to which they are unquestionably subject as a result of not only their unwieldy group size and failure to comply with the PSLRA,

3

which together render them atypical and inadequate under Fed. R. Civ. P. 23, but also arising their failure to seek appropriate protections from McDermott's bankruptcy and related court orders. Their complaint (Dkt. No. 1) unquestionably overlaps with the operative §10(b) complaint in *Edwards*. Both allege violations of Exchange Act §10(b), SEC Rule 10b-5, and Exchange Act §20(a) – the very claims the §10(b) Lead Plaintiff is overseeing as Court-appointed PSLRA lead plaintiff in *Edwards* – on behalf of investors in McDermott's common stock. Both name common Defendants (Dickson and Spence). Both concern a common nucleus of operative facts, including, *inter alia*, public statements or omissions regarding McDermott's Lummus technology business segment acquired from CB&I in the May 2018 Merger, the financial motives for company leadership to mislead McDermott investors, the artificial inflation of McDermott's stock price due to false or misleading statements or omissions, and the detrimental effects of McDermott's financial distress and bankruptcy on its stock price and investors.

In effect, plaintiffs here – an incoherent assemblage of nearly two dozen individual, retail investors – seek to substitute their judgment for that of the Court-appointed §10(b) Lead Plaintiff, a sophisticated institutional investor with billions of dollars of assets under management, and Court-appointed §10(b) Lead Counsel, one of the nation's leading securities litigation firms. They improperly seek to extend the Exchange Act §10(b) claims to the final 7.5% of McDermott's market capitalization decline *now*, via a duplicative lawsuit and a thin 46-page complaint that create risks of conflicting rulings and adjudications, while the §10(b) Lead Plaintiff in *Edwards* is in the late stages of dispositive motion briefing on its operative 262-page §10(b) complaint and on the cusp of securing a ruling from Judge Hanks as to its sufficiency. This course of action is wholly improper, and the §10(b) Lead Plaintiff is simultaneously filing papers in

4

the *Edwards* action asking Judge Hanks to consolidate this action and vacate the improper and duplicative lead plaintiff notice published herein.

For all these reasons, the §10(b) Lead Plaintiff respectfully submits that this lawsuit is a related action to *Edwards v. McDermott Int'l, Inc., et. al.*, No. 4:18-cv-4330 (S.D. Tex.) and should be transferred promptly to its presiding Judge, the Honorable George C. Hanks, Jr., for further proceedings.

Dated: July 28, 2020

Respectfully submitted,

**POMERANTZ LLP**

*/s/Matthew L. Tuccillo*
Matthew L. Tuccillo
(S.D. Tex. Federal Bar Number 1467939)
Jeremy A. Lieberman
(S.D. Tex. Federal Bar Number 1466757)
J. Alexander Hood II
(S.D. Tex. Federal Bar Number 3086579)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: mltuccillo@pomlaw.com
Email: ahood@pomlaw.com

*Counsel for §10(b) Lead Plaintiff Nova Scotia
Health Employees' Pension Plan and Lead
Counsel for the §10(b) Class*

**THE BRISCOE LAW FIRM, PLLC**

*/s/Willie C. Briscoe*
Willie C. Briscoe
Texas Bar No.: 24001788
Southern District No.: 25157
1980 Park Oak Blvd.
Houston, TX  77056
Telephone: 713-752-2600
Facsimile: 832-201-9950
wbriscoe@thebriscoelawfirm.com

*Attorney-In-Charge, Counsel for §10(b) Lead Plaintiff Nova Scotia Health Employees' Pension Plan, and Liaison Counsel for the §10(b) Class*

## CERTIFICATE OF SERVICE

This is to certify that on July 24, 2020, a true and correct copy of the foregoing document was filed on the Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record will be served electronically with true and correct copies of this filing.

*/s/ Matthew L. Tuccillo*
Matthew L. Tuccillo

6