UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| JOHN ARDEN AHNEFELDT, ROBERT BROWER, JR., ROBERT BROWER, SR., KHANH L. BUI, JIGNESH CHANDARANA, KRUITIKA CHANDARANA, AMIRA YOUSUF CHOWDHURY, CHRISTOPHER COLIGADO, DANIEL GAD, EDWIN HOWELL, SIOE LIE HOWELL, DARREN HUNTING, ANNE INGLEDEW, SHITAL MEHTA, THOMAS CARL RABIN, ADAM SHULTZ, AMIT SOMANI, JAYAPRAKASH SRINIVASAN, AARTHI SRINIVASAN, CHRISTOPHER SWEDLOW, and ALEXANDRE TAZI, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID DICKSON, STUART A. SPENCE, and CHRISTOPHER A. KRUMMEL<br><br>Defendants. | CASE NO. 4:20-cv-02539 (ASH) |

**PLAINTIFFS' RESPONSE TO THE NOTICE OF RELATED CASE
BY THE NOVA SCOTIA HEALTH EMPLOYEES' PENSION PLAN**

Plaintiffs, by their undersigned attorneys, submit this response to the Notice of Related Case (A-ECF No.[1] 12) ("Notice") by Nova Scotia Health Employees' Pension Plan ("NSHEPP"), the Court-appointed lead plaintiff in the action captioned *Edwards v. McDermott International, Inc., et al.*, Case No. 4:18-cv-04430 ("*Edwards*").

This action was commenced on July 17, 2020. (A-ECF No. 1). Plaintiffs properly identified *Edwards* as a related case pending before Judge George C. Hanks, Jr. on the Civil Cover Sheet attached to their complaint. (A-ECF No. 1-3). This action, however, was assigned to Judge Andrew S. Hanen.

Local Rule 5.2 requires that the parties "advise the Court of related current or recent litigation and of directly affected non-parties." S.D. Tex. L.R. 5.2. Plaintiffs complied with their obligation under the Local Rule. NSHEPP's accusation that Plaintiffs were anything less than forthright, *see* Notice at 3, is entirely belied by the disclosure on the Civil Cover Sheet – which NSHEPP and its counsel should be presumed to have reviewed prior to their filing here. As the Notice was filed unnecessarily, and without an appropriate factual basis, it is frivolous and should be stricken.

Beyond the patently false accusation that Plaintiffs did not comply with Local Rule 5.2, the remainder of the Notice contains a summary of NSHEPP's argument why this case should be transferred to Judge Hanks for consolidation with *Edwards*. That, too, is replete with false statements about Plaintiffs' efforts to pursue the claims here on behalf of themselves and other similarly situated shareholders of McDermott International, Inc. ("McDermott"). For example, NSHEPP states:

---

[1] For ease of reference, ECF citations to documents filed in the various actions will hereinafter referred to as follows: (i) documents filed in this action – "A-ECF"; (ii) documents filed in the bankruptcy proceeding captioned *In re McDermott International, Inc.*, Case No. 20-30336 (DRJ) (Bankr. S.D. Tex., Houston Div.) (the "Bankruptcy Proceeding") – "B-ECF"; and (iii) documents filed in *Edwards* – "E-ECF".

