IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JOHN ARDEN AHNEFELDT, ROBERT BROWER, JR., ROBERT BROWER, SR., KHANH L. BUI, JIGNESH CHANDARANA, KRUITIKA CHANDARANA, AMIRA YOUSUF CHOWDHURY, CHRISTOPHER COLIGADO, DANIEL GAD, EDWIN HOWELL, SIOE LIE HOWELL, DARREN HUNTING, ANNE INGLEDEW, SHITAL MEHTA, THOMAS CARL RABIN, ADAM SHULTZ, AMIT SOMANI, JAYAPRAKASH SRINIVASAN, AARTHI SRINIVASAN, CHRISTOPHER SWEDLOW and ALEXANDRE TAZI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> DAVID DICKSON, STUART A. SPENCE, and CHRISTOPHER A. KRUMMEL, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:20-CV-02539 <br><br> **MEMORANDUM OF LAW IN SUPPORT OF JOHN VUONG'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL** <br><br> **CLASS ACTION** |

## INTRODUCTION

Movant John Vuong ("Movant"), respectfully submits this memorandum of law in support of Movant's motion for an Order, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)     appointing Movant as Lead Plaintiff for the class of all purchasers and/or acquirers of the securities of or call options of or guaranteed by McDermott International, Inc. ("McDermott" or the "Company") between September 20, 2019 and January 23, 2020, inclusive (the "Class Period"); and

(b) approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class and Steckler Gresham Cochran PLLC ("Steckler Gresham Cochran") as Liaison Counsel.

## BACKGROUND

The action was commenced on July 17, 2020 against Defendants for claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. The next day, a PSLRA early notice was issued advising potential class members of, *inter alia*, the claims alleged in the action, the Class Period, and the 60-day deadline for class members to move to be appointed as lead plaintiff. *See* Exhibit 1 to the Appendix filed herewith (the "App.").

Defendant David Dickson ("Dickson") has served as President, Chief Executive Officer ("CEO") and member of the Board of Directors of McDermott since December 2013. Pursuant to the Company's Annual Report on Form 10-K/A for the fiscal year ended December 31, 2019 (filed with the SEC on April 24, 2020) ("2019 Annual Report"), Dickson earned a base salary of $1,125,000 in 2019 from McDermott, and total compensation of $12,406,571. Dickson also obtained a $3.375 million retention bonus from McDermott ($2,250,000 of which is reflected in his total compensation for 2019) in connection with the bridge loan secured by the Company in October 2019.

Defendant Stuart A. Spence ("Spence") served as Executive Vice President and Chief Financial Officer ("CFO") of McDermott from August 2014 until his resignation in November 2019. As CFO of McDermott until or about November 5, 2019, Defendant Spence was responsible for, supervised, oversaw, and had ultimate authority over the preparation of the financial information incorporated in the Company's public filings and press releases during that

time, including information regarding the Company's liquidity state.

Defendant Christopher A. Krummel ("Krummel") has served as Executive Vice President and Chief Financial Officer ("CFO") of McDermott since Defendant Spence's resignation in November 2019. As CFO of McDermott after November 5, 2019, Defendant Krummel was responsible for, supervised, oversaw, and had ultimate authority over the preparation of the financial information incorporated in the Company's public filings and press releases during that time, including information regarding the Company's liquidity state. Prior to his service as CFO, Defendant Krummel served as Global Vice President, Finance and Chief Accounting Officer of McDermott.

Relevant Non-Party McDermott is a Panamanian corporation with its principal executive offices located at 757 North Eldridge Parkway, Houston, Texas 77079. At all relevant times herein until delisted, McDermott common stock traded on the NYSE under the ticker symbol "MDR."

The complaints allege that during the Class Period Defendants made false and misleading statements and/or failed to disclose that: (1) there were no plans for a near-term Lummus transaction to strengthen Company financials; (2) even if such a transaction were to occur, it would not have been sufficient to address the Company's immediate liquidity needs; (3) a Superiority Senior Secured Credit Agreement ("SSSCA") was entered into for the purpose of allowing sufficient time to negotiate a consensual Chapter 11 restructuring or avoiding liquidating the Company; (4) Defendants used the same SSSCA funds to pay themselves and other senior executives significant retention bonuses; (5) the Defendants failed to disclose the imminent bankruptcy, merely calling it a "risk" despite around-the-clock

negotiations with all of its stakeholders; (6) as a result of the foregoing, the Defendants' public statements were materially false and misleading at all relevant times.

On January 17, 2020, the price for McDermott common stock closed at $0.70 per share. After disclosing the plan to restructure through a Chapter 11 process on January 21, 2020, trading of McDermott common stock was halted pre-market at 7:46 a.m. E.S.T., and trading did not resume until January 23, 2020. On January 23, McDermott common stock closed at $0.12 per share.

## ARGUMENT

### I. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint a lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that Movant is the most adequate plaintiff of the class and, therefore, should be appointed as Lead Plaintiff.

### A. Movant Is Willing to Serve as Class Representative

Movant has submitted a sworn shareholder certification attesting to the fact that Movant is willing to serve as representative of the class and is willing to provide testimony at deposition and trial, if necessary. *See* App., Exhibit 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption can only be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Movant lost $713,928.50 in connection with purchases of McDermott securities. *See* App., Exhibit 3 (Movant's Loss Chart). Movant is not aware of any other person that has suffered greater losses in McDermott securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must

"otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

Movant fulfills all of the requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class and Movant's claims are typical of the claims of members of the class. Movant and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements concerning McDermott and its business. Movant, as well as other members of the class, purchased McDermott shares at prices artificially inflated by Defendants' misrepresentations and omissions and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's strong desire to prosecute this action on behalf of the class, provides ample reason to grant Movant's motion to serve as Lead Plaintiff.

### D. Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(a) will not fairly and adequately protect the interests of the class; or

(b) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the class.

## II.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant selected Rosen Law as Lead Counsel and Steckler Gresham Cochran as Liaison Counsel. The firms have been actively researching Movant's and Class Plaintiffs' claims, including reviewing publicly available financial and other documents while gathering

information in support of the claims against the Defendants. Furthermore, the firms are experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* App., Exhibits 4 and 5. Rosen Law has prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firms' experiences in litigation involving issues similar to those raised in this action, Movant's counsel have the skill and knowledge that will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (a) appointing Movant as Lead Plaintiff of the class; (b) approving Rosen Law as Lead Counsel and Steckler Gresham Cochran as Liaison Counsel; and (c) granting such other relief as the Court may deem to be just and proper.

Dated: September 16, 2020        Respectfully submitted,

**STECKLER GRESHAM COCHRAN PLLC**

 /s/ R. Dean Gresham
R. Dean Gresham
Texas Bar No. 24075247 (SD Bar 7438)
12720 Hillcrest Rd, Suite 1045
Dallas, Texas 75230
Telephone: (972) 387-4040
Facsimile: (972) 387-4041
Email: dean@sgc.law

*[Proposed] Liaison Counsel for Plaintiff and Class*

-and-

**THE ROSEN LAW FIRM, P.A.**
Laurence Rosen, Esq.
Phillip Kim, Esq.
275 Madison Avenue, 40th Floor
New York, NY 10116
Phone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of September 2020, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ R. Dean Gresham
R. Dean Gresham