> In addition, [NSHEPP] and [the Public Employees' Retirement System of Mississippi ("MissPERS")] filed a comprehensive reservations of rights in McDermott's bankruptcy proceeding and negotiated protective language in the bankruptcy court's Confirmation Order, entered March 12, 2020, expressly exempting "any claims and causes of action now or hereinafter asserted" in the *Edwards* action from the extensive releases otherwise implemented in conjunction with McDermott's bankruptcy proceeding. *See In re McDermott, Int'l, Inc.*, Case No. 20-30336 (Bankr. S.D. Tex.), [B-ECF] Nos. [sic] 559 and 665 ¶73. *Plaintiffs in this action secured no such protections and otherwise took no action whatsoever to preserve their rights or the rights of investors they now belatedly purport to represent. As such, all claims asserted within this action are subject to unique defenses arising from the potential extinguishment by operation of McDermott's bankruptcy, its bankruptcy proceeding and supplements as amended, and the bankruptcy court orders entered therein.*
>
> [NSHEPP]'s operative complaint encompasses McDermott's first 92.5% of pre-bankruptcy market capitalization decline and, according to Judge Hanks, will be adjudicated under the PSLRA's governing pleading standards by early fall 2020. Upon its resolution, as Court-appointed PSLRA lead plaintiff, *[NSHEPP] can exercise its sole discretion and authority to decide whether, when, and how to seek to* [sic] *recovery under Exchange Act §10(b) for the final 7.5% of the decline, whether by further amendment of the pleadings or otherwise*, guided, in part, by the Court's ruling.
>
> *Plaintiffs here have improperly initiated a tag-along class action, not identified as related to Edwards*, seeking to launch an unlawful, duplicative lead plaintiff process to redundantly appoint themselves to oversee the back-end sliver of the class-wide claims at issue in *Edwards* …. *Their complaint … unquestionably overlaps with the operative §10(b) complaint in Edwards. Both allege violations of Exchange Act §10(b), SEC Rule 10b-5, and Exchange Act §20(a) – the very claims [NSHEPP] is overseeing as Court-appointed PSLRA lead plaintiff in Edwards – on behalf of investors in McDermott's common stock*. Both name common Defendants (Dickson and Spence). *Both concern a common nucleus of operative facts, including, inter alia, public statements or omissions regarding McDermott's Lummus technology business segment acquired from CB&I in the May 2018 Merger, the financial motives for company leadership to mislead McDermott investors, the artificial inflation of McDermott's price due to false or misleading statements or omissions, and the detrimental effects of McDermott's financial distress and bankruptcy on its stock price and investors.*

Notice at 3-4 (emphasis added).

*First*, NSHEPP's outrageous assertion that Plaintiffs took no action in the Bankruptcy Proceeding to preserve their rights or rights of investors is manifestly false. Quite to the contrary, Plaintiffs secured counsel to represent their interests in the Bankruptcy Proceeding, *see*

2

Feb. 21, 2020 Baker & Associates entry of appearance (B-ECF No. 454), and they paid for that representation out of their own pockets. On the same date that MissPERS and NSHEPP filed their 3-page reservations of rights with the Bankruptcy Court (B-ECF No. 539), Plaintiffs filed a detailed 21-page Objection to the Debtor's Disclosure Statement and Pre-Packaged Chapter 11 Plan of Reorganization (B-ECF No. 528) ("Objection"), which specifically contemplated, among other things, the preservation of the claims interposed in this action. *See* Objection, ¶ 50 & nn.8-9 ("[I]f the statements, financial statements and other information provided by management to the public in 2019 … were not correct or were misleading, then the Shareholder Group [(Plaintiffs)] and others similarly situated may have claims under the federal securities laws. The Plan as currently proposed appears to totally eliminate such claims and causes of action (unless the opt out provisions are available and leave the claims and causes of action fully available.)").

NSHEPP's statement that Plaintiffs secured no protections for their claims asserted in this action is likewise unfounded. *See* Confirmation Orders (B-ECF Nos. 665 & 684), ¶ 79 ("[Plaintiffs] shall not release any Claims or Causes of Action against any Person or Entity pursuant to any provision of Article VIII of the Plan other than Debtors … and Reorganized Debtors ….").

*Second*, Judge Hanks did not appoint NSHEPP as lead plaintiff with respect to the class-wide claims asserted in this action. NSHEPP was appointed lead plaintiff for a class period that ends on September 17, 2019; whereas the class period here begins on September 20, 2019 and Plaintiffs' claims are based on entirely different public statements and reports. When the June 4, 2019 Lead Plaintiff Order was entered in *Edwards*, the public statements and reports upon which Plaintiffs' claims in this action are based had not been made. Thus, the claims asserted in this action did not yet exist.

3

Further, NSHEPP's statement that it "can exercise its sole discretion and authority to decide whether, when, and how to seek … recovery under Exchange Act §10(b) for [Plaintiffs' claims], whether by further amendment of the pleadings or otherwise," Notice at 3, is entirely gratuitous. During a February 13, 2020 telephone call with one of the Plaintiffs, NSHEPP's counsel stated, among other things, that: (1) he did not see a strong connection between the cases; (2) even if such a connection existed, he would **not** add Plaintiffs' claims to the *Edwards* action by extending the class period beyond September 17, 2019 because ***the losses related to his current clients all transpired prior to September 17***; (3) ***all*** the price drop and ***relevant events causing the major drops had already transpired prior to Plaintiffs' involvement with the stock***; and (4) there was little value in trying to extend the class period for another 4 months. In light of the foregoing, it is doubtful that NSHEPP would now reverse course and amend the class period to prosecute Plaintiffs' claims.

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). In the unlikely event that NSHEPP was to amend the *Edwards* action to include Plaintiffs' claims, fairness requires the reopening of the PSLRA lead plaintiff process. Given the representation of NSHEPP's counsel that the losses related to his current clients all occurred ***before*** September 17, prior to the class period for the claims here, such an amendment at the risk of losing control over *Edwards* to a person or group that has a larger financial interest in the relief sought by the expanded class would be highly improbable.

*Third*, there is no overlap of either the class periods or the facts underlying claims in *Edwards* and this action. The *Edwards* action currently asserts claims on behalf of a class consisting of all persons and entities that purchased or otherwise acquired the common stock of

4

McDermott International, Inc. ("McDermott") ***between December 18, 2017 and September 17, 2019***.[2] It alleges that defendants violated Sections 10(b) and 20(a) of the Exchange Act by making false and misleading statements about undisclosed risks associated with the ***May 10, 2018 stock for stock merger transaction*** whereby Chicago Bridge & Iron Company, N.V. was merged into McDermott. In contrast, this action asserts claims on behalf of all persons or entities that purchased or otherwise acquired the publicly traded common stock of McDermott or call options of or guaranteed by McDermott ***between September 20, 2019 and January 23, 2020***. It alleges that defendants violated Sections 10(b) and 20(a) of the Exchange Act by making false and misleading statements and omissions, beginning on September 20, 2019, regarding ***the near-term sale of Lummus Technology in connection with a scheme to artificially inflate the price of McDermott common stock and provide McDermott time to develop and execute on a prepackaged Chapter 11 restructuring plan***. Plaintiffs' claims here have nothing to do with the May 2018 merger transaction at issue in *Edwards*. They are based on a completely different set of alleged wrongdoing by defendants that occurred after the September 17, 2019 close of the *Edwards* class period.

And, apart from two common defendants (Dickson and Spence) and claims denominated as arising under Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5, there is no common nucleus of operative facts between the *Edwards* action and this action. The two actions are brought on behalf of investors that purchased McDermott securities during *different* class periods. Moreover, the pleadings in the two actions allege *different* wrongs, involving *different* misstatements and/or omissions of material fact made at *different* (non-overlapping) times, about *different* transactions.

---

[2] When NSHEPP moved and was appointed lead plaintiff in Edwards, the class period was between January 24, 2018 and October 30, 2018. (E-ECF No. 22).

5

For the reasons set forth above, Plaintiffs respectfully request that the Notice be stricken.

Dated: August 18, 2020

                                            Respectfully submitted,

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

*/s/ Malcolm T. Brown*
Malcolm T. Brown
Attorney-in-Charge
NY State Bar No. 2918498
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
brown@whafh.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

**Of Counsel:**

Thomas H. Burt
NY State Bar No. 2869550
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
burt@whafh.com

Marisa C. Livesay
CA State Bar No. 223247
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
livesay@whafh.com

Jean C. Frizzell
State Bar No. 07484650
Federal I.D. 14529
Michael K. Oldham
State Bar No. 00798405
Federal I.D. No. 21486
REYNOLDS FRIZZELL LLP
1100 Louisiana, Suite 3500
Houston, TX 77002
Telephone: (713) 485-7200
Facsimile: (713) 485-7250
jfrizzell@reynoldsfrizzell.com
oldham@reynoldsfrizzell.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via ECF and/or electronic mail on all counsel of record on August 18, 2020.

*/s/ Malcolm T. Brown*
Malcolm T. Brown
