**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| JOHN ARDEN AHNEFELDT, ROBERT BROWER, JR., ROBERT BROWER, SR., KHANH L. BUI, JIGNESH CHANDARANA, KRUITIKA CHANDARANA, AMIRA YOUSUF CHOWDHURY, CHRISTOPHER COLIGADO, DANIEL GAD, EDWIN HOWELL, SIOE LIE HOWELL, DARREN HUNTING, ANNE INGLEDEW, SHITAL MEHTA, THOMAS CARL RABIN, ADAM SHULTZ, AMIT SOMANI, JAYAPRAKASH SRINIVASAN, AARTHI SRINIVASAN, CHRISTOPHER SWEDLOW, and ALEXANDRE TAZI, on Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID DICKSON, STUART A. SPENCE, and CHRISTOPHER A. KRUMMEL <br><br> Defendants. | CIVIL ACTION NO. 4:20-cv-02539 (ASH) |

**DECLARATION OF MALCOLM T. BROWN IN SUPPORT OF
MOTION OF THE COLIGADO SHAREHOLDER GROUP FOR APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF LEAD AND LIAISON COUNSEL**

I, Malcolm T. Brown, hereby declare as follows:

1.       I am a member of the law firm of Wolf Haldenstein Adler Freeman & Herz LLP

counsel for Plaintiffs John Arden Ahnefeldt, Robert Brower, Jr., Robert Brower, Sr., Khanh L.

Bui, Jignesh Chandarana, Krutika Chandarana, Amira Yousuf Chowdhury, Christopher

Coligado, Daniel Gad, Edwin Howell, Sioe Lie Howell, Darren Hunting, Anne Ingledew, Shital

Mehta, Thomas Carl Rabin, Adam Shultz, Amit Somani, Jayaprakash Srinivasan, Aarthi Srinivasan, Christopher Swedlow, and Alexandre Tazi, the members of the Coligado Shareholder Group. I respectfully submit this declaration, together with the attached exhibits, in support of the Motion of the Coligado Shareholder Group for Appointment as Lead Plaintiff and for Approval of Lead and Liaison Counsel ("Motion").

2.      Attached hereto are true and correct copies of the following:

Exhibit A:      The PSLRA notice published on July 18, 2020 on *Globe Newswire*, announcing the pendency of the action against Defendants

Exhibit B:      Certifications of Plaintiffs

Exhibit C:      Tables of the calculated losses incurred by Plaintiffs as a result of transactions in McDermott International, Inc. securities

Exhibit D:      Joint Declaration of Christopher Coligado and Jay Srinivasan in Support of the Motion

Exhibit E:      Joint Declaration of the Coligado Shareholder Group in Support of the Motion

Exhibit F:      Firm resume of Wolf Haldenstein Adler Freeman & Herz LLP

Exhibit G:      Resumes for Jean C. Frizzell and Michael K. Oldham of Reynolds Frizzell LLP


I declare under penalty of perjury, under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of September, 2020.


          /s/ *Malcolm T. Brown*
     MALCOLM T. BROWN

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served via ECF and/or electronic mail on all counsel of record on September 16, 2020.

/s/ Malcolm T. Brown
Malcolm T. Brown

# EXHIBIT A



MCDERMOTT INTERNATIONAL, INC. INVESTOR ALERT: Wolf Haldenstein Adler Freeman & Herz LLP announces that it filed a securities class action lawsuit in the United States District Court for the Southern District of Texas against McDermott International, Inc. President, Chief Executive Officer and Board Member David Dickson, Former Executive Vice President and Chief Financial Officer Stuart A. Spence, and Executive Vice President and Chief Financial Officer Christopher A. Krummel

Lead Plaintiff Deadline is September 16, 2020

NEW YORK and SAN DIEGO, July 18, 2020 (GLOBE NEWSWIRE) -- Wolf Haldenstein Adler Freeman & Herz LLP announces that it has filed the initial federal securities class action lawsuit in the United States District Court for the Southern District of Texas, Houston Division on behalf of investors that purchased or otherwise acquired McDermott International, Inc. (Other OTC: MDRIQ) securities between September 20, 2019 and January 23, 2020, both days inclusive (the "Class Period").

This action is styled *John Arden Ahnefeldt, Robert Brower, Jr., Robert Brower, Sr., Khanh L. Bui, Jignesh Chandarana, Krutika Chandarana, Amira Yousuf Chowdhury, Christopher Coligado, Daniel Gad, Edwin Howell, Sioe Lie Howell, Darren Hunting, Anne Ingledew, Shital Mehta, Thomas Carl Rabin, Adam Shultz, Amit Somani, Jayaprakash Srinivasan, Aarthi Srinivasan, Christopher Swedlow, and Alexandre Tazi v. David Dickson, Stuart A. Spence, and Christopher A. Krummel; 4:20-cv-02539 (S.D. TX).*

**Investors who purchased McDermott International, Inc. securities during the Class Period and suffered losses are urged to contact the firm immediately at classmember@whafh.com or (800) 575-0735 or (212) 545-4774. You may obtain a copy of the filed complaint and additional information concerning the action on our website, www.whafh.com.**

If you have incurred losses in McDermott International, Inc. securities purchased during the Class Period, **you may, no later than September 16, 2020,** request that the Court appoint you lead plaintiff of the proposed class. Please contact Wolf Haldenstein to learn more about your rights as an investor in McDermott International, Inc.

## Follow the firm and learn about newly filed cases on Twitter and Facebook. ##

McDermott International, Inc. ("McDermott" or the "Company") provides engineering, project management, and facility management services to a variety of customers in the energy and power industries.

On September 20, 2019, McDermott announced in a press release its recent receipt of unsolicited approaches to acquire Lummus Technology, McDermott's industry leading technology business with a valuation exceeding $2.5 billion. McDermott told investors that it was "exploring strategic alternatives to unlock the value of Lummus Technology," that the "process of exploring strategic alternatives is part of our ongoing efforts intended to improve McDermott's capital structure," and "we plan to use the proceeds from any transaction involving Lummus Technology to strengthen our balance sheet." These disclosures received widespread attention and the price for McDermott common stock increased 50% in premarket trading to close on that day at $2.01 per share, up 27.22%.

The disclosures were materially misleading. There was not any plan for a near-term sale of Lummus Technology to strengthen McDermott's balance sheet. The disclosures were made as part of a scheme to artificially inflate the market price of McDermott's common stock, calm the market and allow the Company to negotiate a prepackaged Chapter 11 bankruptcy restructuring plan.

On January 21, 2020, the truth emerged when McDermott announced its entry of a Restructuring Support Agreement in connection with a Joint Prepackaged Chapter 11 Plan of Reorganization. After the announcement, trading of McDermott common stock was halted. When it resumed, the price for McDermott common stock plummeted to close at $0.12 per share.

Plaintiffs seek to recover damages on behalf of all purchasers of McDermott publicly traded securities during the Class Period. Plaintiffs are represented by Wolf Haldenstein Adler Freeman & Herz LLP.

Wolf Haldenstein, with offices in New York, Chicago and San Diego, is a nationally recognized firm specializing in the prosecution of securities, antitrust, and consumer fraud actions. Wolf Haldenstein's reputation and expertise in class action litigation has been repeatedly recognized by courts across the country, and the firm has achieved over $7 billion in recoveries for shareholders.

If you wish to discuss this action or have any questions regarding your rights and interests in this case, please immediately contact Wolf Haldenstein by telephone at (800) 575-0735, via email at classmember@whafh.com, or visit our website at www.whafh.com.

Contact:

Wolf Haldenstein Adler Freeman & Herz LLP
Gregory Stone, Director of Case and Financial Analysis
Malcolm T. Brown, Esq., Thomas H. Burt, Esq.
Email: gstone@whafh.com, brown@whafh.com, burt@whafh.com, or classmember@whafh.com

Tel: (800) 575-0735 or (212) 545-4774

EXHIBIT B

## PLAINTIFF'S CERTIFICATION

**John Arden Ahnefeldt** ("Plaintiff") declares under penalty of perjury, as to the claims asserted under the federal securities laws, that:

1.    Plaintiff has reviewed the complaint and authorized the commencement of a federal securities class action on Plaintiff's behalf.

2.    Plaintiff did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3.    Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.    Plaintiff's transactions in McDermott International, Inc. during the Class Period specified in the Complaint are as follows:

### SEE ATTACHED SCHEDULE A

5.    During the three years prior to the date of this Certificate,   Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws.

6.    Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this ____5____ day of July 2020.

_John Arden Ahnefeldt_ (signature)

**John Arden Ahnefeldt**

**SCHEDULE A TO CERTIFICATION OF JOHN ARDEN AHNEFELDT**

**Purchases**

| Date | Number of Shares | Price per share |
|------|------------------|-----------------|
| 09/20/19 | 10,000 | $1.93 |
| 09/20/19 | 10,000 | $2.44 |
| 09/20/19 | 10,000 | $2.60 |
| 09/20/19 | 10,000 | $2.70 |
| 12/13/19 | 10,000 | $0.79 |
| 12/13/19 | 20,000 | $0.79 |
| 12/13/19 | 6,000 | $0.78 |
| 12/13/19 | 10,000 | $0.78 |
| 12/13/19 | 3,200 | $0.78 |
| 12/13/19 | 800 | $0.78 |
| 01/17/20 | 10,000 | $0.72 |

## PLAINTIFF'S CERTIFICATION

**Robert Brower, Jr.** ("Plaintiff") declares under penalty of perjury, as to the claims asserted under the federal securities laws, that:

1.      Plaintiff has reviewed the complaint and authorized the commencement of a federal securities class action on Plaintiff's behalf.

2.      Plaintiff did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3.      Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.      Plaintiff's transactions in McDermott International, Inc. during the Class Period specified in the Complaint are as follows:

### SEE ATTACHED SCHEDULE A

5.      During the three years prior to the date of this Certificate,   Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws.

6.      Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this _____6th_____ day  of  July 2020.

*Robert S Brower, Jr.*

**Robert Brower, Jr.**

**SCHEDULE A TO CERTIFICATION OF ROBERT BROWER, JR.**

**Purchases**

| Date | Number of Shares | Price per share |
|------|------------------|-----------------|
| 10/18/19 | 2,500 | $2.41 |
| 10/18/19 | 2,500 | $2.22 |
| 10/21/19 | 2,500 | $2.74 |
| 10/21/19 | 2,000 | $2.38 |
| 10/21/19 | 5,000 | $2.14 |
| 10/21/19 | 500 | $2.07 |
| 10/22/19 | 1,750 | $1.84 |
| 10/22/19 | 5,000 | $1.68 |
| 10/23/19 | 2,000 | $1.68 |
| 10/23/19 | 250 | $1.70 |
| 10/25/19 | 5,000 | $1.68 |
| 10/25/19 | 2,500 | $1.66 |
| 10/31/19 | 500 | $1.63 |
| 11/04/19 | 2,000 | $1.73 |
| 11/07/19 | 3,825 | $1.37 |
| 11/08/19 | 24 | $1.03 |
| 11/11/19 | 6,150 | $0.89 |
| 11/12/19 | 10,000 | $0.76 |
| 12/16/19 | 5,000 | $0.75 |
| 12/24/19 | 2,500 | $1.11 |
| 12/30/19 | 5,000 | $1.08 |
| 12/30/19 | 5,000 | $1.05 |
| 12/30/19 | 5,000 | $1.04 |
| 12/30/19 | 3,250 | $0.79 |
| 12/30/19 | 1,000 | $0.70 |
| 12/30/19 | 6,000 | $0.59 |
| 12/30/19 | 50 | $0.68 |
| 12/30/19 | 5,000 | $0.61 |
| 12/30/19 | 5,610 | $0.63 |
| 12/30/19 | 75 | $0.64 |
| 12/31/19 | 39 | $0.67 |
| 01/02/20 | 3,400 | $0.61 |
| 01/02/20 | 6 | $0.65 |
| 01/02/20 | 15 | $0.64 |
| 01/02/20 | 3 | $0.63 |
| 01/03/20 | 2 | $0.67 |

**Sales**

| Date | Number of Shares | Price per share |
|------|------------------|-----------------|
| 10/18/19 | 2,500 | $2.34 |
| 10/21/19 | 1,499 | $2.55 |
| 12/27/19 | 7,500 | $1.41 |
| 12/27/19 | 10,000 | $1.45 |
| 12/30/19 | 5,000 | $1.66 |
| 01/23/20 | 29,450 | $0.20 |
| 01/23/20 | 45,000 | $0.19 |

## PLAINTIFF'S CERTIFICATION

**Robert Brower, Sr.** ("Plaintiff") declares under penalty of perjury, as to the claims asserted under the federal securities laws, that:

1.    Plaintiff has reviewed the complaint and authorized the commencement of a federal securities class action on Plaintiff's behalf.

2.    Plaintiff did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3.    Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.    Plaintiff's transactions in McDermott International, Inc. during the Class Period specified in the Complaint are as follows:

### SEE ATTACHED SCHEDULE A

5.    During the three years prior to the date of this Certificate,   Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws.

6.    Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 6th day of July 2020.

_Robert Brower, Sr._
Robert Brower, Sr.

**SCHEDULE A TO CERTIFICATION OF ROBERT BROWER, SR.**

**Purchases**

| Date | Number of Shares | Price per share |
|------|-----------------|-----------------|
| 09/27/19 | 1,000 | $2.01 |
| 10/18/19 | 2,000 | $2.45 |
| 10/21/19 | 1,000 | $2.80 |
| 10/21/19 | 2,000 | $2.12 |
| 10/22/19 | 2,000 | $1.85 |
| 10/24/19 | 5,000 | $1.70 |
| 10/31/19 | 10,000 | $1.62 |
| 10/31/19 | 1,961 | $1.61 |
| 10/31/19 | 3,039 | $1.61 |
| 11/07/19 | 5,000 | $1.40 |
| 11/11/19 | 2,000 | $0.94 |
| 11/11/19 | 2,000 | $0.89 |
| 11/12/19 | 2,000 | $0.88 |
| 11/15/19 | 1,000 | $0.60 |
| 11/15/19 | 2,000 | $0.60 |
| 11/15/19 | 1,000 | $0.60 |
| 12/30/19 | 8,500 | $0.64 |
| 12/30/19 | 11,500 | $0.64 |
| 12/30/19 | 6,000 | $1.11 |
| 01/10/20 | 1,000 | $0.74 |
| 01/16/20 | 750 | $0.80 |

**Sales**

| Date | Number of Shares | Price per share |
| --- | --- | --- |
| 10/18/19 | 3,000 | $2.25 |
| 01/23/20 | 45,000 | $0.18 |
| 01/23/20 | 1,750 | $0.19 |
| 01/23/20 | 6,000 | $0.19 |

## PLAINTIFF'S CERTIFICATION

**Khanh L. Bui** ("Plaintiff") declares under penalty of perjury, as to the claims asserted under the federal securities laws, that:

1.     Plaintiff has reviewed the complaint and authorized the commencement of a federal securities class action on Plaintiff's behalf.

2.     Plaintiff did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3.     Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.     Plaintiff's transactions in McDermott International, Inc. during the Class Period specified in the Complaint are as follows:

### SEE ATTACHED SCHEDULE A

5.     During the three years prior to the date of this Certificate,   Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws.

6.     Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this ___4____ day  of  July 2020.

_____

**Khanh L. Bui**

**SCHEDULE A TO CERTIFICATION OF KHANH BUI**

**Purchases**

| Date | Number of Shares | Price per share |
|------|------------------|-----------------|
| 10/04/19 | 20,000 | $1.59 |
| 11/06/19 | 110 | $1.54 |
| 11/06/19 | 19,890 | $1.54 |
| 11/18/19 | 200 | $0.66 |
| 11/18/19 | 2,100 | $0.66 |
| 11/18/19 | 47,700 | $0.66 |

**Sales**

| Date | Number of Shares | Price per share |
|------|------------------|-----------------|
| 11/11/19 | 1,500 | $0.90 |
| 11/11/19 | 1,040 | $0.91 |
| 11/11/19 | 1,000 | $0.90 |
| 11/11/19 | 900 | $0.91 |
| 11/11/19 | 600 | $0.91 |
| 11/11/19 | 500 | $0.91 |
| 11/11/19 | 200 | $0.91 |
| 11/11/19 | 200 | $0.91 |
| 11/11/19 | 200 | $0.91 |
| 11/11/19 | 100 | $0.91 |
| 11/11/19 | 100 | $0.91 |
| 11/11/19 | 100 | $0.91 |

## PLAINTIFF'S CERTIFICATION

**Jignesh Chandarana and Krutika Chandarana** ("Plaintiffs") declare under penalty of perjury, as to the claims asserted under the federal securities laws, that:

1.      Plaintiffs have reviewed the complaint and authorized the commencement of a federal securities class action on Plaintiffs' behalf.

2.      Plaintiffs did not purchase the security that is the subject of this action at the direction of plaintiffs' counsel or in order to participate in this private action.

3.      Plaintiffs are willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.      Plaintiffs' transactions in McDermott International, Inc. during the Class Period specified in the Complaint are as follows:

### SEE ATTACHED SCHEDULE A

5.      During the three years prior to the date of this Certificate,   Plaintiffs have not sought to serve or served as a representative party for a class in an action filed under the federal securities laws.

6.      Plaintiffs will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiffs' pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

We declare under penalty of perjury that the foregoing is true and correct. Executed this ____O 6____ day of July 2020.

_____
**Jignesh Chandarana**

_____
**Krutika Chandarana**

### SCHEDULE A TO CERTIFICATION OF JIGNESH AND KRUTIKA CHANDARANA

#### Purchases

| Date | Number of Shares | Price per share |
|------|------------------|-----------------|
| 09/24/19 | 725 | $2.54 |
| 10/21/19 | 300 | $2.10 |
| 10/22/19 | 550 | $1.88 |
| 10/24/19 | 1,450 | $1.85 |
| 11/07/19 | 400 | $1.39 |
| 11/18/19 | 1,000 | $0.69 |

#### CALL OPTIONS PURCHASE

| Date | Description | # contracts | Price per share |
|------|-------------|-------------|-----------------|
| 11/08/19 | MDRIQ May 15 2020 $2 | 50 | $0.20 |

## PLAINTIFF'S CERTIFICATION

**Amira Yousuf Chowdhury** ("Plaintiff") declares under penalty of perjury, as to the claims asserted under the federal securities laws, that:

1.  Plaintiff has reviewed the complaint and authorized the commencement of a federal securities class action on Plaintiff's behalf.

2.  Plaintiff did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3.  Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.  Plaintiff's transactions in McDermott International, Inc. during the Class Period specified in the Complaint are as follows:

### SEE ATTACHED SCHEDULE A

5.  During the three years prior to the date of this Certificate,   Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws.

6.  Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this ___8 th___ day of July 2020.

_____
**Amira Yousuf Chowdhury**

**SCHEDULE A TO CERTIFICATION OF AMIRA YOUSEF CHOWDHURY**

**Purchases**

| Date | Number of Shares | Price per share |
|------|------------------|-----------------|
| 09/27/19 | 1,000 | $2.00 |
| 09/26/19 | 2,450 | $2.04 |
| 10/04/19 | 600 | $1.55 |
| 10/21/19 | 2,200 | $2.04 |
| 11/08/19 | 1,000 | $1.01 |
| 11/27/19 | 1,000 | $0.82 |
| 12/11/19 | 3,550 | $0.77 |

## PLAINTIFF'S CERTIFICATION

Christopher Coligado ("Plaintiff") declares under penalty of perjury, as to the claims asserted under the federal securities laws, that:

1.    Plaintiff has reviewed the complaint and authorized the commencement of a federal securities class action on Plaintiff's behalf.

2.    Plaintiff did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3.    Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.    Plaintiff's transactions in McDermott International, Inc. during the Class Period specified in the Complaint are as follows:

### SEE ATTACHED SCHEDULE A

5.    During the three years prior to the date of this Certificate, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws.

6.    Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this _4th_ day of July 2020.

Christopher Coligado

**SCHEDULE A TO CERTIFICATION OF CHRISTOPHER COLIGADO**

**Purchases**

| Date | Number of Shares | Price per share |
|------|------------------|-----------------|
| 09/20/19 | 7,692 | $1.95 |
| 09/20/19 | 7,731 | $1.92 |
| 09/20/19 | 10,000 | $2.02 |
| 09/20/19 | 3,717 | $2.70 |
| 10/01/19 | 5,154 | $1.92 |
| 10/03/19 | 5,917 | $1.70 |
| 10/15/19 | 1 | $2.14 |
| 10/16/19 | 21,225 | $2.37 |
| 10/16/19 | 2,127 | $2.37 |
| 10/17/19 | 4,080 | $2.51 |
| 10/17/19 | 4,080 | $2.50 |
| 10/17/19 | 4,080 | $2.49 |
| 10/18/19 | 2,252 | $2.22 |
| 10/18/19 | 2,272 | $2.29 |
| 10/18/19 | 2,222 | $2.25 |
| 10/21/19 | 2,440 | $2.10 |
| 10/21/19 | 4,651 | $2.15 |
| 10/21/19 | 4,761 | $2.10 |
| 10/21/19 | 2,475 | $2.05 |
| 10/22/19 | 5,882 | $1.70 |
| 10/22/19 | 22,222 | $1.80 |
| 10/22/19 | 5,555 | $1.80 |
| 10/22/19 | 5,714 | $1.80 |
| 10/22/19 | 2,777 | $1.80 |
| 10/22/19 | 2,702 | $1.85 |
| 10/23/19 | 6,250 | $1.66 |
| 10/23/19 | 6,060 | $1.66 |
| 10/23/19 | 6,250 | $1.70 |
| 10/23/19 | 5,882 | $1.70 |
| 10/23/19 | 6,250 | $1.70 |
| 10/23/19 | 6,060 | $1.66 |
| 10/23/19 | 4,911 | $1.60 |
| 10/24/19 | 15,900 | $1.66 |
| 10/24/19 | 18 | $1.65 |
| 10/24/19 | 2,154 | $1.66 |

| Date | Number of Shares | Price per share |
|---|---|---|
| 10/24/19 | 12,048 | $1.65 |
| 10/24/19 | 12,121 | $1.66 |
| 11/05/19 | 6,250 | $1.60 |
| 11/05/19 | 6,250 | $1.59 |
| 11/05/19 | 6,250 | $1.59 |
| 11/05/19 | 37,500 | $1.60 |
| 11/07/19 | 12,413 | $1.45 |
| 11/07/19 | 7,092 | $1.41 |
| 11/19/19 | 17,857 | $0.57 |
| 12/23/19 | 35,000 | $1.13 |
| 12/23/19 | 44,495 | $1.13 |

## Sales

| Date | Number of Shares | Price per share |
|---|---|---|
| 01/23/20 | 7,692 | $0.16 |
| 01/23/20 | 212,594 | $0.16 |
| 01/23/20 | 171,319 | $0.15 |
| 01/23/20 | 2,135 | $0.15 |
| 01/23/20 | 5,000 | $0.15 |

## PLAINTIFF'S CERTIFICATION

**Daniel Gad** ("Plaintiff") declares under penalty of perjury, as to the claims asserted under the federal securities laws, that:

1.   Plaintiff has reviewed the complaint and authorized the commencement of a federal securities class action on Plaintiff's behalf.

2.   Plaintiff did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3.   Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.   Plaintiff's transactions in McDermott International, Inc. during the Class Period specified in the Complaint are as follows:

### SEE ATTACHED SCHEDULE A

5.   During the three years prior to the date of this Certificate,   Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws.

6.   Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this ____8____ day of July 2020.

_____

**Daniel Gad**

**SCHEDULE A TO CERTIFICATION OF DANIEL GAD**

**Purchases**

| Date | Number of Shares | Price per share |
|------|------------------|-----------------|
| 10/24/19 | 2,665 | $1.67 |
| 10/24/19 | 400 | $1.68 |
| 10/30/19 | 935 | $1.66 |
| 11/15/19 | 4,000 | $0.70 |
| 12/31/19 | 4,000 | $0.70 |

## PLAINTIFF'S CERTIFICATION

**Edwin Howell and Sioe Lie Howell** ("Plaintiffs") declare under penalty of perjury, as to the claims asserted under the federal securities laws, that:

1. Plaintiffs have reviewed the complaint and authorized the commencement of a federal securities class action on Plaintiffs' behalf.

2. Plaintiffs did not purchase the security that is the subject of this action at the direction of plaintiffs' counsel or in order to participate in this private action.

3. Plaintiffs are willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. Plaintiffs' transactions in McDermott International, Inc. during the Class Period specified in the Complaint are as follows:

### SEE ATTACHED SCHEDULE A

5. During the three years prior to the date of this Certificate,  Plaintiffs have not sought to serve or served as a representative party for a class in an action filed under the federal securities laws.

6. Plaintiffs will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiffs' pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

We declare under penalty of perjury that the foregoing is true and correct.

Executed this ___4th___ day of July 2020.

_Edwin Howell_
**Edwin Howell**

_Sioe Lee Howell_
**Sioe Lee Howell**

**SCHEDULE A TO CERTIFICATION OF EDWIN HOWELL**

**PURCHASES**

| Date | Number of Shares | Price per share | |
|------|------------------|-----------------|---|
| 09/20/19 | 2,000 | $2.53 | Regular Account |
| 09/25/19 | 1,000 | $1.97 | Regular Account |
| 09/25/19 | 1,500 | $2.00 | Regular Account |
| 09/30/19 | 1,500 | $2.07 | Regular Account |
| 10/01/19 | 850 | $1.83 | IRA Account |
| 10/03/19 | 20 | $1.71 | IRA Account |
| 10/04/19 | 10 | $1.60 | IRA Account |
| 10/25/19 | 30 | $1.63 | IRA Account |
| 10/25/19 | 140 | $1.61 | IRA Account |
| 10/27/19 | 650 | $0.82 | IRA Account |
| 10/30/19 | 800 | $1.66 | IRA Account |
| 11/08/19 | 600 | $1.03 | IRA Account |
| 11/20/19 | 600 | $0.62 | IRA Account |
| 11/22/19 | 850 | $0.91 | IRA Account |
| 11/22/19 | 350 | $0.86 | IRA Account |
| 12/12/19 | 1,000 | $0.76 | IRA Account |
| 12/19/19 | 800 | $0.94 | IRA Account |
| 12/23/19 | 1,000 | $1.15 | IRA Account |
| 12/24/19 | 280 | $1.10 | IRA Account |
| 12/24/19 | 1,000 | $1.08 | IRA Account |
| 12/30/19 | 500 | $1.59 | IRA Account |
| 12/30/19 | 1,000 | $1.57 | IRA Account |
| 01/09/20 | 500 | $0.75 | IRA Account |
| 01/09/20 | 500 | $0.75 | IRA Account |
| 01/12/20 | 1,000 | $0.79 | IRA Account |

**SALES**

| Date | Number of Shares | Price per share | |
|------|------------------|-----------------|---|
| 12/13/19 | 1,000 | $0.80 | IRA Account |
| 12/16/19 | 1,000 | $0.84 | IRA Account |
| 12/24/19 | 1,000 | $1.20 | IRA Account |

**SCHEDULE A TO CERTIFICATION OF SIOE LIE HOWELL**

**PURCHASES**

| Date | Number of Shares | Price per share |
|------|------------------|-----------------|
| 09/18/19 | 600 | $5.08 |
| 09/18/19 | 1,000 | $1.82 |
| 10/30/19 | 500 | $2.07 |
| 10/30/19 | 100 | $1.68 |
| 11/08/19 | 300 | $0.98 |
| 11/08/19 | 400 | $0.98 |
| 11/08/19 | 100 | $0.98 |
| 11/08/19 | 500 | $1.02 |
| 11/27/19 | 250 | $0.82 |
| 12/02/19 | 500 | $0.87 |
| 12/23/19 | 500 | $1.09 |
| 12/23/19 | 250 | $1.13 |
| 12/30/19 | 500 | $1.60 |
| 01/09/20 | 500 | $0.75 |

**SALES**

| Date | Number of Shares | Price per share |
|------|------------------|-----------------|
| 01/09/20 | 500 | $0.79 |

## PLAINTIFF'S CERTIFICATION

**Darren Hunting** ("Plaintiff") declares under penalty of perjury, as to the claims asserted under the federal securities laws, that:

1.     Plaintiff has reviewed the complaint and authorized the commencement of a federal securities class action on Plaintiff's behalf.

2.     Plaintiff did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3.     Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.     Plaintiff's transactions in McDermott International, Inc. during the Class Period specified in the Complaint are as follows:

### SEE ATTACHED SCHEDULE A

5.     During the three years prior to the date of this Certificate,   Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws.

6.     Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this ___9___ day of July 2020.

**Darren Hunting**

**SCHEDULE A TO CERTIFICATION OF DARREN HUNTING**

**Purchases**

| Date | Number of Shares | Price per share |
|------|------------------|-----------------|
| 09/20/19 | 1,500 | $2.66 |
| 09/25/19 | 500 | $1.92 |
| 10/18/19 | 100 | $2.23 |
| 10/18/19 | 1,800 | $2.23 |
| 10/18/19 | 100 | $2.23 |
| 11/15/19 | 1,000 | $0.68 |
| 12/27/19 | 1,000 | $1.34 |
| 12/27/19 | 1,500 | $1.36 |
| 12/31/19 | 1,000 | $0.71 |

**Sales**

| Date | Number of Shares | Price per share |
|------|------------------|-----------------|
| 01/23/20 | 7,000 | $0.20 |
| 01/23/20 | 4,000 | $0.20 |

Firefox                                                                                          about:blank

## PLAINTIFF'S CERTIFICATION

Anne Ingledew ("Plaintiff") declares under penalty of perjury, as to the claims asserted under the federal securities laws, that:

1.      Plaintiff has reviewed the complaint and authorized the commencement of a federal securities class action on Plaintiff's behalf.

2.      Plaintiff did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3.      Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.      Plaintiff's transactions in McDermott International, Inc. during the Class Period specified in the Complaint are as follows:

### SEE ATTACHED SCHEDULE A

5.      During the three years prior to the date of this Certificate, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws.

6.      Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this _____ **9th** _____ day of July 2020.

_____
Anne Ingledew

**SCHEDULE A TO CERTIFICATION OF ANNE INGLEDEW**

**Purchases**

| Date | Number of Shares | Price per share |
| --- | --- | --- |
| 09/20/19 | 1,000 | $2.53 |
| 09/20/19 | 1,000 | $2.13 |
| 09/23/19 | 2,000 | $2.12 |
| 09/24/19 | 500 | $2.45 |
| 09/24/19 | 100 | $2.18 |
| 09/24/19 | 900 | $2.18 |
| 09/25/19 | 100 | $1.90 |
| 09/25/19 | 100 | $1.89 |
| 09/25/19 | 100 | $1.87 |
| 09/25/19 | 100 | $1.87 |
| 09/25/19 | 100 | $1.87 |
| 09/25/19 | 500 | $1.87 |
| 09/25/19 | 500 | $1.82 |
| 09/27/19 | 1,000 | $2.00 |
| 09/30/19 | 227 | $2.01 |
| 09/30/19 | 200 | $2.01 |
| 09/30/19 | 73 | $2.01 |
| 09/30/19 | 100 | $2.03 |
| 09/30/19 | 100 | $2.03 |
| 09/30/19 | 300 | $2.03 |
| 09/30/19 | 1,000 | $2.07 |
| 09/30/19 | 900 | $2.04 |
| 09/30/19 | 100 | $2.04 |
| 10/01/19 | 500 | $1.96 |
| 10/01/19 | 500 | $1.94 |
| 10/01/19 | 500 | $1.86 |
| 10/01/19 | 1,500 | $1.85 |
| 10/01/19 | 1,000 | $1.84 |
| 10/01/19 | 1,000 | $1.84 |
| 10/02/19 | 1,000 | $1.75 |
| 10/02/19 | 1,000 | $1.72 |
| 10/02/19 | 1,000 | $1.65 |
| 10/02/19 | 1,000 | $1.68 |
| 10/03/19 | 100 | $1.71 |
| 10/03/19 | 300 | $1.71 |
| 10/03/19 | 100 | $1.71 |
| 10/04/19 | 1,000 | $1.59 |

| Date | Quantity | Price |
|---|---|---|
| 10/04/19 | 500 | $1.56 |
| 10/09/19 | 1,000 | $1.76 |
| 10/16/19 | 500 | $2.45 |
| 10/16/19 | 500 | $2.36 |
| 10/17/19 | 1,000 | $2.38 |
| 10/17/19 | 500 | $2.53 |
| 10/18/19 | 100 | $2.43 |
| 10/18/19 | 900 | $2.43 |
| 10/18/19 | 100 | $2.23 |
| 10/18/19 | 900 | $2.23 |
| 10/21/19 | 1,500 | $2.90 |
| 10/21/19 | 200 | $2.64 |
| 10/21/19 | 1,300 | $2.64 |
| 10/21/19 | 100 | $2.26 |
| 10/21/19 | 400 | $2.26 |
| 10/21/19 | 100 | $2.14 |
| 10/21/19 | 100 | $2.13 |
| 10/21/19 | 100 | $2.12 |
| 10/21/19 | 100 | $2.12 |
| 10/21/19 | 100 | $2.11 |
| 10/21/19 | 500 | $2.10 |
| 10/21/19 | 500 | $2.09 |
| 10/22/19 | 300 | $1.84 |
| 10/22/19 | 100 | $1.84 |
| 10/22/19 | 100 | $1.84 |
| 10/22/19 | 200 | $1.84 |
| 10/22/19 | 100 | $1.84 |
| 10/22/19 | 100 | $1.84 |
| 10/22/19 | 100 | $1.84 |
| 10/22/19 | 500 | $1.69 |
| 10/25/19 | 400 | $1.70 |
| 10/25/19 | 100 | $1.70 |
| 11/07/19 | 500 | $1.43 |
| 11/07/19 | 500 | $1.43 |
| 11/11/19 | 2,000 | $0.91 |
| 11/12/19 | 1,000 | $0.86 |
| 11/12/19 | 1,000 | $0.86 |
| 11/13/19 | 2,000 | $0.87 |
| 11/14/19 | 2,000 | $0.74 |
| 11/14/19 | 2,000 | $0.67 |
| 11/18/19 | 4,000 | $0.63 |
| 11/19/19 | 2,000 | $0.54 |
| 11/21/19 | 1,000 | $0.68 |

| 11/22/19 | 1,000 | $0.82 |
| 11/22/19 | 1,000 | $0.78 |
| 11/25/19 | 1,000 | $0.81 |
| 11/25/19 | 200 | $0.79 |
| 11/25/19 | 200 | $0.79 |
| 11/25/19 | 100 | $0.79 |
| 11/25/19 | 1,900 | $0.79 |
| 11/25/19 | 100 | $0.79 |
| 11/26/19 | 1,000 | $0.73 |
| 12/09/19 | 1,000 | $0.79 |
| 12/09/19 | 1,000 | $0.79 |
| 12/10/19 | 2,000 | $0.78 |
| 12/18/19 | 1,000 | $0.82 |
| 12/18/19 | 1,000 | $0.82 |
| 12/19/19 | 1,000 | $1.05 |
| 12/19/19 | 1,000 | $0.98 |
| 12/24/19 | 1,000 | $1.08 |
| 12/30/19 | 1,000 | $1.61 |
| 12/30/19 | 100 | $1.58 |
| 12/30/19 | 100 | $1.58 |
| 12/30/19 | 100 | $1.58 |
| 12/30/19 | 100 | $1.58 |
| 12/30/19 | 600 | $1.58 |
| 12/30/19 | 400 | $1.58 |
| 12/31/19 | 100 | $0.70 |
| 12/31/19 | 1,000 | $0.70 |
| 12/31/19 | 600 | $0.70 |
| 12/31/19 | 2,300 | $0.70 |
| 12/31/19 | 1,000 | $0.69 |
| 01/23/20 | 6,000 | $0.19 |

**Sales**

| Date | Number of Shares | Price per share |
| --- | --- | --- |
| 01/23/20 | 9,985 | $0.20 |
| 01/23/20 | 15 | $0.20 |
| 01/23/20 | 10,000 | $0.19 |
| 01/23/20 | 10,000 | $0.19 |
| 01/23/20 | 10,000 | $0.20 |

| | | |
|---|---|---|
| 01/23/20 | 10,000 | $0.20 |
| 01/23/20 | 10,000 | $0.20 |
| 01/23/20 | 10,000 | $0.20 |
| 01/23/20 | 10,000 | $0.20 |
| 01/23/20 | 10,000 | $0.19 |
| 01/23/20 | 4,900 | $0.19 |

**OPTION TRANSACTIONS**

**MDRIQ Purchased 5 contracts (500 shares) on 11/21/19: Dec 2019 Call 1.00 @ $1.15/share**

## PLAINTIFF'S CERTIFICATION

**Thomas Carl Rabin** ("Plaintiff") declares under penalty of perjury, as to the claims asserted under the federal securities laws, that:

1.      Plaintiff has reviewed the complaint and authorized the commencement of a federal securities class action on Plaintiff's behalf,

2.      Plaintiff did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3.      Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.      Plaintiff's transactions in McDermott International, Inc. during the Class Period specified in the Complaint are as follows:

### SEE ATTACHED SCHEDULE A

5.      During the three years prior to the date of this Certificate,  Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws.

6.      Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this      7        day of July 2020.

**Thomas Carl Rabin**

**SCHEDULE A TO CERTIFICATION OF THOMAS CARL RABIN**

**Purchases**

| Date | Number of Shares | Price per share |
|------|------------------|-----------------|
| 12/24/19 | 500 | $1.10 |
| 12/30/19 | 700 | $1.60 |
| 12/30/19 | 800 | $1.47 |
| 12/30/19 | 500 | $0.95 |
| 12/30/19 | 500 | $0.70 |
| 01/02/20 | 1500 | $0.66 |
| 01/08/20 | 400 | $0.75 |
| 01/09/20 | 400 | $0.75 |

**Sales**

| Date | Number of Shares | Price per share |
|------|------------------|-----------------|
| 11/12/19 | 2526 | $0.83 |
| 11/19/19 | 1000 | $0.60 |
| 01/02/20 | 3000 | $0.62 |
| 01/03/20 | 24 | $0.65 |
| 01/13/20 | 776 | $0.60 |
| 01/23/20 | 4000 | $0.19 |

## PLAINTIFF'S CERTIFICATION

**Adam Shultz** ("Plaintiff") declares under penalty of perjury, as to the claims asserted under the federal securities laws, that:

1.     Plaintiff has reviewed the complaint and authorized the commencement of a federal securities class action on Plaintiff's behalf.

2.     Plaintiff did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3.     Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.     Plaintiff's transactions in McDermott International, Inc. during the Class Period specified in the Complaint are as follows:

## SEE ATTACHED SCHEDULE A

5.     During the three years prior to the date of this Certificate,   Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws.

6.     Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this ___5th___ day  of  July 2020.

_Adam Shultz_

**Adam Shultz**

**SCHEDULE A TO CERTIFICATION OF ADAM SHULTZ**

**Purchases**

| Date | Number of Shares | Price per share |
|------|------------------|-----------------|
| 11/01/19 | 5 | $1.66 |
| 11/01/19 | 363 | $1.65 |
| 11/01/19 | 2,136 | $1.66 |
| 11/01/19 | 3,000 | $1.66 |
| 11/01/19 | 7,000 | $1.66 |
| 11/01/19 | 8,721 | $1.62 |
| 11/01/19 | 9,637 | $1.66 |
| 11/01/19 | 10,000 | $1.66 |
| 11/01/19 | 10,000 | $1.66 |
| 11/01/19 | 10,000 | $1.66 |
| 11/05/19 | 10,000 | $1.65 |
| 11/05/19 | 10,000 | $1.65 |
| 11/05/19 | 10,000 | $1.61 |
| 11/06/19 | 11 | $1.55 |
| 11/11/19 | 700 | $0.94 |
| 11/11/19 | 1,051 | $0.94 |
| 11/11/19 | 9,282 | $0.94 |
| 11/11/19 | 9,903 | $0.94 |
| 11/11/19 | 9,950 | $0.95 |
| 11/11/19 | 10,000 | $0.94 |
| 11/13/19 | 29 | $0.85 |
| 11/14/19 | 9,059 | $0.64 |
| 11/18/19 | 10 | $0.66 |
| 11/19/19 | 300 | $0.57 |
| 11/19/19 | 528 | $0.57 |
| 11/19/19 | 5,152 | $0.57 |
| 11/19/19 | 5,808 | $0.55 |
| 11/20/19 | 1 | $0.57 |
| 11/21/19 | 2,286 | $0.85 |
| 11/22/19 | 14 | $0.89 |
| 11/22/19 | 500 | $0.77 |
| 11/22/19 | 500 | $0.76 |
| 11/22/19 | 500 | $0.76 |
| 11/22/19 | 500 | $0.76 |
| 11/22/19 | 1,000 | $0.77 |
| 11/22/19 | 5,000 | $0.76 |
| 11/22/19 | 7,679 | $0.76 |

| Date | Quantity | Price |
|---|---|---|
| 12/19/19 | 100 | $0.95 |
| 12/19/19 | 295 | $0.96 |
| 12/19/19 | 379 | $0.95 |
| 12/19/19 | 400 | $0.95 |
| 12/19/19 | 500 | $0.95 |
| 12/19/19 | 590 | $0.95 |
| 12/19/19 | 600 | $0.95 |
| 12/19/19 | 706 | $0.95 |
| 12/19/19 | 1,700 | $0.94 |
| 12/19/19 | 3,200 | $0.95 |
| 12/19/19 | 3,904 | $0.95 |
| 12/19/19 | 8,300 | $0.94 |
| 12/19/19 | 10,000 | $0.95 |
| 12/19/19 | 10,000 | $0.95 |
| 12/30/19 | 54 | $1.01 |
| 12/30/19 | 100 | $1.02 |
| 12/30/19 | 1,161 | $1.03 |
| 12/30/19 | 1,683 | $1.00 |
| 12/30/19 | 2,990 | $0.75 |
| 12/30/19 | 8,685 | $1.00 |
| 12/30/19 | 10,000 | $0.77 |
| 12/31/19 | 511 | $0.67 |
| 01/02/20 | 10 | $0.69 |
| 01/14/20 | 24 | $0.67 |
| 01/14/20 | 500 | $0.66 |
| 01/14/20 | 8,789 | $0.66 |
| 01/15/20 | 1 | $0.73 |
| 01/15/20 | 30 | $0.74 |
| 01/15/20 | 1,082 | $0.71 |

**Sales**

| Date | Number of Shares | Price per share |
|---|---|---|
| 11/08/19 | 5,000 | $1.00 |
| 12/30/19 | 10,000 | $0.70 |
| 12/30/19 | 10,000 | $0.70 |
| 12/30/19 | 8,250 | $0.80 |
| 12/30/19 | 1,750 | $0.80 |
| 01/13/20 | 10,000 | $0.61 |
| 01/23/20 | 75,000 | $0.19 |
| 01/23/20 | 57,867 | $0.20 |
| 01/23/20 | 25,000 | $0.20 |
| 01/23/20 | 25,000 | $0.12 |
| 01/23/20 | 18,052 | $0.20 |
| 01/23/20 | 1,000 | $0.20 |

## PLAINTIFF'S CERTIFICATION

**Amit Somani and Shital Mehta** ("Plaintiffs") declare under penalty of perjury, as to the claims asserted under the federal securities laws, that:

1.     Plaintiffs have reviewed the complaint and authorized the commencement of a federal securities class action on Plaintiffs' behalf.

2.     Plaintiffs did not purchase the security that is the subject of this action at the direction of plaintiffs' counsel or in order to participate in this private action.

3.     Plaintiffs are willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.     Plaintiffs' transactions in McDermott International, Inc. during the Class Period specified in the Complaint are as follows:

### SEE ATTACHED SCHEDULE A

5.     During the three years prior to the date of this Certificate,   Plaintiffs have not sought to serve or served as a representative party for a class in an action filed under the federal securities laws.

6.     Plaintiffs will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiffs' pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

We declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ 9th _____ day of July 2020.

_____
**Amit Somani**

_____
**Shital Mehta**

**SCHEDULE A TO CERTIFICATION OF AMIT SOMANI**

**Purchases Common Stock**

| Date | Number of Shares | Price per share |
|---|---|---|
| 09/20/19 | 52 | $2.31 |
| 09/20/19 | 100 | $2.30 |
| 09/20/19 | 11,000 | $2.52 |
| 09/20/19 | 925 | $2.62 |
| 09/20/19 | 2,015 | $2.62 |
| 09/20/19 | 2,600 | $2.62 |
| 09/20/19 | 975 | $2.62 |
| 09/20/19 | 2,000 | $2.04 |
| 10/21/19 | 758 | $2.97 |
| 10/21/19 | 2,242 | $2.95 |
| 10/25/19 | 1,000 | $1.65 |

**Sales Common Stock**

| Date | Number of Shares | Price per share |
|---|---|---|
| 10/16/19 | 1,060 | $2.44 |
| 10/16/19 | 300 | $2.43 |
| 10/16/19 | 1,640 | $2.43 |
| 12/06/19 | 2,000 | $0.75 |
| 12/09/19 | 4,993 | $0.75 |
| 12/09/19 | 7 | $0.75 |
| 01/15/20 | 851 | $0.84 |
| 01/15/20 | 9,149 | $0.84 |

## Options Trades

| Date | # of Contracts | Description | Price per share |
|------|----------------|-------------|-----------------|
| 10/16/19 | 400 | MDR Nov 15 2019 5.0 Call | $0.15 |
| 10/23/19 | 500 | MDR Feb 21 2020 5.0 Call | $0.25 |
| 11/05/19 | 500 | MDR Feb 21 2020 3.5 Call | $0.25 |
| 11/05/19 | 1 | MDR Nov 15 2019 2.5 Call | $0.03 |
| 11/07/19 | 400 | MDR Feb 21 2020 5.0 Call | $0.10 |
| 11/12/19 | 100 | MDR Feb 21 2020 5.0 Call | $0.05 |
| 11/14/19 | 500 | MDR May 15 2020 4.5 Call | $0.05 |
| 11/19/19 | 200 | MDR May 15 2020 4.5 Call | $0.05 |
| 11/21/19 | 300 | MDR Feb 21 2020 5.0 Call | $0.05 |
| 11/27/19 | 300 | MDR Dec 20 2019 2.0 Call | $0.05 |
| 12/06/19 | 400 | MDR Feb 21 2020 4.0 Call | $0.05 |
| 12/09/19 | 300 | MDR Feb 21 2020 4.0 Call | $0.05 |
| 12/09/19 | 300 | MDR Feb 21 2020 4.0 Call | $0.05 |
| 12/09/19 | 200 | MDR May 15 2020 4.5 Call | $0.07 |
| 12/24/19 | (300) | MDR May 15 2020 2.5 Call | $0.10 |
| 12/24/19 | 100 | MDR May 15 2020 2.5 Call | $0.20 |
| 12/27/19 | 200 | MDR May 15 2020 2.5 Call | $0.35 |
| 01/02/20 | 700 | MDR May 15 2020 2.0 Call | $0.10 |
| 01/15/20 | 447 | MDR Feb 21 2020 4.0 Call | $0.02 |
| 01/15/20 | 253 | MDR Feb 21 2020 4.0 Call | $0.03 |
| 01/15/20 | 300 | MDR Feb 21 2020 4.0 Call | $0.03 |
| 01/16/20 | 100 | MDR Jan 17 2020 1.0 Call | $0.03 |
| 01/16/20 | 101 | MDR Feb 21 2020 3.0 Call | $0.03 |
| 01/16/20 | 99 | MDR Feb 21 2020 2.0 Call | $0.07 |
| 01/16/20 | 1 | MDR Feb 21 2020 2.0 Call | $0.08 |
| 01/17/20 | 133 | MDR Feb 21 2020 3.0 Call | $0.05 |
| 01/17/20 | 266 | MDR Feb 21 2020 3.0 Call | $0.05 |
| 01/17/20 | 70 | MDR May 15 2020 2.0 Call | $0.10 |
| 01/17/20 | 500 | MDR Feb 21 2020 3.5 Call | $0.04 |
| 01/17/20 | 100 | MDR Feb 21 2020 4.0 Call | $0.03 |
| 01/17/20 | 100 | MDR Feb 21 2020 1.5 Call | $0.08 |

**SCHEDULE A TO CERTIFICATION OF SHITAL MEHTA**

**Purchases**

| Date | Number of Shares | Price per share |
| --- | --- | --- |
| 11/15/19 | 2,000 | $0.65 |
| 11/21/19 | 3,000 | $0.90 |
| 11/29/19 | 2,000 | $0.78 |
| 12/06/19 | 1,900 | $0.81 |

**Sales**

| Date | Number of Shares | Price per share |
| --- | --- | --- |
| 09/25/19 | 5,000 | $1.97 |
| 09/25/19 | 777 | $1.97 |
| 09/25/19 | 333 | $1.97 |

## PLAINTIFF'S CERTIFICATION

**Jayaprakash Srinivasan and Aarthi Srinivasan** ("Plaintiffs") declare under penalty of perjury, as to the claims asserted under the federal securities laws, that:

1.      Plaintiffs have reviewed the complaint and authorized the commencement of a federal securities class action on Plaintiffs' behalf.

2.      Plaintiffs did not purchase the security that is the subject of this action at the direction of plaintiffs' counsel or in order to participate in this private action.

3.      Plaintiffs are willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.      Plaintiffs' transactions in McDermott International, Inc. during the Class Period specified in the Complaint are as follows:

### SEE ATTACHED SCHEDULE A

5.      During the three years prior to the date of this Certificate,   Plaintiffs have not sought to serve or served as a representative party for a class in an action filed under the federal securities laws.

6.      Plaintiffs will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiffs' pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

We declare under penalty of perjury that the foregoing is true and correct.

Executed this _____3rd_____ day of July 2020.

_____
**Jayaprakash Srinivasan**

_____
**Aarthi Srinivasan**

**SCHEDULE A TO CERTIFICATION OF JAYAPRAKSAH SRINIVASAN**

**Purchases**

| Date | Number of Shares | Price per share |
| --- | --- | --- |
| 11/07/2019 | 4,000 | $1.47 |
| 11/08/2019 | 985 | $1.00 |
| 11/21/2019 | 23,199 | $0.79 |
| 11/22/2019 | 132,154 | $0.79 |

**Sales**

| Date | Number of Shares | Price per share |
| --- | --- | --- |
| 1/23/2020 | 137,139 | $0.13 |
| 1/23/2020 | 23,199 | $0.13 |

**SCHEDULE A TO CERTIFICATION OF AARTHI SRINIVASAN**

**Purchases**

| Date | Number of Shares | Price per share |
| --- | --- | --- |
| 11/07/2019 | 10,000 | $1.47 |
| 11/08/2019 | 380 | $1.00 |
| 11/21/2019 | 355,434 | $0.79 |
| 11/21/2019 | 25,827 | $0.80 |

**Sales**

| Date | Number of Shares | Price per share |
| --- | --- | --- |
| 1/23/2020 | 365,814 | $0.13 |
| 1/23/2020 | 25,827 | $0.13 |

## PLAINTIFF'S CERTIFICATION

Christopher Swedlow ("Plaintiff") declares under penalty of perjury, as to the claims asserted under the federal securities laws, that:

1.      Plaintiff has reviewed the complaint and authorized the commencement of a federal securities class action on Plaintiff's behalf.

2.      Plaintiff did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3.      Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.      Plaintiff's transactions in McDermott International, Inc. during the Class Period specified in the Complaint are as follows:

## SEE ATTACHED SCHEDULE A

5.      During the three years prior to the date of this Certificate, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws.

6.      Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this _____4th_____ day of July 2020.

_____

Christopher Swedlow

**SCHEDULE A TO CERTIFICATION OF CHRISTOPHER SWEDLOW**

**Purchases**

| Date | Number of Shares | Price per share |
|------|------------------|-----------------|
| 09/27/19 | 2,500 | $2.00 |
| 11/06/19 | 3,514 | $1.50 |
| 12/12/19 | 6,900 | $0.76 |

**Sales**

| Date | Number of Shares | Price per share |
|------|------------------|-----------------|
| 01/23/20 | 15,000 | $0.17 |

## PLAINTIFF'S CERTIFICATION

Alexandre Tazi ("Plaintiff") declares under penalty of perjury, as to the claims asserted under the federal securities laws, that:

1.    Plaintiff has reviewed the complaint and authorized the commencement of a federal securities class action on Plaintiff's behalf.

2.    Plaintiff did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3.    Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.    Plaintiff's transactions in McDermott International, Inc. during the Class Period specified in the Complaint are as follows:


## SEE ATTACHED SCHEDULE A


5.    During the three years prior to the date of this Certificate,   Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws.

6.    Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this  8th  day  of July 2020.

Alexandre Tazi

**SCHEDULE A TO CERTIFICATION OF ALEXANDRE TAZI**

**Purchases**

| Date | Number of Shares | Price per share |
| --- | --- | --- |
| 09/20/19 | 1,000 | $1.95 |
| 09/24/19 | 500 | $2.18 |
| 10/01/19 | 500 | $1.96 |
| 10/01/19 | 1,000 | $1.82 |
| 10/02/19 | 1,000 | $1.71 |
| 10/11/19 | 1,000 | $2.05 |
| 10/21/19 | 5,000 | $2.21 |
| 10/28/19 | 2,000 | $1.62 |
| 11/07/19 | 3,000 | $1.44 |
| 11/21/19 | 1,000 | $0.72 |
| 11/26/19 | 1,000 | $0.74 |
| 12/02/19 | 2,000 | $0.86 |
| 12/06/19 | 1,000 | $0.73 |
| 12/09/19 | 10,000 | $0.78 |
| 12/09/19 | 1,100 | $0.76 |
| 12/30/19 | 5,000 | $0.84 |

**Sales**

| Date | Number of Shares | Price per share |
| --- | --- | --- |
| 12/31/19 | 5,000 | $0.67 |
| 01/14/20 | 5,000 | $0.68 |
| 01/23/20 | 42,500 | $0.18 |
| 01/23/20 | 1,100 | $0.19 |

# EXHIBIT C

**Summary of Coligado Shareholder Group Member Losses**

**McDermott International, Inc.**
**Cusip: 580037703**
**Class Period: September 20, 2019 - January 23, 2020**
**90 day Lookback Price for Retained Shares:** $0.0478

| | Common Stock | Stock Options |
|---|---|---|
| Christopher Coligado | $586,833.30 | |
| Jayaprakash  and Aarthi Srinivasan | $376,318.80 | |
| Adam Shultz | $211,460.74 | |
| John Arden Ahnefeldt | $138,393.96 | |
| Anne Ingledew | $90,525.72 | |
| Khahn Bui | $85,676.91 | |
| Robert Brower, Sr. | $68,959.40 | |
| Robert Brower, Jr. | $65,966.68 | |
| Amit Soltani | $38,612.97 | $71,055.00 |
| Alexandre Tazi | $35,775.89 | |
| Edwin and Soo Lie Howell | $30,335.41 | |
| Amira Chowdhury | $16,409.62 | |
| Christopher Swedlow | $13,319.62 | |
| Darren Hunting | $12,454.55 | |
| Daniel Gad | $11,701.05 | |
| Jignesh and Krutika Chandarana | $7,222.49 | $1,000.00 |
| Shital Mehta | $6,673.58 | |
| Thomas Rabin | $2,634.80 | |
| **TOTAL GROUP LOSSES** | **$1,799,275.48** | **$72,055.00** |

**McDermott International, Inc.**
**Loss Chart for Christopher Coligado**
**Cusip: 580037703**
**Class Period: September 20, 2019 - January 23, 2020**
**90 day Lookback Price for Retained Shares:**                 **$0.0478**


**Purchases**

| Date | Number of Shares | Price per share | Basis |
| --- | --- | --- | --- |
| 09/20/19 | 7,692 | $1.95 | $14,999.40 |
| 09/20/19 | 7,731 | $1.92 | $14,845.70 |
| 09/20/19 | 10,000 | $2.02 | $20,202.95 |
| 09/20/19 | 3,717 | $2.70 | $10,038.85 |
| 10/01/19 | 5,154 | $1.92 | $9,898.63 |
| 10/03/19 | 5,917 | $1.70 | $10,032.27 |
| 10/15/19 | 1 | $2.14 | $2.14 |
| 10/16/19 | 21,225 | $2.37 | $50,303.25 |
| 10/16/19 | 2,127 | $2.37 | $5,043.94 |
| 10/17/19 | 4,080 | $2.51 | $10,240.80 |
| 10/17/19 | 4,080 | $2.50 | $10,200.00 |
| 10/17/19 | 4,080 | $2.49 | $10,159.20 |
| 10/18/19 | 2,252 | $2.22 | $4,999.44 |
| 10/18/19 | 2,272 | $2.29 | $5,202.88 |
| 10/18/19 | 2,222 | $2.25 | $4,999.50 |
| 10/21/19 | 2,440 | $2.10 | $5,124.00 |
| 10/21/19 | 4,651 | $2.15 | $9,999.65 |
| 10/21/19 | 4,761 | $2.10 | $9,998.10 |
| 10/21/19 | 2,475 | $2.05 | $5,076.70 |
| 10/22/19 | 5,882 | $1.70 | $9,999.40 |
| 10/22/19 | 22,222 | $1.80 | $39,999.60 |
| 10/22/19 | 5,555 | $1.80 | $9,999.00 |
| 10/22/19 | 5,714 | $1.80 | $10,285.20 |
| 10/22/19 | 2,777 | $1.80 | $5,001.55 |
| 10/22/19 | 2,702 | $1.85 | $5,001.65 |
| 10/23/19 | 6,250 | $1.66 | $10,375.00 |
| 10/23/19 | 6,060 | $1.66 | $10,059.60 |
| 10/23/19 | 6,250 | $1.70 | $10,625.00 |
| 10/23/19 | 5,882 | $1.70 | $9,999.40 |
| 10/23/19 | 6,250 | $1.70 | $10,625.00 |
| 10/23/19 | 6,060 | $1.66 | $10,059.60 |
| 10/23/19 | 4,911 | $1.60 | $7,857.60 |
| 10/24/19 | 15,900 | $1.66 | $26,396.60 |
| 10/24/19 | 18 | $1.65 | $29.70 |
| 10/24/19 | 2,154 | $1.66 | $3,565.22 |

| | | | |
|---|---|---|---|
| 10/24/19 | 12,048 | $1.65 | $19,882.15 |
| 10/24/19 | 12,121 | $1.66 | $20,100.78 |
| 11/05/19 | 6,250 | $1.60 | $10,002.95 |
| 11/05/19 | 6,250 | $1.59 | $9,940.45 |
| 11/05/19 | 6,250 | $1.59 | $9,940.45 |
| 11/05/19 | 37,500 | $1.60 | $60,002.95 |
| 11/07/19 | 12,413 | $1.45 | $18,001.80 |
| 11/07/19 | 7,092 | $1.41 | $10,002.67 |
| 11/19/19 | 17,857 | $0.57 | $10,178.49 |
| 12/23/19 | 35,000 | $1.13 | $39,550.00 |
| 12/23/19 | 44,495 | $1.13 | $50,279.35 |
| | | | |
| Purchases | 398,740 | | $649,128.56 |

## Sales

| Date | Number of Shares | Price per share | Proceeds |
|---|---|---|---|
| 01/23/20 | 7,692 | $0.16 | $1,230.72 |
| 01/23/20 | 212,594 | $0.16 | $34,015.04 |
| 01/23/20 | 171,319 | $0.15 | $25,955.13 |
| 01/23/20 | 2,135 | $0.15 | $329.63 |
| 01/23/20 | 5,000 | $0.15 | $764.74 |
| | | | |
| Sales | 398,740 | | $62,295.26 |
| | | | |
| **LOSS** | | | **$586,833.30** |

**McDermott International, Inc.**
**Loss Chart for Jayaprakash Srinivasan**
**Cusip: 580037703**
**Class Period: September 20, 2019 - January 23, 2020**
**90 day Lookback Price for Retained Shares:**                $0.0478

### Purchases

| | Date | Number of Shares | Price per share | Basis |
|---|---|---|---|---|
| | 11/07/2019 | 4,000 | $1.47 | $5,880.00 |
| | 11/08/2019 | 985 | $1.00 | $985.00 |
| | 11/21/2019 | 23,199 | $0.79 | $18,404.54 |
| | 11/22/2019 | 132,154 | $0.79 | $104,401.66 |
| Purchases | | 160,338 | | $129,671.20 |

### Sales

| | Date | Number of Shares | Price per share | Sales |
|---|---|---|---|---|
| | 1/23/2020 | 137,139 | $0.13 | $17,690.93 |
| | 1/23/2020 | 23,199 | $0.13 | $2,992.67 |
| Sales | | 160,338 | | $20,683.60 |
| **LOSS** | | | | **$108,987.60** |

**McDermott International, Inc.**
**Loss Chart for Aarthi Srinivasan**
**Cusip: 580037703**
**Class Period: September 20, 2019 - January 23, 2020**
**90 day Lookback Price for Retained Shares:**                $0.0478

### Purchases

| Date | Number of Shares | Price per share | Basis |
|------|------|------|------|
| 11/07/2019 | 10,000 | $1.47 | $14,700.00 |
| 11/08/2019 | 380 | $1.00 | $380.00 |
| 11/21/2019 | 355,434 | $0.79 | $282,214.60 |
| 11/21/2019 | 25,827 | $0.80 | $20,558.29 |
| Purchases | 391,641 | | $317,852.89 |

### Sales

| Date | Number of Shares | Price per share | Sales |
|------|------|------|------|
| 1/23/2020 | 365,814 | $0.13 | $47,190.01 |
| 1/23/2020 | 25,827 | $0.13 | $3,331.68 |
| Sales | 391,641 | | $50,521.69 |
| **LOSS** | | | **$267,331.20** |

**McDermott International, Inc.**
**Loss Chart for Adam Shultz**
**Cusip: 580037703**
**Class Period: September 20, 2019 - January 23, 2020**
**90 day Lookback Price for Retained Shares:**          $0.0478

**Common Stock**

### Purchases

| Date | Number of Shares | Price per share | Basis |
|------|------------------|-----------------|-------|
| 11/01/19 | 5 | $1.66 | $8.30 |
| 11/01/19 | 363 | $1.65 | $598.95 |
| 11/01/19 | 2,136 | $1.66 | $3,536.58 |
| 11/01/19 | 3,000 | $1.66 | $4,980.00 |
| 11/01/19 | 7,000 | $1.66 | $11,617.20 |
| 11/01/19 | 8,721 | $1.62 | $14,128.02 |
| 11/01/19 | 9,637 | $1.66 | $15,997.42 |
| 11/01/19 | 10,000 | $1.66 | $16,600.00 |
| 11/01/19 | 10,000 | $1.66 | $16,585.00 |
| 11/01/19 | 10,000 | $1.66 | $16,584.00 |
| 11/05/19 | 10,000 | $1.65 | $16,500.00 |
| 11/05/19 | 10,000 | $1.65 | $16,500.00 |
| 11/05/19 | 10,000 | $1.61 | $16,100.00 |
| 11/06/19 | 11 | $1.55 | $17.05 |
| 11/11/19 | 700 | $0.94 | $661.01 |
| 11/11/19 | 1,051 | $0.94 | $990.99 |
| 11/11/19 | 9,282 | $0.94 | $8,769.63 |
| 11/11/19 | 9,903 | $0.94 | $9,324.66 |
| 11/11/19 | 9,950 | $0.95 | $9,427.63 |
| 11/11/19 | 10,000 | $0.94 | $9,430.00 |
| 11/13/19 | 29 | $0.85 | $24.76 |
| 11/14/19 | 9,059 | $0.64 | $5,791.42 |
| 11/18/19 | 10 | $0.66 | $6.60 |
| 11/19/19 | 300 | $0.57 | $170.97 |
| 11/19/19 | 528 | $0.57 | $303.34 |
| 11/19/19 | 5,152 | $0.57 | $2,936.12 |
| 11/19/19 | 5,808 | $0.55 | $3,192.66 |
| 11/20/19 | 1 | $0.57 | $0.57 |
| 11/21/19 | 2,286 | $0.85 | $1,953.16 |
| 11/22/19 | 14 | $0.89 | $12.50 |
| 11/22/19 | 500 | $0.77 | $382.50 |
| 11/22/19 | 500 | $0.76 | $382.30 |
| 11/22/19 | 500 | $0.76 | $381.90 |
| 11/22/19 | 500 | $0.76 | $380.15 |

| Date | Number of Shares | Price per share | Proceeds |
|---|---|---|---|
| 11/22/19 | 1,000 | $0.77 | $765.00 |
| 11/22/19 | 5,000 | $0.76 | $3,800.00 |
| 11/22/19 | 7,679 | $0.76 | $5,836.04 |
| 12/19/19 | 100 | $0.95 | $94.96 |
| 12/19/19 | 295 | $0.96 | $283.14 |
| 12/19/19 | 379 | $0.95 | $359.75 |
| 12/19/19 | 400 | $0.95 | $379.88 |
| 12/19/19 | 500 | $0.95 | $474.80 |
| 12/19/19 | 590 | $0.95 | $560.15 |
| 12/19/19 | 600 | $0.95 | $569.70 |
| 12/19/19 | 706 | $0.95 | $670.56 |
| 12/19/19 | 1,700 | $0.94 | $1,606.16 |
| 12/19/19 | 3,200 | $0.95 | $3,038.08 |
| 12/19/19 | 3,904 | $0.95 | $3,708.80 |
| 12/19/19 | 8,300 | $0.94 | $7,842.67 |
| 12/19/19 | 10,000 | $0.95 | $9,497.00 |
| 12/19/19 | 10,000 | $0.95 | $9,495.00 |
| 12/30/19 | 54 | $1.01 | $54.54 |
| 12/30/19 | 100 | $1.02 | $102.00 |
| 12/30/19 | 1,161 | $1.03 | $1,195.83 |
| 12/30/19 | 1,683 | $1.00 | $1,683.00 |
| 12/30/19 | 2,990 | $0.75 | $2,242.50 |
| 12/30/19 | 8,685 | $1.00 | $8,685.00 |
| 12/30/19 | 10,000 | $0.77 | $7,700.00 |
| 12/31/19 | 511 | $0.67 | $340.79 |
| 01/02/20 | 10 | $0.69 | $6.89 |
| 01/14/20 | 24 | $0.67 | $16.08 |
| 01/14/20 | 500 | $0.66 | $329.55 |
| 01/14/20 | 8,789 | $0.66 | $5,784.92 |
| 01/15/20 | 1 | $0.73 | $0.73 |
| 01/15/20 | 30 | $0.74 | $22.14 |
| 01/15/20 | 1,082 | $0.71 | $767.14 |
| **Purchases** | **246,919** | | **$282,188.16** |

### Sales

| Date | Number of Shares | Price per share | Proceeds |
|---|---|---|---|
| 11/08/19 | 5,000 | $1.00 | $5,000.00 |
| 12/30/19 | 10,000 | $0.70 | $7,000.00 |
| 12/30/19 | 10,000 | $0.70 | $7,000.00 |
| 12/30/19 | 8,250 | $0.80 | $6,600.00 |
| 12/30/19 | 1,750 | $0.80 | $1,401.75 |
| 01/13/20 | 10,000 | $0.61 | $6,131.00 |
| 01/23/20 | 75,000 | $0.19 | $14,325.00 |

| | | | |
|---|---|---|---|
| 01/23/20 | 57,867 | $0.20 | $11,631.27 |
| 01/23/20 | 25,000 | $0.20 | $4,875.00 |
| 01/23/20 | 25,000 | $0.12 | $2,950.00 |
| 01/23/20 | 18,052 | $0.20 | $3,610.40 |
| 01/23/20 | 1,000 | $0.20 | $203.00 |
| Sales | 246,919 | | $70,727.42 |
| **LOSS** | | | **$211,460.74** |

**Loss Chart for John Arden Ahnefeldt**
**Cusip: 580037703**
**Class Period: September 20, 2019 - January 23, 2020**
**90 day Lookback Price for Retained Shares:**                    **$0.0478**

**Purchases**

| Date | Number of Shares | Price per share | Basis |
|---|---|---|---|
| 09/20/19 | 10,000 | $1.93 | $19,300.00 |
| 09/20/19 | 10,000 | $2.44 | $24,399.00 |
| 09/20/19 | 10,000 | $2.60 | $25,994.00 |
| 09/20/19 | 10,000 | $2.70 | $27,000.00 |
| 12/13/19 | 10,000 | $0.79 | $7,898.00 |
| 12/13/19 | 20,000 | $0.79 | $15,798.00 |
| 12/13/19 | 6,000 | $0.78 | $4,676.40 |
| 12/13/19 | 10,000 | $0.78 | $7,794.00 |
| 12/13/19 | 3,200 | $0.78 | $2,494.40 |
| 12/13/19 | 800 | $0.78 | $622.16 |
| 01/17/20 | 10,000 | $0.72 | $7,198.00 |
| Purchases | 100,000 | | $143,173.96 |
| Retained Shares | 100,000 | $0.0478 | $4,780.00 |
| **LOSS** | | | **$138,393.96** |

**Loss Chart for Anne Ingeldew**
**Cusip: 580037703**
**Class Period: September 20, 2019 - January 23, 2020**
**90 day Lookback Price for Retained Shares:** $0.0478

## Purchases

| Date | Number of Shares | Price per share | Basis |
|------|------|------|------|
| 09/20/19 | 1,000 | $2.53 | $2,530.00 |
| 09/20/19 | 1,000 | $2.13 | $2,130.00 |
| 09/23/19 | 2,000 | $2.12 | $4,240.00 |
| 09/24/19 | 500 | $2.45 | $1,225.00 |
| 09/24/19 | 100 | $2.18 | $218.00 |
| 09/24/19 | 900 | $2.18 | $1,962.00 |
| 09/25/19 | 100 | $1.90 | $190.00 |
| 09/25/19 | 100 | $1.89 | $189.00 |
| 09/25/19 | 100 | $1.87 | $186.50 |
| 09/25/19 | 100 | $1.87 | $186.50 |
| 09/25/19 | 100 | $1.87 | $186.50 |
| 09/25/19 | 500 | $1.87 | $932.50 |
| 09/25/19 | 500 | $1.82 | $907.50 |
| 09/27/19 | 1,000 | $2.00 | $2,000.00 |
| 09/30/19 | 227 | $2.01 | $455.14 |
| 09/30/19 | 200 | $2.01 | $401.00 |
| 09/30/19 | 73 | $2.01 | $146.73 |
| 09/30/19 | 100 | $2.03 | $203.00 |
| 09/30/19 | 100 | $2.03 | $203.00 |
| 09/30/19 | 300 | $2.03 | $609.00 |
| 09/30/19 | 1,000 | $2.07 | $2,070.00 |
| 09/30/19 | 900 | $2.04 | $1,836.00 |
| 09/30/19 | 100 | $2.04 | $204.00 |
| 10/01/19 | 500 | $1.96 | $980.00 |
| 10/01/19 | 500 | $1.94 | $970.00 |
| 10/01/19 | 500 | $1.86 | $930.00 |
| 10/01/19 | 1,500 | $1.85 | $2,775.00 |
| 10/01/19 | 1,000 | $1.84 | $1,840.00 |
| 10/01/19 | 1,000 | $1.84 | $1,840.00 |
| 10/02/19 | 1,000 | $1.75 | $1,750.00 |
| 10/02/19 | 1,000 | $1.72 | $1,720.00 |
| 10/02/19 | 1,000 | $1.65 | $1,650.00 |
| 10/02/19 | 1,000 | $1.68 | $1,680.00 |
| 10/03/19 | 100 | $1.71 | $171.00 |
| 10/03/19 | 300 | $1.71 | $513.00 |
| 10/03/19 | 100 | $1.71 | $171.00 |

| | | | |
|---|---|---|---|
| 10/04/19 | 1,000 | $1.59 | $1,585.00 |
| 10/04/19 | 500 | $1.56 | $777.50 |
| 10/09/19 | 1,000 | $1.76 | $1,760.00 |
| 10/16/19 | 500 | $2.45 | $1,225.00 |
| 10/16/19 | 500 | $2.36 | $1,180.00 |
| 10/17/19 | 1,000 | $2.38 | $2,380.00 |
| 10/17/19 | 500 | $2.53 | $1,265.00 |
| 10/18/19 | 100 | $2.43 | $243.00 |
| 10/18/19 | 900 | $2.43 | $2,187.00 |
| 10/18/19 | 100 | $2.23 | $223.00 |
| 10/18/19 | 900 | $2.23 | $2,007.00 |
| 10/21/19 | 1,500 | $2.90 | $4,350.00 |
| 10/21/19 | 200 | $2.64 | $528.00 |
| 10/21/19 | 1,300 | $2.64 | $3,432.00 |
| 10/21/19 | 100 | $2.26 | $226.00 |
| 10/21/19 | 400 | $2.26 | $904.00 |
| 10/21/19 | 100 | $2.14 | $214.00 |
| 10/21/19 | 100 | $2.13 | $213.00 |
| 10/21/19 | 100 | $2.12 | $212.00 |
| 10/21/19 | 100 | $2.12 | $212.00 |
| 10/21/19 | 100 | $2.11 | $211.00 |
| 10/21/19 | 500 | $2.10 | $1,050.00 |
| 10/21/19 | 500 | $2.09 | $1,045.00 |
| 10/22/19 | 300 | $1.84 | $552.00 |
| 10/22/19 | 100 | $1.84 | $184.00 |
| 10/22/19 | 100 | $1.84 | $184.00 |
| 10/22/19 | 200 | $1.84 | $368.00 |
| 10/22/19 | 100 | $1.84 | $184.00 |
| 10/22/19 | 100 | $1.84 | $184.00 |
| 10/22/19 | 100 | $1.84 | $184.00 |
| 10/22/19 | 500 | $1.69 | $845.00 |
| 10/25/19 | 400 | $1.70 | $680.00 |
| 10/25/19 | 100 | $1.70 | $170.00 |
| 11/07/19 | 500 | $1.43 | $715.00 |
| 11/07/19 | 500 | $1.43 | $715.00 |
| 11/11/19 | 2,000 | $0.91 | $1,820.00 |
| 11/12/19 | 1,000 | $0.86 | $860.00 |
| 11/12/19 | 1,000 | $0.86 | $860.00 |
| 11/13/19 | 2,000 | $0.87 | $1,740.00 |
| 11/14/19 | 2,000 | $0.74 | $1,480.00 |
| 11/14/19 | 2,000 | $0.67 | $1,340.20 |
| 11/18/19 | 4,000 | $0.63 | $2,519.60 |
| 11/19/19 | 2,000 | $0.54 | $1,080.00 |
| 11/21/19 | 1,000 | $0.68 | $680.00 |
| 11/22/19 | 1,000 | $0.82 | $820.00 |

| Date | Number of Shares | Price per share | Basis |
|---|---|---|---|
| 11/22/19 | 1,000 | $0.78 | $780.00 |
| 11/25/19 | 1,000 | $0.81 | $810.00 |
| 11/25/19 | 200 | $0.79 | $158.88 |
| 11/25/19 | 200 | $0.79 | $158.88 |
| 11/25/19 | 100 | $0.79 | $79.44 |
| 11/25/19 | 1,900 | $0.79 | $1,496.63 |
| 11/25/19 | 100 | $0.79 | $78.77 |
| 11/26/19 | 1,000 | $0.73 | $730.00 |
| 12/09/19 | 1,000 | $0.79 | $790.00 |
| 12/09/19 | 1,000 | $0.79 | $790.00 |
| 12/10/19 | 2,000 | $0.78 | $1,560.00 |
| 12/18/19 | 1,000 | $0.82 | $820.00 |
| 12/18/19 | 1,000 | $0.82 | $820.00 |
| 12/19/19 | 1,000 | $1.05 | $1,050.00 |
| 12/19/19 | 1,000 | $0.98 | $980.00 |
| 12/24/19 | 1,000 | $1.08 | $1,080.00 |
| 12/30/19 | 1,000 | $1.61 | $1,610.00 |
| 12/30/19 | 100 | $1.58 | $157.50 |
| 12/30/19 | 100 | $1.58 | $157.50 |
| 12/30/19 | 100 | $1.58 | $157.50 |
| 12/30/19 | 100 | $1.58 | $157.50 |
| 12/30/19 | 600 | $1.58 | $948.00 |
| 12/30/19 | 400 | $1.58 | $632.00 |
| 12/31/19 | 100 | $0.70 | $69.77 |
| 12/31/19 | 1,000 | $0.70 | $697.70 |
| 12/31/19 | 600 | $0.70 | $418.62 |
| 12/31/19 | 2,300 | $0.70 | $1,603.56 |
| 12/31/19 | 1,000 | $0.69 | $690.80 |
| 01/23/20 | 6,000 | $0.19 | $1,157.40 |
| **Purchases** | **81,400** | | **$106,436.12** |

## Sales

| Date | Number of Shares | Price per share | Basis |
|---|---|---|---|
| 01/23/20 | 9,985 | $0.20 | $2,016.97 |
| 01/23/20 | 15 | $0.20 | $3.03 |
| 01/23/20 | 10,000 | $0.19 | $1,949.00 |
| 01/23/20 | 10,000 | $0.19 | $1,920.00 |
| 01/23/20 | 10,000 | $0.20 | $1,951.00 |
| 01/23/20 | 10,000 | $0.20 | $1,951.00 |
| 01/23/20 | 10,000 | $0.20 | $1,951.00 |
| 01/23/20 | 10,000 | $0.20 | $1,951.00 |
| 01/23/20 | 10,000 | $0.20 | $1,950.00 |

| | | | |
|---|---|---|---|
| 01/23/20 | 1,400 | $0.19 | $267.40 |
| Sales | 81,400 | | $15,910.40 |
| **LOSS** | | | **$90,525.72** |

**Loss Chart for Khahn Bui**
**Cusip: 580037703**
**Class Period: September 20, 2019 - January 23, 2020**
**90 day Lookback Price for Retained Shares:**                    **$0.0478**

### Purchases

| Date | Number of Shares | Price per share | Basis |
|------|------------------|-----------------|-------|
| 10/04/19 | 20,000 | $1.59 | $31,700.00 |
| 11/06/19 | 110 | $1.54 | $169.40 |
| 11/06/19 | 19,890 | $1.54 | $30,630.60 |
| 11/18/19 | 200 | $0.66 | $131.80 |
| 11/18/19 | 2,100 | $0.66 | $1,383.90 |
| 11/18/19 | 47,700 | $0.66 | $31,482.00 |
| Purchases | 90,000 | | $95,497.70 |

### Sales

| Date | Number of Shares | Price per share | Basis |
|------|------------------|-----------------|-------|
| 11/11/19 | 1,500 | $0.90 | $1,353.00 |
| 11/11/19 | 1,040 | $0.91 | $944.32 |
| 11/11/19 | 1,000 | $0.90 | $903.00 |
| 11/11/19 | 900 | $0.91 | $814.50 |
| 11/11/19 | 600 | $0.91 | $543.00 |
| 11/11/19 | 500 | $0.91 | $452.50 |
| 11/11/19 | 200 | $0.91 | $181.40 |
| 11/11/19 | 200 | $0.91 | $181.40 |
| 11/11/19 | 200 | $0.91 | $181.40 |
| 11/11/19 | 100 | $0.91 | $90.70 |
| 11/11/19 | 100 | $0.91 | $90.70 |
| 11/11/19 | 100 | $0.91 | $90.70 |
| Sales | 6,440 | | $5,826.62 |
| Retained Shares | 83,560 | $0.0478 | $3,994.17 |
| **LOSS** | | | **$85,676.91** |

**Loss Chart for Robert Brower Sr.**
**Cusip: 580037703**
**Class Period: September 20, 2019 - January 23, 2020**
**90 day Lookback Price for Retained Shares:**                                      **$0.0478**

### Purchases

| Date | Number of Shares | Price per share | Basis |
|------|------------------|-----------------|-------|
| 09/27/19 | 1,000 | $2.01 | $2,010.00 |
| 10/18/19 | 2,000 | $2.45 | $4,900.00 |
| 10/21/19 | 1,000 | $2.80 | $2,800.00 |
| 10/21/19 | 2,000 | $2.12 | $4,240.00 |
| 10/22/19 | 2,000 | $1.85 | $3,700.00 |
| 10/24/19 | 5,000 | $1.70 | $8,500.00 |
| 10/31/19 | 10,000 | $1.62 | $16,200.00 |
| 10/31/19 | 1,961 | $1.61 | $3,157.21 |
| 10/31/19 | 3,039 | $1.61 | $4,892.79 |
| 11/07/19 | 5,000 | $1.40 | $7,000.00 |
| 11/11/19 | 2,000 | $0.94 | $1,880.00 |
| 11/11/19 | 2,000 | $0.89 | $1,780.00 |
| 11/12/19 | 2,000 | $0.88 | $1,760.00 |
| 11/15/19 | 1,000 | $0.60 | $600.00 |
| 11/15/19 | 2,000 | $0.60 | $1,200.00 |
| 11/15/19 | 1,000 | $0.60 | $600.00 |
| 12/30/19 | 8,500 | $0.64 | $5,440.00 |
| 12/30/19 | 11,500 | $0.64 | $7,360.00 |
| 12/30/19 | 6,000 | $1.11 | $6,660.00 |
| 01/10/20 | 1,000 | $0.74 | $740.00 |
| 01/16/20 | 750 | $0.80 | $600.00 |
| Purchases | 70,750 | | $86,020.00 |

### Sales

| Date | Number of Shares | Price per share | Proceeds |
|------|------------------|-----------------|----------|
| 10/18/19 | 3,000 | $2.25 | $6,750.00 |
| 01/23/20 | 45,000 | $0.18 | $8,100.00 |
| 01/23/20 | 1,750 | $0.19 | $332.50 |
| 01/23/20 | 6,000 | $0.19 | $1,140.00 |
| 01/24/20 | 500 | $0.09 | $45.00 |
| Sales | 56,250 | | $16,367.50 |
| Retained Shares | 14,500 | $0.0478 | $693.10 |
| **LOSS** | | | **$68,959.40** |

**Loss Chart for Robert Brower, Jr.**
**Cusip: 580037703**
**Class Period: September 20, 2019 - January 23, 2020**
**90 day Lookback Price for Retained Shares:**                                    **$0.0478**

### Purchases

| Date | Number of Shares | Price per share | Basis |
|------|------------------|-----------------|-------|
| 10/18/19 | 2,500 | $2.41 | $6,025.00 |
| 10/18/19 | 2,500 | $2.22 | $5,550.00 |
| 10/21/19 | 2,500 | $2.74 | $6,850.00 |
| 10/21/19 | 2,000 | $2.38 | $4,760.00 |
| 10/21/19 | 5,000 | $2.14 | $10,700.00 |
| 10/21/19 | 500 | $2.07 | $1,035.00 |
| 10/22/19 | 1,750 | $1.84 | $3,220.00 |
| 10/22/19 | 5,000 | $1.68 | $8,400.00 |
| 10/23/19 | 2,000 | $1.68 | $3,360.00 |
| 10/23/19 | 250 | $1.70 | $425.00 |
| 10/25/19 | 5,000 | $1.68 | $8,400.00 |
| 10/25/19 | 2,500 | $1.66 | $4,150.00 |
| 10/31/19 | 500 | $1.63 | $815.00 |
| 11/04/19 | 2,000 | $1.73 | $3,460.00 |
| 11/07/19 | 3,825 | $1.37 | $5,240.25 |
| 11/08/19 | 24 | $1.03 | $24.72 |
| 11/11/19 | 6,150 | $0.89 | $5,473.50 |
| 11/12/19 | 10,000 | $0.76 | $7,600.00 |
| 12/16/19 | 5,000 | $0.75 | $3,750.00 |
| 12/24/19 | 2,500 | $1.11 | $2,775.00 |
| 12/30/19 | 5,000 | $1.08 | $5,400.00 |
| 12/30/19 | 5,000 | $1.05 | $5,250.00 |
| 12/30/19 | 5,000 | $1.04 | $5,200.00 |
| 12/30/19 | 3,250 | $0.79 | $2,567.50 |
| 12/30/19 | 1,000 | $0.70 | $700.00 |
| 12/30/19 | 6,000 | $0.59 | $3,540.00 |
| 12/30/19 | 50 | $0.68 | $34.00 |
| 12/30/19 | 5,000 | $0.61 | $3,050.00 |
| 12/30/19 | 5,610 | $0.63 | $3,534.30 |
| 12/30/19 | 75 | $0.64 | $48.00 |
| 12/31/19 | 39 | $0.67 | $26.13 |
| 01/02/20 | 3,400 | $0.61 | $2,074.00 |
| 01/02/20 | 6 | $0.65 | $3.90 |
| 01/02/20 | 15 | $0.64 | $9.60 |
| 01/02/20 | 3 | $0.63 | $1.89 |
| 01/03/20 | 2 | $0.67 | $1.34 |

| | | | |
|---|---|---|---|
| Purchases | 100,949 | | $123,454.13 |

### Sales

| Date | Number of Shares | Price per share | Proceeds |
|---|---|---|---|
| 10/18/19 | 2,500 | $2.34 | $5,850.00 |
| 10/21/19 | 1,499 | $2.55 | $3,822.45 |
| 12/27/19 | 7,500 | $1.41 | $10,575.00 |
| 12/27/19 | 10,000 | $1.45 | $14,500.00 |
| 12/30/19 | 5,000 | $1.66 | $8,300.00 |
| 01/23/20 | 29,450 | $0.20 | $5,890.00 |
| 01/23/20 | 45,000 | $0.19 | $8,550.00 |
| Sales | 100,949 | | $57,487.45 |
| **LOSS** | | | **$65,966.68** |

**McDermott International, Inc.**
**Loss Chart for  Amit Somani**
**Cusip: 580037703**
**Class Period: September 20, 2019 - January 23, 2020**
**90 day Lookback Price for Retained Shares:**                                    **$0.0478**

**Common Stock**

### Purchases

| Date | Number of Shares | Price per share | Basis |
|------|------------------|-----------------|-------|
| 09/20/19 | 52 | $2.31 | $119.86 |
| 09/20/19 | 100 | $2.30 | $230.35 |
| 09/20/19 | 11,000 | $2.52 | $27,720.00 |
| 09/20/19 | 925 | $2.62 | $2,423.41 |
| 09/20/19 | 2,015 | $2.62 | $5,278.90 |
| 09/20/19 | 2,600 | $2.62 | $6,809.40 |
| 09/20/19 | 975 | $2.62 | $2,549.63 |
| 09/20/19 | 2,000 | $2.04 | $4,080.00 |
| 10/21/19 | 758 | $2.97 | $2,251.26 |
| 10/21/19 | 2,242 | $2.95 | $6,613.90 |
| 10/25/19 | 1,000 | $1.65 | $1,652.00 |
| Purchases | 23,667 | | $59,728.70 |

### Sales

| Date | Number of Shares | Price per share | Basis |
|------|------------------|-----------------|-------|
| 10/16/19 | 1,060 | $2.44 | $2,581.10 |
| 10/16/19 | 300 | $2.43 | $729.06 |
| 10/16/19 | 1,640 | $2.43 | $3,985.36 |
| 12/06/19 | 2,000 | $0.75 | $1,500.60 |
| 12/09/19 | 4,993 | $0.75 | $3,744.75 |
| 12/09/19 | 7 | $0.75 | $5.25 |
| 01/15/20 | 851 | $0.84 | $714.84 |
| 01/15/20 | 9,149 | $0.84 | $7,684.25 |
| 03/18/20 | 3,667 | $0.05 | $170.52 |
| Sales | 23,667 | | $21,115.72 |
| **LOSS** | | | **$38,612.97** |

**Call Options**

| Date | # of Contracts | Description | Price per share | Basis/(Proceeds) |
|---|---|---|---|---|
| 10/16/19 | 400 | MDR Nov 15 2019 5.0 Call | $0.15 | $6,000.00 |
| 10/23/19 | 500 | MDR Feb 21 2020 5.0 Call | $0.25 | $12,500.00 |
| 11/05/19 | 500 | MDR Feb 21 2020 3.5 Call | $0.25 | $12,500.00 |
| 11/05/19 | 1 | MDR Nov 15 2019 2.5 Call | $0.03 | $3.00 |
| 11/07/19 | 400 | MDR Feb 21 2020 5.0 Call | $0.10 | $4,000.00 |
| 11/12/19 | 100 | MDR Feb 21 2020 5.0 Call | $0.05 | $500.00 |
| 11/14/19 | 500 | MDR May 15 2020 4.5 Call | $0.05 | $2,500.00 |
| 11/19/19 | 200 | MDR May 15 2020 4.5 Call | $0.05 | $1,000.00 |
| 11/21/19 | 300 | MDR Feb 21 2020 5.0 Call | $0.05 | $1,500.00 |
| 11/27/19 | 300 | MDR Dec 20 2019 2.0 Call | $0.05 | $1,500.00 |
| 12/06/19 | 400 | MDR Feb 21 2020 4.0 Call | $0.05 | $2,000.00 |
| 12/09/19 | 300 | MDR Feb 21 2020 4.0 Call | $0.05 | $1,500.00 |
| 12/09/19 | 300 | MDR Feb 21 2020 4.0 Call | $0.05 | $1,500.00 |
| 12/09/19 | 200 | MDR May 15 2020 4.5 Call | $0.07 | $1,400.00 |
| 12/24/19 | (300) | MDR May 15 2020 2.5 Call | $0.10 | ($3,000.00) |
| 12/24/19 | 100 | MDR May 15 2020 2.5 Call | $0.20 | $2,000.00 |
| 12/27/19 | 200 | MDR May 15 2020 2.5 Call | $0.35 | $7,000.00 |
| 01/02/20 | 700 | MDR May 15 2020 2.0 Call | $0.10 | $7,000.00 |
| 01/15/20 | 447 | MDR Feb 21 2020 4.0 Call | $0.02 | $894.00 |
| 01/15/20 | 253 | MDR Feb 21 2020 4.0 Call | $0.03 | $759.00 |
| 01/15/20 | 300 | MDR Feb 21 2020 4.0 Call | $0.03 | $900.00 |
| 01/16/20 | 100 | MDR Jan 17 2020 1.0 Call | $0.03 | $300.00 |
| 01/16/20 | 101 | MDR Feb 21 2020 3.0 Call | $0.03 | $303.00 |
| 01/16/20 | 99 | MDR Feb 21 2020 2.0 Call | $0.07 | $693.00 |
| 01/16/20 | 1 | MDR Feb 21 2020 2.0 Call | $0.08 | $8.00 |
| 01/17/20 | 133 | MDR Feb 21 2020 3.0 Call | $0.05 | $665.00 |
| 01/17/20 | 266 | MDR Feb 21 2020 3.0 Call | $0.05 | $1,330.00 |
| 01/17/20 | 70 | MDR May 15 2020 2.0 Call | $0.10 | $700.00 |
| 01/17/20 | 500 | MDR Feb 21 2020 3.5 Call | $0.04 | $2,000.00 |
| 01/17/20 | 100 | MDR Feb 21 2020 4.0 Call | $0.03 | $300.00 |
| 01/17/20 | 100 | MDR Feb 21 2020 1.5 Call | $0.08 | $800.00 |

**Expired Call Options Loss** | | | | **$71,055.00**

**McDermott International, Inc.**
**Loss Chart for Shital Mehta**
**Cusip: 580037703**
**Class Period: September 20, 2019 - January 23, 2020**
**90 day Lookback Price for Retained Shares:**                    **$0.0478**

**Common Stock**

**Purchases**

| Date | Number of Shares | Price per share | Basis |
|------|------------------|-----------------|-------|
| 11/15/19 | 2,000 | $0.65 | $1,300.00 |
| 11/21/19 | 3,000 | $0.90 | $2,700.00 |
| 11/29/19 | 2,000 | $0.78 | $1,560.00 |
| 12/06/19 | 1,900 | $0.81 | $1,539.00 |
| Purchases | 8,900 | | $7,099.00 |
| Retained Shares | 8,900 | $0.0478 | $425.42 |
| **LOSS** | | | **$6,673.58** |

**Loss Chart for Alexandre Tazi**
**Cusip: 580037703**
**Class Period: September 20, 2019 - January 23, 2020**
**90 day Lookback Price for Retained Shares:**                 $0.0478

### Purchases

| Date | Number of Shares | Price per share | Basis |
|---|---|---|---|
| 09/20/19 | 1,000 | $1.95 | $1,950.00 |
| 09/24/19 | 500 | $2.18 | $1,087.50 |
| 10/01/19 | 500 | $1.96 | $977.50 |
| 10/01/19 | 1,000 | $1.82 | $1,820.00 |
| 10/02/19 | 1,000 | $1.71 | $1,710.00 |
| 10/11/19 | 1,000 | $2.05 | $2,050.00 |
| 10/21/19 | 5,000 | $2.21 | $11,035.30 |
| 10/28/19 | 2,000 | $1.62 | $3,230.00 |
| 11/07/19 | 3,000 | $1.44 | $4,305.00 |
| 11/21/19 | 1,000 | $0.72 | $719.30 |
| 11/26/19 | 1,000 | $0.74 | $741.60 |
| 12/02/19 | 2,000 | $0.86 | $1,717.00 |
| 12/06/19 | 1,000 | $0.73 | $730.00 |
| 12/09/19 | 10,000 | $0.78 | $7,757.10 |
| 12/09/19 | 1,100 | $0.76 | $836.11 |
| 12/30/19 | 5,000 | $0.84 | $4,190.00 |
| Purchases | 36,100 | | $44,856.41 |

### Sales

| Date | Number of Shares | Price per share | Proceeds |
|---|---|---|---|
| 12/31/19 | 5,000 | $0.67 | $3,353.12 |
| 01/14/20 | 500 | $0.68 | $340.00 |
| 01/23/20 | 30,600 | $0.18 | $5,387.40 |
| Sales | 36,100 | | $9,080.52 |
| **LOSS** | | | **$35,775.89** |

**Loss Chart for Edwin Howell**
**Cusip: 580037703**
**Class Period: September 20, 2019 - January 23, 2020**
**90 day Lookback Price for Retained Shares:**                          $0.0478

## Purchases

| Date | Number of Shares | Price per share | Basis |
|------|------------------|-----------------|-------|
| 09/20/19 | 2,000 | $2.53 | $5,063.95 |
| 09/25/19 | 1,000 | $1.97 | $1,970.00 |
| 09/25/19 | 1,500 | $2.00 | $3,003.95 |
| 09/30/19 | 1,500 | $2.07 | $3,101.45 |
| 10/01/19 | 850 | $1.83 | $1,555.50 |
| 10/03/19 | 20 | $1.71 | $34.20 |
| 10/04/19 | 10 | $1.60 | $16.00 |
| 10/25/19 | 30 | $1.63 | $48.90 |
| 10/25/19 | 140 | $1.61 | $225.40 |
| 10/27/19 | 650 | $0.82 | $534.95 |
| 10/30/19 | 800 | $1.66 | $1,328.00 |
| 11/08/19 | 600 | $1.03 | $618.00 |
| 11/20/19 | 600 | $0.62 | $371.31 |
| 11/22/19 | 850 | $0.91 | $769.25 |
| 11/22/19 | 350 | $0.86 | $299.25 |
| 12/12/19 | 1,000 | $0.76 | $760.00 |
| 12/19/19 | 800 | $0.94 | $748.00 |
| 12/23/19 | 1,000 | $1.15 | $1,150.00 |
| 12/24/19 | 280 | $1.10 | $308.00 |
| 12/24/19 | 1,000 | $1.08 | $1,080.00 |
| 12/30/19 | 500 | $1.59 | $795.00 |
| 12/30/19 | 1,000 | $1.57 | $1,570.00 |
| 01/09/20 | 500 | $0.75 | $375.50 |
| 01/09/20 | 500 | $0.75 | $375.25 |
| 01/12/20 | 1,000 | $0.79 | $790.00 |
| Purchases | 18,480 | | $26,891.86 |

## Sales

| Date | Number of Shares | Price per share | Proceeds |
|------|------------------|-----------------|----------|
| 12/13/19 | 1,000 | $0.80 | $803.00 |
| 12/16/19 | 1,000 | $0.84 | $840.00 |
| 12/24/19 | 1,000 | $1.20 | $1,200.00 |
| 01/24/20 | 4,500 | $0.08 | $360.00 |
| 01/24/20 | 3,580 | $0.09 | $329.36 |
| 01/24/20 | 2,500 | $0.09 | $220.00 |
| 01/24/20 | 4,900 | $0.10 | $490.00 |
| Sales | 18,480 | $0.0478 | $883.34 |
| **LOSS** | | | **$26,008.52** |

**Loss Chart for Sioe Lie Howell**
**Cusip: 580037703**
**Class Period: September 20, 2019 - January 23, 2020**
**90 day Lookback Price for Retained Shares:**                              **$0.0478**

### Purchases

| Date | Number of Shares | Price per share | Basis |
|------|------------------|-----------------|-------|
| 10/30/19 | 500 | $2.07 | $1,035.00 |
| 10/30/19 | 100 | $1.68 | $168.00 |
| 11/08/19 | 300 | $0.98 | $293.58 |
| 11/08/19 | 400 | $0.98 | $393.76 |
| 11/08/19 | 100 | $0.98 | $98.25 |
| 11/08/19 | 500 | $1.02 | $510.00 |
| 11/27/19 | 250 | $0.82 | $206.00 |
| 12/02/19 | 500 | $0.87 | $433.50 |
| 12/23/19 | 500 | $1.09 | $545.00 |
| 12/23/19 | 250 | $1.13 | $282.50 |
| 12/30/19 | 500 | $1.60 | $800.00 |
| 01/09/20 | 500 | $0.75 | $376.00 |
| **Purchases** | **4,400** | | **$5,141.59** |

### Sales

| Date | Number of Shares | Price per share | Proceeds |
|------|------------------|-----------------|----------|
| 01/09/20 | 500 | $0.79 | $393.50 |
| 01/24/20 | 3,900 | $0.11 | $421.20 |
| **Sales** | **4,400** | | **$814.70** |

| **LOSS** | | | **$4,326.89** |

**Loss Chart for Amira Yousef Chowdhury**
**Cusip: 580037703**
**Class Period: September 20, 2019 - January 23, 2020**
**90 day Lookback Price for Retained Shares:**                            **$0.0478**

### Purchases

| Date | Number of Shares | Price per share | Basis |
|------|------------------|-----------------|-------|
| 09/27/19 | 1,000 | $2.00 | $2,000.00 |
| 09/26/19 | 2,450 | $2.04 | $4,998.00 |
| 10/04/19 | 600 | $1.55 | $930.06 |
| 10/21/19 | 2,200 | $2.04 | $4,488.00 |
| 11/08/19 | 1,000 | $1.01 | $1,005.00 |
| 11/27/19 | 1,000 | $0.82 | $819.10 |
| 12/11/19 | 3,550 | $0.77 | $2,733.50 |
| Purchases | 11,800 | | $16,973.66 |
| Retained shares | 11,800 | $0.0478 | $564.04 |
| **LOSS** | | | **$16,409.62** |

**Loss Chart for  Christopher Swedlow**
**Cusip: 580037703**
**Class Period: September 20, 2019 - January 23, 2020**
**90 day Lookback Price for Retained Shares:**                          **$0.0478**

### Purchases

| Date | Number of Shares | Price per share | Basis |
|------|------------------|-----------------|-------|
| 09/27/19 | 2,500 | $2.00 | $5,000.00 |
| 11/06/19 | 3,514 | $1.50 | $5,271.00 |
| 12/12/19 | 6,900 | $0.76 | $5,244.00 |
| Purchases | 12,914 | | $15,515.00 |

### Sales

| Date | Number of Shares | Price per share | Basis |
|------|------------------|-----------------|-------|
| 01/23/20 | 12,914 | $0.17 | $2,195.38 |
| **LOSS** | | | **$13,319.62** |

**Loss Chart for Darren Hunting**
**Cusip: 580037703**
**Class Period: September 20, 2019 - January 23, 2020**
**90 day Lookback Price for Retained Shares:**                         $0.0478

### Purchases

| Date | Number of Shares | Price per share | Basis |
|------|------------------|-----------------|-------|
| 09/20/19 | 1,500 | $2.66 | $3,982.50 |
| 09/25/19 | 500 | $1.92 | $959.75 |
| 10/18/19 | 100 | $2.23 | $223.00 |
| 10/18/19 | 1,800 | $2.23 | $4,014.00 |
| 10/18/19 | 100 | $2.23 | $223.00 |
| 11/15/19 | 1,000 | $0.68 | $678.50 |
| 12/27/19 | 1,000 | $1.34 | $1,335.00 |
| 12/27/19 | 1,500 | $1.36 | $2,032.50 |
| 12/31/19 | 1,000 | $0.71 | $709.30 |
| Purchases | 8,500 | | $14,157.55 |

### Sales

| Date | Number of Shares | Price per share | Proceeds |
|------|------------------|-----------------|----------|
| 01/23/20 | 7,000 | $0.20 | $1,400.00 |
| 01/23/20 | 1,500 | $0.20 | $303.00 |
| Sales | 8,500 | | $1,703.00 |
| **LOSS** | | | **$12,454.55** |

**Loss Chart for Daniel Gad**
**Cusip: 580037703**
**Class Period: September 20, 2019 - January 23, 2020**
**90 day Lookback Price for Retained Shares:**                    **$0.0478**

### Purchases

| Date | Number of Shares | Price per share | Basis |
|------|------------------|-----------------|-------|
| 10/24/19 | 2,665 | $1.67 | $4,450.55 |
| 10/24/19 | 400 | $1.68 | $672.00 |
| 10/30/19 | 935 | $1.66 | $1,552.10 |
| 11/15/19 | 4,000 | $0.70 | $2,800.00 |
| 12/31/19 | 4,000 | $0.70 | $2,800.00 |
| Purchases | 12,000 | | $12,274.65 |

### Sales

| Date | Number of Shares | Price per share | Proceeds |
|------|------------------|-----------------|----------|
| Retained Shares | 12,000 | $0.0478 | $573.60 |
| **LOSS** | | | **$11,701.05** |

**Loss Chart for Jignesh and Krutika Chandarana**
**Cusip: 580037703**
**Class Period: September 20, 2019 - January 23, 2020**
**90 day Lookback Price for Retained Shares:**                    **$0.0478**

**Purchases**

| Date | Number of Shares | Price per share | Basis |
|------|------------------|-----------------|-------|
| 09/24/19 | 725 | $2.54 | $1,841.50 |
| 10/21/19 | 300 | $2.10 | $630.00 |
| 10/22/19 | 550 | $1.88 | $1,034.00 |
| 10/24/19 | 1,450 | $1.85 | $2,682.50 |
| 11/07/19 | 400 | $1.39 | $556.00 |
| 11/18/19 | 1,000 | $0.69 | $690.00 |
| | 4,425 | | $7,434.00 |

**Sales**

| Date | Number of Shares | Price per share | Basis |
|------|------------------|-----------------|-------|
| Retained Shares | 4,425 | $0.0478 | $211.52 |
| **LOSS** | | | **$7,222.49** |

**CALL OPTIONS PURCHASE**

| Date | Description | # contracts | Price per share | Basis |
|------|-------------|-------------|-----------------|-------|
| 11/08/19 | MDRIQ May 15 2020 $2 | 50 | $0.20 | **$1,000.00** |

**McDermott International, Inc.**
**Loss Chart for Thomas Carl Rabin**
**Cusip: 580037703**
**Class Period: September 20, 2019 - January 23, 2020**
**90 day Lookback Price for Retained Shares:**               $0.0478

**Common Stock**

### Purchases

| Date | Number of Shares | Price per share | Basis |
|------|------------------|-----------------|-------|
| 12/24/19 | 500 | $1.10 | $550.00 |
| 12/30/19 | 700 | $1.60 | $1,120.00 |
| 12/30/19 | 800 | $1.47 | $1,176.00 |
| 12/30/19 | 500 | $0.95 | $475.00 |
| 12/30/19 | 500 | $0.70 | $350.00 |
| 01/02/20 | 1,500 | $0.66 | $990.00 |
| 01/08/20 | 400 | $0.75 | $300.00 |
| 01/09/20 | 400 | $0.75 | $300.00 |
| Purchases | 5,300 | | $5,261.00 |

### Sales

| Date | Number of Shares | Price per share | Proceeds |
|------|------------------|-----------------|----------|
| 01/02/20 | 3,000 | $0.62 | $1,860.00 |
| 01/03/20 | 24 | $0.65 | $15.60 |
| 01/13/20 | 776 | $0.60 | $465.60 |
| 01/23/20 | 1,500 | $0.19 | $285.00 |
| Sales | 5,300 | | $2,626.20 |
| **LOSS** | | | **$2,634.80** |

# EXHIBIT D

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| JOHN ARDEN AHNEFELDT, ROBERT BROWER, JR., ROBERT BROWER, SR., KHANH L. BUI, JIGNESH CHANDARANA, KRUITIKA CHANDARANA, AMIRA YOUSUF CHOWDHURY, CHRISTOPHER COLIGADO, DANIEL GAD, EDWIN HOWELL, SIOE LIE HOWELL, DARREN HUNTING, ANNE INGLEDEW, SHITAL MEHTA, THOMAS CARL RABIN, ADAM SHULTZ, AMIT SOMANI, JAYAPRAKASH SRINIVASAN, AARTHI SRINIVASAN, CHRISTOPHER SWEDLOW, and ALEXANDRE TAZI, on Behalf of Themselves and All Others Similarly Situated,<br><br>                          Plaintiffs,<br><br>          v.<br><br>DAVID DICKSON, STUART A. SPENCE, and CHRISTOPHER A. KRUMMEL<br><br>                          Defendants. | CASE NO. 4:20-cv-02539 (ASH) |

## JOINT DECLARATION OF CHRISTOPHER COLIGADO AND JAY SRINIVASAN IN SUPPORT OF MOTION OF THE COLIGADO SHAREHOLDER GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD AND LIAISON COUNSEL

We, Christopher Coligado and Jayaprakash (Jay) Srinivasan, as members of and representatives for the Coligado Shareholder Group, declare as follows:

1.     We are two of the Plaintiffs in the above-captioned action, members of the Coligado Shareholder Group, and submit this joint declaration in support of the Motion of the

Coligado Shareholder Group for Appointment as Lead Plaintiff and Approval of Lead and Liaison Counsel.  We have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently as to such matters that we possess personal knowledge.

**Background**

2.      The Coligado Shareholder Group is comprised of 21 members each of whom have suffered significant financial loss as result of their investment in the securities of McDermott International, Inc. ("McDermott" or the "Company").  The members of the Coligado Shareholder Group initially met though online investment forums following the Company's January 21, 2020 disclosure of a prepackaged Chapter 11 filing and initiation of the bankruptcy court proceeding captioned *In re McDermott International, Inc.*, Case No. 20-30336 (DRJ) (Bankr. S.D. Tex., Houston Div.) (the "Bankruptcy Proceeding").  The Coligado Shareholder Group was organized to fight the plan at McDermott to eliminate shareholder equity through the Bankruptcy Proceeding and to protect and preserve shareholder claims that would otherwise be extinguished.

3.      In late January 2020, members of the Coligado Shareholder Group started having regular conference calls regarding how to address the looming deadlines in the Bankruptcy Proceeding.  After much discussion, the Coligado Shareholder Group decided to organize member efforts in two phases – first, to protect our rights and the rights of similarly situated shareholders in the Bankruptcy Proceeding, and second, to secure counsel to represent our claims against McDermott and its management.

4.      In keeping with that plan, the Coligado Shareholder Group began the tasks of identifying securities and bankruptcy counsel.  Members of the Coligado Shareholder Group

2

made contact with various law firms, maintained an updated spreadsheet of those contacts, and reported back to the members via conference calls.

5.     After interviewing a number of bankruptcy law firms, the Coligado Shareholder Group elected to retain Baker & Associates.  At that point, I, Christopher Coligado, began to conduct regular conference calls for the members of the Coligado Shareholder Group and sent email updates to keep the members apprised of developments.  I also served as the Coligado Shareholder Group member responsible for working directly with Baker & Associates, and providing direction on behalf of the Coligado Shareholder Group.  Legal services performed by Baker & Associates for the Coligado Shareholder Group was paid by the members.  Each member's share of the costs was based on their percentage of the total losses suffered by all members of the Coligado Shareholder Group in connection with their purchases of McDermott common stock.

6.     We, Christopher Coligado and Jayaprakash Srinivasan, were primarily responsible for the search for securities litigation counsel.  We maintained a spreadsheet of all law firm contacts, and scheduled calls with those that responded to our communications.  After conducting numerous interview calls with counsel, we presented the results of those calls to the members of the Coligado Shareholder Group via email and conference call, and the members voted to retain Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") to represent our claims.

7.     Given the size of our losses, we, Christopher Coligado and Jayaprakash Srinivasan, have taken the lead role in the second phase of the process on behalf of the Coligado Shareholder Group.  All communications from the Coligado Shareholder Group with Wolf Haldenstein come primarily through us.  We anticipate maintaining the same organization and

3

communications process as we move forward in this action, including if the Court appoints the Coligado Shareholder Group as Lead Plaintiff.

**Actions Undertaken by the Coligado Shareholder Group in the Bankruptcy Proceeding**

8.     As set forth above, the Coligado Shareholder Group organized following the Company's Chapter 11 filing in the Bankruptcy Proceeding.

9.     The Coligado Shareholder Group;

    a.     Retained Reese Baker, Esq. of Baker & Associates as bankruptcy counsel for the purpose of protecting our rights and the rights of all other similarly situated owners of McDermott common stock whose equity would be wiped out under Debtors' Disclosure Statement for the Joint Chapter 11 Plan of Reorganization ("Disclosure Statement") and Amended Joint Chapter 11 Plan of Reorganization of McDermott and its Affiliates ("Chapter 11 Plan");

    b.     Filed an objection in the Bankruptcy Proceeding to the Disclosure Statement and the Chapter 11 Plan (B-ECF No.[1] 528) ("Objection") to protect their rights and the rights of other shareholders;

    c.     Appeared, through its bankruptcy counsel, at the March 12, 2020 Confirmation Hearing and participated in the cross-examination of witness and closing arguments, *see* Mar. 12, 2020 Hearing Tr. (B-ECF No. 690), at 12:18-20, 18:19-19:5, 39:16-40:11, 62:12-66:15, 98:7-18, 114:17-115:19, 144:7-14, 169:24-171:23; and

---

[1] "B-ECF" refers to the docket in the Bankruptcy Proceeding.

d.     Secured protection in the Confirmation Order that preserved the right to bring the claims in this action.  *See* Confirmation Orders (B-ECF Nos. 665 & 684), ¶ 79 ("The Coligado Shareholder Group shall not release any Claims or Causes of Action against any Person or Entity pursuant to any provision of Article VIII of the Plan other than the Debtors (as defined in the Plan) and the Reorganized Debtors (as defined in the Plan).").

**Filing of this Action**

10.     After successfully preserving our rights in the Bankruptcy Proceeding to assert claims against defendants, the members of the Coligado Shareholder Group returned to the search of securities law firms to prosecute our claims.  Following a thorough search, the members of the Coligado Shareholder Group selected Wolf Haldenstein as best situated to represent our securities claims.

11.     Plaintiffs commenced this action on July 17, 2020.  Wolf Haldenstein published a notice of the action in *Globe Newswire* on July 18, 2020, announcing the pendency of the action against defendants herein.

12.     This action seeks class-wide relief on behalf of investors that purchased or acquired McDermott securities from September 20, 2019 through January 23, 2020 (the "Class Period") following the Company's September 20, 2019 publication of a materially misleading press release stating that, among other things, McDermott "recently received unsolicited approaches to acquire all or part of Lummus Technology … with a valuation exceeding $2.5 billion," "[b]ased on the receipt of these approaches, McDermott is exploring strategic alternatives to unlock the value of Lummus Technology," "[t]he process of exploring strategic alternatives is part of our ongoing efforts intended to improve McDermott's capital structure, and

we plan to use the proceeds from any transaction involving Lummus Technology to strengthen our balance sheet," and "[w]hile Lummus is an important business … we have decided to undertake a process to fully realize its strategic and financial value."

13.     The Complaint alleges that the September 20 press release was materially false and misleading because there was not any plan for a near-term sale of Lummus Technology to strengthen McDermott's balance sheet.  Rather, the disclosure was part of a scheme to artificially inflate the price of McDermott's common stock and provide the Company time to develop and execute on a prepackaged Chapter 11 deal, while countering negative news that previously caused the stock price to drop 60% and would have resulted in a freefall Chapter 11 filing. Investors who purchased McDermott securities at artificially inflated prices based on the September 20 press release, and/or subsequent disclosures that McDermott continued to pursue the previously announced strategic alternatives process for Lummus Technology, were injured as a result of defendants' wrongdoing.

**The Coligado Shareholder Group Member Representatives**

14.     As set forth in the Joint Declaration of the Coligado Shareholder Group in Support of Motion for Its Appointment as Lead Plaintiff and Approval of Lead and Liaison Counsel ("CSG Joint Declaration") filed herewith, we, Christopher Coligado and Jayaprakash Srinivasan, have been authorized by the members of the Coligado Shareholder Group:

      a.     To serve as the member representatives for the Coligado Shareholder Group in connection with its proposal as lead plaintiff for this action; and

      b.     Have full power and authority to act in all matters, make any and all decisions, and provide direction and instructions to counsel in this case for the Coligado Shareholder Group.

15.     As reflected in my certification submitted herewith, I, Christopher Coligado, purchased over 398,000 shares McDermott common stock during the Class Period and suffered a substantial loss of over $586,000 as a result of defendants' alleged violations of the federal securities laws in this action.

16.     As reflected in our certification submitted herewith, I, Jayaprakash Srinivasan, together with my spouse, Aarthi Srinivasan, purchased over 551,000 shares of McDermott common stock during the Class Period and suffered a substantial loss of over $376,000 as a result of the alleged violations of the federal securities laws in this action.

17.     With respect to our individual backgrounds, we are well-educated professionals managing our investments.

18.     I, Christopher Coligado, am an Information Technology Executive and have been a Managing Principal and Senior Director at Booz Allen Hamilton since 1999.  In that role I have significant experience leading and managing teams.  I have a B.S. degree in Computer Science from the State University of New York at Sony Brook, a Certificate in eBusiness from the Massachusetts Institute of Technology, a Certificate in CMMI from the Software Engineering Institute at Carnegie Mellon University, and a Certificate in Leading Through Digital Disruption from Harvard University.

19.     I have been actively investing since 1999, and manage my own investments.  In 2019 my investment portfolio value was approximately $1.4M split across Voya (formerly State Street), Merrill Edge Self-Directed Account and IRA, and Wells Fargo Advisors.  I am an active investor, subscribing to online investment portfolio newsletters, monitoring stock chatter in on-line forums and SEC filings and public disclosures and announcements, including by monitoring price range changes on my mobile phone, and subscribing to alerts for new filings or press

7

releases of companies whose stocks I own.  I also routinely read analyst stock reviews and ratings from sites such as Seeking Alpha, Bloomberg, the Wall Street Journal, and Morningstar.

20.     I, Jayaprakash Srinivasan, am an accomplished technical professional with dual Master of Science degrees in Analytical Chemistry and Materials Science, with multiple scientific publications, and have worked for the last 19 years of my career in Semiconductors and Electronics Manufacturing.  In doing so, I have managed several projects that saved millions of dollars through innovative processes including high cost and volume projects that routinely involve gathering inputs from various stake holders and keeping them informed of execution status.  I have a B. Tech. in Chemical and Electrochemical Engineering from the Central Electrochemical Research Institute in India, an M.S. in Chemistry and a Certificate in Microelectronics Packaging from the Georgia Institute of Technology, and a M.S. in Materials Science and Engineering from the University of Virginia.

21.     I have managed the stock portfolio in a joint account for myself and my spouse Aarthi Srinivasan (also a member of the Coligado Shareholder Group) since 2017.

22.     We, Christopher Coligado and Jayaprakash Srinivasan, understand that each member of the Coligado Shareholder Group could have pursued legal action against defendants or sought lead plaintiff status individually, or taken no action and remained an absent class member.  However, the members of the Coligado Shareholder Group decided to work together to prosecute this action and believe that our collective resources will ensure best representation of the class and otherwise benefit the class in prosecuting this case against defendants.

**The Coligado Shareholder Group's Duties and Plan to Serve as Lead Plaintiff**

23.     We, Christopher Coligado and Jayaprakash Srinivasan, have discussed the requirements and responsibilities of being a lead plaintiff in a securities class action governed by

8

the PSLRA with our counsel and all of the members of the Coligado Shareholder Group, and understand that it is our responsibility to keep informed regarding the status and progress of this action, the strengths and weaknesses of the case, and any prospects for resolution of this matter. The Coligado Shareholder Group will continue to function as a cohesive group, and will use all of our strengths and talents in representing the Coligado Shareholder Group and the putative Class.

24.     The members of the Coligado Shareholder Group agree that seeking appointment as lead plaintiff is in the best interest of the Class in this case based on the fact that the individual members provide diverse perspectives that are reflective of the membership of the putative Class, and can pool resources to ensure an optimal outcome on behalf of the putative Class.

25.     The Coligado Shareholder Group understands that it is a lead plaintiff's responsibility to monitor and remain fully informed regarding the status and progress of this litigation and the prospects for any resolution of this matter.  The Coligado Shareholder Group further understands that as lead plaintiff, it will have responsibility for making important litigation decisions and directing counsel with respect to this litigation, after receiving the benefit of counsel's advice.   Each member of the Coligado Shareholder Group has executed a declaration submitted herewith demonstrating their commitment and understanding of the obligations required as a lead plaintiff.

26.     To discharge these duties, the members of the Coligado Shareholder Group will, among other things, review pleadings and motion papers received from counsel, obtain periodic status reports on the progress of the litigation and potentially produce documents, answer interrogatories, and/or sit for depositions.

27.     We, Christopher Coligado and Jayaprakash Srinivasan, will apprise the Coligado Shareholder Group as a whole of any and all developments in the action.  As the member representatives of the Coligado Shareholder Group, we will provide input into the litigation decisions and strategies and be involved in the final approval of any major litigation decisions, including whether to settle the litigation and if so, for what amount.

28.     The members of the Coligado Shareholder Group are aware that a lead plaintiff has a fiduciary duty to the entire class, and each member intends to represent fully and faithfully to protect interests of the putative Class.  The members of the Coligado Shareholder Group understand that to fulfill the fiduciary duties and obligations as lead plaintiff, they must fairly and adequately represent the putative Class by vigorously prosecuting this case on its behalf. Each member of the Coligado Shareholder Group will do his or her best to maximize the recovery for the putative Class.

29.     As set forth in the CSG Joint Declaration, the members of the Coligado Shareholder Group have agreed to work together in this case to "fairly and adequately" protect the interests of the putative Class by monitoring the litigation, and by maintaining regular contact and communication with our counsel, as well as with each other separately from our attorneys. The members of the Coligado Shareholder Group have implemented procedures to provide for efficient prosecution of this action.  Should any disagreement arise during the course of the litigation, the members of the Coligado Shareholder Group have agreed upon a mechanism to resolve such disagreements, whereby the Coligado Shareholder Group plans to use the most equitable vote weighting process based on the prorated value of each individual member's claim.

30.     The members of the Coligado Shareholder Group have selected and retained the law firm of Wolf Haldenstein to act as lead counsel in this action.  The members of the Coligado Shareholder Group selected Wolf Haldenstein because the firm has extensive securities litigation experience and has achieved outstanding results on behalf of defrauded investors.  The Coligado Shareholder Group believes that given their proven track record, Wolf Haldenstein is more than qualified to represent it and the putative Class here.

31.     The members of the Coligado Shareholder Group have selected the law firm of Reynolds LLP ("Reynolds Frizzell") to act as liaison counsel in this action.  The members of the Coligado Shareholder Group selected Reynolds Frizzell because the firm has handled numerous private and class action cases resulting in significant recoveries for defrauded investors.

We declare under penalty of perjury, under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of September, 2020.

_____
CHRISTOPHER COLIGADO


_____
JAYAPRAKASH SRINIVASAN


/809650

11

30.     The members of the Coligado Shareholder Group have selected and retained the law firm of Wolf Haldenstein to act as lead counsel in this action.  The members of the Coligado Shareholder Group selected Wolf Haldenstein because the firm has extensive securities litigation experience and has achieved outstanding results on behalf of defrauded investors.  The Coligado Shareholder Group believes that given their proven track record, Wolf Haldenstein is more than qualified to represent it and the putative Class here.

31.     The members of the Coligado Shareholder Group have selected the law firm of Reynolds LLP ("Reynolds Frizzell") to act as liaison counsel in this action.  The members of the Coligado Shareholder Group selected Reynolds Frizzell because the firm has handled numerous private and class action cases resulting in significant recoveries for defrauded investors.

We declare under penalty of perjury, under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of September, 2020.


_____
CHRISTOPHER COLIGADO

_____
JAYAPRAKASH SRINIVASAN


/809650

11

# EXHIBIT E

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| JOHN ARDEN AHNEFELDT, ROBERT BROWER, JR., ROBERT BROWER, SR., KHANH L. BUI, JIGNESH CHANDARANA, KRUITIKA CHANDARANA, AMIRA YOUSUF CHOWDHURY, CHRISTOPHER COLIGADO, DANIEL GAD, EDWIN HOWELL, SIOE LIE HOWELL, DARREN HUNTING, ANNE INGLEDEW, SHITAL MEHTA, THOMAS CARL RABIN, ADAM SHULTZ, AMIT SOMANI, JAYAPRAKASH SRINIVASAN, AARTHI SRINIVASAN, CHRISTOPHER SWEDLOW, and ALEXANDRE TAZI, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID DICKSON, STUART A. SPENCE, and CHRISTOPHER A. KRUMMEL<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 4:20-cv-02539 (ASH) |

## JOINT DECLARATION OF COLIGADO SHAREHOLDER GROUP IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

We, John Arden Ahnefeldt, Robert Brower, Jr., Robert Brower, Sr., Khanh L. Bui, Jignesh Chandarana, Krutika Chandarana, Amira Yousuf Chowdhury, Christopher Coligado, Daniel Gad, Edwin Howell, Sioe Lie Howell, Darren Hunting, Anne Ingledew, Shital Mehta, Thomas Carl Rabin, Adam Shultz, Amit Somani, Jayaprakash Srinivasan, Aarthi Srinivasan, Christopher Swedlow, and Alexandre Tazi, the members of the Coligado Shareholder Group,

declare as follows:

1.    We are the Plaintiffs in the above-captioned action and submit this joint declaration in support of the Motion of the Coligado Shareholder Group for Appointment as Lead Plaintiff and Approval of Lead and Liaison Counsel. We have personal knowledge of the facts stated herein and, if called as witnesses, could and would testify competently as to such matters that we each possess personal knowledge.

2.    I, John Arden Ahnefeldt, reside in Wisconsin and have been investing in the securities markets for approximately 20 years. I suffered losses from my purchases of McDermott International, Inc. ("McDermott") common stock. I have made the decision to serve as lead plaintiff in this case and am committed to making sure this case is prosecuted to its fullest. In response to our joint concerns about possible wrongdoing by McDermott and certain of its officers, the members of the Coligado Shareholder Group decided to jointly move as lead plaintiff in this action against Defendants David Dickson, Stuart A. Spence, and Christopher A. Krummel ("Defendants").

3.    I, Robert Brower, Jr., reside in New York and have been investing in the securities markets for approximately 8 years. I suffered losses from my purchases of McDermott common stock. I have made the decision to serve as lead plaintiff in this case and am committed to making sure this case is prosecuted to its fullest. In response to our joint concerns about possible wrongdoing by McDermott and certain of its officers, the members of the Coligado Shareholder Group decided to jointly move as lead plaintiff in this action against Defendants.

4.    I, Robert Brower, Sr., reside in Delaware and have been investing in the securities markets for approximately 40 years. I suffered losses from my purchases of McDermott common stock. I have made the decision to serve as lead plaintiff in this case and am committed

to making sure this case is prosecuted to its fullest.  In response to our joint concerns about possible wrongdoing by McDermott and certain of its officers, the members of the Coligado Shareholder Group decided to jointly move as lead plaintiff in this action against Defendants.

5.      I, Khanh L. Bui, reside in Texas and have been investing in the securities markets for approximately 8 years.  I suffered losses from my purchases of McDermott common stock.  I have made the decision to serve as lead plaintiff in this case and am committed to making sure this case is prosecuted to its fullest.  In response to our joint concerns about possible wrongdoing by McDermott and certain of its officers, the members of the Coligado Shareholder Group decided to jointly move as lead plaintiff in this action against Defendants.

6.      We, Jignesh Chandarana and Krutika Chandarana, reside in California and have been investing in the securities markets for approximately 9 years and 7 years, respectively.  We suffered losses from our purchases of McDermott common stock and call options.  We have made the decision to serve as lead plaintiff in this case and are committed to making sure this case is prosecuted to its fullest.  In response to our joint concerns about possible wrongdoing by McDermott and certain of its officers, the members of the Coligado Shareholder Group decided to jointly move as lead plaintiff in this action against Defendants.

7.      I, Amira Yousuf Chowdhury, reside in Texas and have been investing in the securities markets for approximately 1 year.  I suffered losses from my purchases of McDermott common stock.  I have made the decision to serve as lead plaintiff in this case and am committed to making sure this case is prosecuted to its fullest.  In response to our joint concerns about possible wrongdoing by McDermott and certain of its officers, the members of the Coligado Shareholder Group decided to jointly move as lead plaintiff in this action against Defendants.

8.      I, Christopher Coligado, reside in Virginia and have been investing in the

3

securities markets for approximately 20 years. I suffered losses from my purchases of McDermott common stock. I have made the decision to serve as lead plaintiff in this case and am committed to making sure this case is prosecuted to its fullest. In response to our joint concerns about possible wrongdoing by McDermott and certain of its officers, the members of the Coligado Shareholder Group decided to jointly move as lead plaintiff in this action against Defendants.

9.      I, Daniel Gad, reside in New York and have been investing in the securities markets for approximately 10 years. I suffered losses from my purchases of McDermott common stock. I have made the decision to serve as lead plaintiff in this case and am committed to making sure this case is prosecuted to its fullest. In response to our joint concerns about possible wrongdoing by McDermott and certain of its officers, the members of the Coligado Shareholder Group decided to jointly move as lead plaintiff in this action against Defendants.

10.      We, Edwin Howell and Sioe Lie Howell, reside in Georgia and have been investing in the securities markets for approximately 6 years collectively. We suffered losses from our purchases of McDermott common stock. We have made the decision to serve as lead plaintiff in this case and are committed to making sure this case is prosecuted to its fullest. In response to our joint concerns about possible wrongdoing by McDermott and certain of its officers, the members of the Coligado Shareholder Group decided to jointly move as lead plaintiff in this action against Defendants.

11.      I, Darren Hunting, reside in Edmonton, Alberta, Canada and have been investing in the securities markets for approximately 2 years. I suffered losses from my purchases of McDermott common stock. I have made the decision to serve as lead plaintiff in this case and am committed to making sure this case is prosecuted to its fullest. In response to our joint

4

concerns about possible wrongdoing by McDermott and certain of its officers, the members of the Coligado Shareholder Group decided to jointly move as lead plaintiff in this action against Defendants.

12.     I, Anne Ingledew, reside in Edmonton, Alberta, Canada and have been investing in the securities markets for approximately 2 years.  I suffered losses from my purchases of McDermott common stock and call options.  I have made the decision to serve as lead plaintiff in this case and am committed to making sure this case is prosecuted to its fullest.  In response to our joint concerns about possible wrongdoing by McDermott and certain of its officers, the members of the Coligado Shareholder Group decided to jointly move as lead plaintiff in this action against Defendants.

13.     I, Thomas Carl Rabin, reside in Florida and have been investing in the securities markets for approximately 8 years.  I suffered losses from my purchases of McDermott common stock.  I have made the decision to serve as lead plaintiff in this case and am committed to making sure this case is prosecuted to its fullest.  In response to our joint concerns about possible wrongdoing by McDermott and certain of its officers, the members of the Coligado Shareholder Group decided to jointly move as lead plaintiff in this action against Defendants.

14.     I, Adam Shultz, reside in Wisconsin and have been investing in the securities markets for approximately 7 years.  I suffered losses from my purchases of McDermott common stock.  I have made the decision to serve as lead plaintiff in this case and am committed to making sure this case is prosecuted to its fullest.  In response to our joint concerns about possible wrongdoing by McDermott and certain of its officers, the members of the Coligado Shareholder Group decided to jointly move as lead plaintiff in this action against Defendants.

15.     We, Amit Somani and Shital Mehta, reside in Texas and have been investing in

the securities markets for approximately 17 years and 5 years, respectively.  We suffered losses from our purchases of McDermott common stock and call options.  We have made the decision to serve as lead plaintiff in this case and are committed to making sure this case is prosecuted to its fullest.  In response to our joint concerns about possible wrongdoing by McDermott and certain of its officers, the members of the Coligado Shareholder Group decided to jointly move as lead plaintiff in this action against Defendants.

16.     We, Jayaprakash Srinivasan and Aarthi Srinivasan, reside in Virgina and have been investing in the securities markets for approximately 3 years.  We suffered losses from our purchases of McDermott common stock.  We have made the decision to serve as lead plaintiff in this case and are committed to making sure this case is prosecuted to its fullest.  In response to our joint concerns about possible wrongdoing by McDermott and certain of its officers, the members of the Coligado Shareholder Group decided to jointly move as lead plaintiff in this action against Defendants.

17.     I, Christopher Swedlow, reside in California and have been investing in the securities markets for approximately 20 years.  I suffered losses from my purchases of McDermott common stock.  I have made the decision to serve as lead plaintiff in this case and am committed to making sure this case is prosecuted to its fullest.  In response to our joint concerns about possible wrongdoing by McDermott and certain of its officers, the members of the Coligado Shareholder Group decided to jointly move as lead plaintiff in this action against Defendants.

18.     I, Alexandre Tazi, reside in Lachine, Quebec, Canada and have been investing in the securities markets for approximately 20 years.  I suffered losses from my purchases of McDermott common stock.  I have made the decision to serve as lead plaintiff in this case and

am committed to making sure this case is prosecuted to its fullest. In response to our joint concerns about possible wrongdoing by McDermott and certain of its officers, the members of the Coligado Shareholder Group decided to jointly move as lead plaintiff in this action against Defendants.

19.     After due consideration and conferring with the members of the Coligado Shareholder Group, we have chosen and agreed to move for lead plaintiff as a group so that we may work together to prosecute this action and to take advantage of our collective resources and experiences to benefit the putative Class. We are determined to provide fair and adequate representation and obtain the largest recovery for the class consistent with good faith and sound judgment. We are aware that a lead plaintiff has a fiduciary duty to the entire Class, and we each intend to represent fully and faithfully to protect its interests.

20.     The Coligado Shareholder Group has chosen to propose Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as lead counsel based on its extensive experience and expertise in prosecuting securities fraud class actions. It is our understanding that Defendants have significant financial resources and are likely to vigorously litigate this action. For these reasons, we believe that the combined efforts and resources of the Coligado Shareholder Group as proposed lead plaintiff and Wolf Haldenstein as proposed lead counsel will facilitate efficient and thorough litigation on behalf of the class. Before filing our lead plaintiff motion, we conferred with counsel to discuss, among other things, the claims and allegations against Defendants, serving as lead plaintiff, and the protocols for managing the litigation.

21.     Based on our prior communications, we know one another's email addresses and telephone numbers, and we are prepared to communicate, including via phone and email, to ensure that we are able to independently communicate and make timely decisions.

7

22.     In addition, each members of the Coligado Shareholder Group has jointly authorized Christopher Coligado and Jayaprakash Srinivasan to serve as the member representatives for the Coligado Shareholder Group in connection with its proposal as lead plaintiff for this action.  Messrs. Coligado and Srinivasan have full power and authority to act in all matters, make any and all decisions, and provide direction and instructions to counsel in this case for the Coligado Shareholder Group.   Together, the losses of Messrs. Coligado and Srinivasan (and his spouse) represent in excess of 50% of the total losses suffered by the members of the Coligado Shareholder Group in connection with their purchases of McDermott securities during the Class Period (September 20, 2019 through January 23, 2020, both days inclusive).

23.     We understand that a lead plaintiff's duties include evaluating the strengths and weaknesses of the case and the prospects for resolution of this matter.  As a lead plaintiff, we will communicate regularly with counsel and with each other regarding major litigation events, such as pleadings, motions, discovery, settlement discussions, trial preparation, and trial.  We agree to confer with one another to arrive at joint decisions in our representation of the case.  In the event of a disagreement, a majority vote based on the prorated value of each individual member's claim will resolve the disagreement.  We believe that our joint involvement in the litigation will enhance the prosecution of this action.  We have already actively worked together by, among other things:

      a.     Retaining counsel to appear in the bankruptcy proceeding captioned *In re McDermott International, Inc.,* Case No. 20-30336 (DRJ) (Bankr. S.D. Tex., Houston Div.) (the "Bankruptcy Proceeding")

      b.      Filing an Objection to the Disclosure Statement and Chapter 11 Plan (B-

Tex., Houston Div.) (the "Bankruptcy Proceeding")

b.      Filing an Objection to the Disclosure Statement and Chapter 11 Plan (B-ECF No. 528) ("Objection") to protect our interests and the interests of other commonly situated shareholders as to whom the Chapter 11 Plan would eliminate their shares of McDermott common stock and release their rights to assert claims against certain non-debtors;

c.      Appearing, through our bankruptcy counsel, at the March 12, 2020 Confirmation Hearing and participating in the cross-examination of witness and closing arguments; and

d.      Conferring with our selected counsel about the litigation, our prosecution of the litigation, and the protocols for managing the litigation.

24.      Our counsel and Coligado Shareholder Group member representatives will continue to advise us of all developments during the lead plaintiff process and during the litigation going forward.


We declare under penalty of perjury, under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of September, 2020.

_____
Christopher Coligado

_____
Jayaprakash Srinivasan

_____
John Arden Ahnefeldt

9

b.      Filing an Objection to the Disclosure Statement and Chapter 11 Plan (B-ECF No. 528) ("Objection") to protect our interests and the interests of other commonly situated shareholders as to whom the Chapter 11 Plan would eliminate their shares of McDermott common stock and release their rights to assert claims against certain non-debtors;

c.      Appearing, through our bankruptcy counsel, at the March 12, 2020 Confirmation Hearing and participating in the cross-examination of witness and closing arguments; and

d.      Conferring with our selected counsel about the litigation, our prosecution of the litigation, and the protocols for managing the litigation.

24.    Our counsel and Coligado Shareholder Group member representatives will continue to advise us of all developments during the lead plaintiff process and during the litigation going forward.

We declare under penalty of perjury, under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of September, 2020.

_____
Christopher Coligado

_____
Jayaprakash Srinivasan

_____
John Arden Ahnefeldt

9

_Robert Brower, Jr._
Robert Brower, Jr.

Robert Brower, Sr.

Khanh L. Bui

Jignesh Chandarana

Krutika Chandarana

Amira Yousuf Chowdhury

Daniel Gad

Edwin Howell

Sioe Lie Howell

Darren Hunting

Anne Ingledew

Shital Mehta

Thomas Carl Rabin

Adam Shultz

Amit Somani

Aarthi Srinivasan

10

Robert Brower, Jr.

*Robert Brower, Sr.*

Robert Brower, Sr.

Khanh L. Bui

Jignesh Chandarana

Krutika Chandarana

Amira Yousuf Chowdhury

Daniel Gad

Edwin Howell

Sioe Lie Howell

Darren Hunting

Anne Ingledew

Shital Mehta

Thomas Carl Rabin

Adam Shultz

Amit Somani

Aarthi Srinivasan

10

_____
Robert Brower, Jr.

_____
Robert Brower, Sr.

*KHANH BUI*
_____
Khanh L. Bui

_____
Jignesh Chandarana

_____
Krutika Chandarana

_____
Amira Yousuf Chowdhury

_____
Daniel Gad

_____
Edwin Howell

_____
Sioe Lie Howell

_____
Darren Hunting

_____
Anne Ingledew

_____
Shital Mehta

_____
Thomas Carl Rabin

_____
Adam Shultz

_____
Amit Somani

_____
Aarthi Srinivasan

10

_____
Robert Brower, Jr.

_____
Robert Brower, Sr.

_____
Khanh L. Bui

_____
Jignesh Chandarana

_____
Krutika Chandarana

_____
Amira Yousuf Chowdhury

_____
Daniel Gad

_____
Edwin Howell

_____
Sioe Lie Howell

_____
Darren Hunting

_____
Anne Ingledew

_____
Shital Mehta

_____
Thomas Carl Rabin

_____
Adam Shultz

_____
Amit Somani

_____
Aarthi Srinivasan

10

_____
Robert Brower, Jr.

_____
Robert Brower, Sr.

_____
Khanh L. Bui

_____
Jignesh Chandarana

_____
Krutika Chandarana

_____
Amira Yousuf Chowdhury

_____
Daniel Gad

_____
Edwin Howell

_____
Sioe Lie Howell

_____
Darren Hunting

_____
Anne Ingledew

_____
Shital Mehta

_____
Thomas Carl Rabin

_____
Adam Shultz

_____
Amit Somani

_____
Aarthi Srinivasan

10

_____
Robert Brower, Jr.

_____
Robert Brower, Sr.

_____
Khanh L. Bui

_____
Jignesh Chandarana

_____
Krutika Chandarana

_____
Amira Yousuf Chowdhury

_____*Daniel Gad*_____
Daniel Gad

_____
Edwin Howell

_____
Sioe Lie Howell

_____
Darren Hunting

_____
Anne Ingledew

_____
Shital Mehta

_____
Thomas Carl Rabin

_____
Adam Shultz

_____
Amit Somani

_____
Aarthi Srinivasan

10

_____
Robert Brower, Sr.

_____
Khanh L. Bui

_____
JigneshChandarana

_____
KrutikaChandarana

_____
Amira Yousuf Chowdhury

_____
Daniel Gad

_Edwin Howell_
Edwin Howell

_____
Sioe Lie Howell

_____
Darren Hunting

_____
Anne Ingledew

_____
Shital Mehta

_____
Thomas Carl Rabin

_____
Adam Shultz

_____
Amit Somani

_____
Aarthi Srinivasan

_____

_____
Robert Brower, Jr.

_____
Robert Brower, Sr.

_____
Khanh L. Bui

Jignesh Chandarana
_____

_____
Krutika Chandarana

_____
Amira Yousuf Chowdhury

_____
Daniel Gad

_____
Edwin Howell

_____
Sioe Lie Howell

_____
Darren Hunting

_____
Anne Ingledew

_____
Shital Mehta

_____
Thomas Carl Rabin

_____
Adam Shultz

_____
Amit Somani

_____
Aarthi Srinivasan

10

Robert Brower, Jr.

Robert Brower, Sr.

Khanh L. Bui

Jignesh Chandarana

Krutika Chandarana

Amira Yousuf Chowdhury

Daniel Gad

Edwin Howell

Sioe Lie Howell

Darren Hunting

Anne Ingledew

Shital Mehta

Thomas Carl Rabin

Adam Shultz

Amit Somani

Aarthi Srinivasan

10

_____
Robert Brower, Jr.

_____
Robert Brower, Sr.

_____
Khanh L. Bui

_____
Jignesh Chandarana

_____
Krutika Chandarana

_____
Amira Yousuf Chowdhury

_____
Daniel Gad

_____
Edwin Howell

_____
Sioe Lie Howell

_____
Darren Hunting

_____
Anne Ingledew

_____
Shital Mehta

_____
Thomas Carl Rabin

_____
Adam Shultz

_____
Amit Somani

_____
Aarthi Srinivasan

10

Robert Brower, Jr.

Robert Brower, Sr.

Khanh L. Bui

Jignesh Chandarana

Krutika Chandarana

Amira Yousuf Chowdhury

Daniel Gad

Edwin Howell

Sioe Lie Howell

Darren Hunting

Anne Ingledew

Shital Mehta

Thomas Carl Rabin   8 years

Adam Shultz

Amit Somani

Aarthi Srinivasan

_____
Robert Brower, Jr.

_____
Robert Brower, Sr.

_____
Khanh L. Bui

_____
Jignesh Chandarana

_____
Krutika Chandarana

_____
Amira Yousuf Chowdhury

_____
Daniel Gad

_____
Edwin Howell

_____
Sioe Lie Howell

_____
Darren Hunting

_____
Anne Ingledew

_____
Shital Mehta

_____
Thomas Carl Rabin

_____
Adam Shultz

_____
Amit Somani

_____
Aarthi Srinivasan

10

_____
Robert Brower, Sr.

_____
Khanh L. Bui

_____
Jignesh Chandarana

_____
Krutika Chandarana

_____
Amira Yousuf Chowdhury

_____
Daniel Gad

_____
Edwin Howell

_____
Sioe Lie Howell

_____
Darren Hunting

_____
Anne Ingledew

_____
Shital Mehta

_____
Thomas Carl Rabin

_____
Adam Shultz

_____
Amit Somani

_____
Aarthi Srinivasan

10

_____
Christopher Swedlow

_____
Alexandre Tazi

/809648

11

Christopher Swedlow
_____

Alexandre Tazi

/809648

EXHIBIT F



Providing Exemplary Legal Services Since 1888

FIRM RESUME



Founded in 1888, Wolf Haldenstein Adler Freeman & Herz LLP is a full service law firm specializing in complex litigation in federal and state courts nationwide. The firm's practice includes litigation, both hourly and contingent, in securities, antitrust, wage & hour, consumer fraud, false marketing, ERISA, and general and commercial matters, whistleblower, false claim, trust & estate, corporate investigation, and white collar matters, and FINRA arbitration. The Firm has a particular specialty in complex class action and other representative litigation – including investor, shareholder, antitrust, ERISA, consumer, employee, and biotechnology matters – under both federal and state law.

Wolf Haldenstein's total practice approach distinguishes it from other firms. Our longstanding tradition of a close attorney/client relationship ensures that each one of our clients receives prompt, individual attention and does not become lost in an institutional bureaucracy. Our team approach is at the very heart of Wolf Haldenstein's practice. All of our lawyers are readily available to all of our clients and to each other. The result of this approach is that we provide our clients with an efficient legal team having the broad perspective, expertise and experience required for any matter at hand. We are thus able to provide our clients with cost effective and thorough counsel focused on our clients' overall goals.

270 MADISON AVENUE
NEW YORK, NY 10016
TELEPHONE: 212-545-4600
TELECOPIER: 212-686-0114
WWW.WHAFH.COM

SYMPHONY TOWERS
750 B STREET, SUITE 1820
SAN DIEGO, CA 92101

111 WEST JACKSON
SUITE 1700
CHICAGO, IL 60604



Telephone:  619-239-4599                        Telephone: 312-984-0000
Telecopier: 619-234-4599                        Telecopier: 312-214-3110



## THE FIRM

Wolf Haldenstein has been recognized by state and federal courts throughout the country as being highly experienced in complex litigation, particularly with respect to securities, consumer, ERISA, FLSA and state overtime and expense deductions, and antitrust class actions and shareholder rights litigation.

Among its colleagues in the plaintiffs' bar, as well as among its adversaries in the defense bar, Wolf Haldenstein is known for the high ability of its attorneys, and the exceptionally high quality of its written and oral advocacy.

The nature of the Firm's activities in both individual and representative litigation is extremely broad.  In addition to a large case load of securities fraud and other investor class actions, Wolf Haldenstein has represented classes of corn and rice farmers in connection with the devaluation of their crops; canned tuna consumers for tuna companies' violations of antitrust laws; merchants compelled to accept certain types of debit cards; insurance policyholders for insurance companies' deceptive sales practices; victims of unlawful strip searches under the civil rights laws; and various cases involving violations of Internet users' on-line privacy rights.

The Firm's experience in class action securities litigation, in particular public shareholder rights under state law and securities fraud claims arising under the federal securities laws and regulations is particularly extensive.  The Firm was one of the lead or other primary counsel in securities class action cases that have recouped billions of dollars on behalf of investor classes, in stockholder rights class actions that have resulted in billions of dollars in increased merger consideration to shareholder classes, and in derivative litigation that has recovered billions of dollars for corporations.

Its pioneering efforts in difficult or unusual areas of securities or investor protection laws include: groundbreaking claims that have been successfully brought under the Investment Company Act of 1940 regarding fiduciary responsibilities of investment companies and their advisors toward their shareholders; claims under ERISA involving fiduciary duties of ERISA trustees who are also insiders in possession of adverse information regarding their fund's primary stockholdings; the fiduciary duties of the directors of Delaware corporations in connection with change of control transactions; the early application of the fraud-on-the-market theory to claims against public accounting firms in connection with their audits of publicly traded corporations; and the application of federal securities class certification standards to state law claims often thought to be beyond the reach of class action treatment.



Judicial Commendations

Wolf Haldenstein has repeatedly received favorable judicial recognition. The following representative judicial comments over the past decade indicate the high regard in which the Firm is held:

- *In re Empire State Realty Trust, Inc. Investor Litig.*, No. 650607/2012 (Sup. Ct. N.Y. Co.) – On May 2, 2013, Justice O. Peter Sherwood praised the Firm in its role as chair of the committee of co-lead counsel as follows: "It is apparent to me, having presided over this case, that class counsel has performed in an excellent manner, and you have represented your clients quite well. You should be complimented for that." In awarding attorneys' fees, the Court stated that the fee was "intended to reward class counsel handsomely for the very good result achieved for the Class, assumption of the high risk of Plaintiffs prevailing and the efficiency of effort that resulted in the settlement of the case at an early stage without protracted motion practice." May 17, 2013 slip. op. at 5 (citations omitted).

- *Roberts v. Tishman Speyer*, 13 N.Y.3d 270 (N.Y. 2009) – On April 9, 2013, Justice Richard B. Lowe III praised the Firm's efforts as follows: "[W]hen you have challenging cases, the one thing you like to ask for is that the legal representation on both sides rise to that level. Because when you have lawyers who are professionals, who are confident, who are experienced, each of you know that each side has a job to do [. . . .] I want to tell you that I am very satisfied with your performance and with your, quite frankly, tenacity on both sides. And it took six years, but look at the history of the litigation. There were two appeals all of the way to the Court of Appeals [. . . .] And then look at the results. I mean, there are dissents in the Court of Appeals, so that shows you the complexity of the issues that were presented in this litigation [. . . .] [I]t shows you effort that went into this and the professionalism that was exhibited [. . . .] So let me just again express my appreciation to both sides."

- *K.J. Egleston L.P. v. Heartland Industrial Partners, et al.*, 2:06-13555 (E.D. Mich.) – where the Firm was Lead Counsel, Judge Rosen, at the June 7, 2010 final approval hearing, praised the Firm for doing "an outstanding job of representing [its] clients," and further commented that "the conduct of all counsel in this case and the result they have achieved for all of the parties confirms that they deserve the national recognition they enjoy."



- *Klein, et al. v. Ryan Beck Holdings, Inc., et al.*, 06-cv-3460 (DAB) (S.D.N.Y. 2010) – where the Firm was Lead Counsel, Judge Deborah A. Batts described the Firm's successful establishment of a settlement fund as follows: "[a] miracle that there is a settlement fund at all."  Judge Batts continued*:* "As I said earlier, there is no question that the litigation is complex and of a large and, if you will, *pioneering magnitude ...*" (Emphasis added).

- *Parker Friedland v. Iridium World Communications, Ltd.*, 99-1002 (D.D.C.) – where the Firm was co-lead counsel, Judge Laughrey said (on October 16, 2008), "[a]ll of the attorneys in this case have done an outstanding job, and I really appreciate the quality of work that we had in our chambers as a result of this case."

- *In re Dynamic Random Access Memory Antitrust Litigation*, MDL-02-1486 (N.D. Cal.) – where the Firm was co-lead counsel, Judge Hamilton said (on August 15, 2007), "I think I can conclude on the basis with my five years with you all, watching this litigation progress and seeing it wind to a conclusion, that the results are exceptional.  The percentages, as you have outlined them, do put this [case] in one of the upper categories of results of this kind of [antitrust] class action.  I am aware of the complexity . . . I thought that you all did an exceptionally good job of bringing to me only those matters that really required the Court's attention.  You did an exceptionally good job at organizing and managing the case, assisting me in management of the case. There was excellent coordination between all the various different plaintiffs' counsel with your group and the other groups that are part of this litigation. . . . So my conclusion is the case was well litigated by both sides, well managed as well by both sides."

- *In re Comdisco Sec. Litigation*, 01 C 2110 (N.D. Ill. July 14, 2005) – Judge Milton Shadur observed: "It has to be said . . . that the efforts that have been extended [by Wolf Haldenstein] on behalf of the plaintiff class in the face of these obstacles have been exemplary.  And in my view [Wolf Haldenstein] reflected the kind of professionalism that the critics of class actions . . . are never willing to recognize. . . . I really cannot speak too highly of the services rendered by class counsel in an extraordinary difficult situation."

- *Good Morning to You Productions Corp. v. Warner/Chappell Music, Inc.*, No. CV 13-04460-GHK (MRWx) (C.D. Cal., Aug. 16, 2016) – Judge George H. King



stated: "Not all, or perhaps even most, plaintiffs' class counsel could have litigated this case as successfully as did class counsel against such a fierce and exceptionally accomplished opponent."

- *Bokelman et al. v. FCH Enterprises, Inc.*, (Case No. 1:18-cv-209, D. Haw., May 3, 2019): Judge Robert J. Bryan said, "I've been impressed by the quality of the work you've done throughout here, and that is reflected, I think, in the fact that no one has objected to the settlement."

### Recent Noteworthy Results

Wolf Haldenstein's performance in representative litigation has repeatedly resulted in favorable results for its clients. The Firm has helped recover **_billions of_ _dollars_** on behalf of its clients in the cases listed below. Recent examples include the following:

- On May 13, 2019, in *Apple Inc. v. Pepper*, No. 17-204, the Supreme Court affirmed a decision by the Ninth Circuit Court of Appeals holding that iPhone purchasers have standing to sue Apple for monopolizing the market for iPhone apps in this longstanding antitrust class action. Wolf Haldenstein has been Lead Counsel for the plaintiffs since 2007. The case was commenced in federal district court in Oakland. The Supreme Court's decision clears the way for the plaintiffs to proceed on the merits of their claim.

- On June 11, 2018, the United States Supreme Court issued a highly anticipated decision in *China Agritech, Inc. v. Michael H. Resh, et al.* Wolf Haldenstein represented the plaintiffs/respondents, having commenced the action on behalf of aggrieved shareholders of *China Agritech* after two prior cases had failed at the class certification stage.

- *In re Genetically Modified Rice Litigation*, MDL 1811 (E.D. Mo.) - Wolf Haldenstein represented U.S. rice farmers in this landmark action against Bayer A.G. and its global affiliates, achieving a global recovery of $750 million. The case arose from the contamination of the nation's long grain rice crop by Bayer's experimental and unapproved genetically modified Liberty Link rice.

- *Roberts v. Tishman Speyer*, 13 N.Y.3d 270 (N.Y. 2009) - a class action brought on behalf of over 27,500 current and former tenants of New York City's iconic Stuyvesant Town and Peter Cooper Village housing complexes. On April 9,



2013, Justice Richard B. Lowe III of the New York Supreme Court finally approved settlement of the action, which totals over $173 million, sets aside $68.75 million in damages, re-regulates the apartments at issue, and sets preferential rents for the units that will save tenants significant monies in the future.  The settlement also enables the tenants to retain an estimated $105 million in rent savings they enjoyed between 2009 and 2012.  **The settlement is by many magnitudes the largest tenant settlement in United States history.**

- *In re Empire State Realty Trust, Inc. Investor Litig.*, Index No. 650607/2012 – The firm served as Chair of the Executive Committee of Co-Lead Counsel for the Plaintiffs in a class action settlement finally approved on May 2, 2013 that provides for the establishment of a $55 million settlement fund for investors, in addition to substantial tax deferral benefits estimated to be in excess of $100 million.

- *American International Group Consolidated Derivative Litigation*, Civil Action No. 769-VCS (Del. Ch.) The Firm acted as co-lead counsel and the settlement addressed claims alleging that the D&O Defendants breached their fiduciary duties to the Company and otherwise committed wrongdoing to the detriment of AIG in connection with various allegedly fraudulent schemes during the 1999-2005 time period.

- *In re Bank of America Corp. Securities, Derivative, and Employee Retirement Income Security Act (ERISA) Litigation*, Master File No. 09 MD 2058 (S.D.N.Y.) (firm was co-lead counsel in parallel derivative action pending in Delaware (*In Re Bank of America Stockholder Derivative Litigation*, C.A. No. 4307-CS (Del. Ch.)) (increase of settlement cash recovery from $20 million to $62.5 million).

- *The Investment Committee of the Manhattan and Bronx Service Transit Operating Authority Pension Plan v. JPMorgan Chase Bank*, N.A., 1:09-cv-04408-SAS (S.D.N.Y.) (class recovered $150 million).

- *In re Tremont Sec. Law, State Law and Insurance Litig.*, No. 08-civ-11117 (TPG) (SDNY) (class recovered $100 million).  The firm was court-appointed co-lead counsel in the Insurance Action, 08 Civ. 557, and represented a class of persons who purchased or otherwise acquired Variable Universal Life ("VUL") insurance policies or Deferred Variable Annuity ("DVA") policies issued by Tremont International Insurance Limited or Argus International Life Bermuda Limited from May 10, 1994 - December 11, 2008 to the extent the investment



accounts of those policies were exposed to the massive Ponzi scheme orchestrated by Bernard L. Madoff through one or more Rye funds.

- *In re Initial Public Offering Securities Litigation*, 21 MC 92 (SAS) (S.D.N.Y.) (class recovered $586 million).  Wolf Haldenstein served as Co-Lead Counsel of one of the largest securities fraud cases in history.  Despite the United States Court of Appeals for the Second Circuit's decision to vacate the district court's class certification decision, on remand, counsel for plaintiffs were able to press on to a settlement on April 1, 2009, ultimately recovering in excess of a half-billion dollars.



## FIRM PRACTICE AREAS

### CLASS ACTION LITIGATION

Wolf Haldenstein is a leader in class and derivative action litigation and is currently or has been the court-appointed lead counsel, co-lead counsel, or executive committee member in some of the largest and most significant class action and derivative action lawsuits in the United States.  For example, the class action *Roberts v. Tishman Speyer*, 13 N.Y.3d 270 (N.Y. 2009) was recently described by a sitting member of the U.S. House of Representatives as the greatest legal victory for tenants in her lifetime.  In *Roberts*, the Firm obtained a victory in the New York Court of Appeals requiring the reregulation of thousands of apartment units in the Stuyvesant Town complex in Manhattan, New York.  Many of the firm's other successful results are summarized within.

### PRIVATE ACTIONS FOR INSTITUTIONAL INVESTORS

In addition to its vast class action practice, the Firm also regularly represents institutional clients such as public funds, investment funds, limited partnerships, and qualified institutional buyers in private actions.  The Firm has represented institutional clients in non-class federal and state actions concerning a variety of matters, including private placements, disputes with investment advisors, and disputes with corporate management.

The Firm has also acted as special counsel to investors' committees in efforts to assert and advance the investors' interests without resorting to litigation.  For example, the Firm served as Counsel to the Courtyard by Marriott Limited Partners Committee for several years in its dealings with Host Marriott Corporation, and as Special Counsel to the Windsor Park Properties 7 and 8 limited partners to insure the fairness of their liquidation transactions.

### ANTITRUST LITIGATION

Wolf Haldenstein is a leader in antitrust and competition litigation.  The Firm actively seeks to enforce the federal and state antitrust laws to protect and strengthen the rights and claims of businesses, organizations, Taft-Hartley funds, and consumers throughout the United States.  To that end, Wolf Haldenstein commences large, often complex, antitrust and trade regulation class actions and other cases that target some of the most powerful and well-funded corporate interests in the world.  Many of these interests exert strong influence over enforcement policy that is in the hands of elected officials, so that private enforcement provides the only true assurance that unfair and



anticompetitive conduct will be duly scrutinized for compliance with the law. These cases frequently bring to light concealed, unlawful behavior such as price fixing, monopolization, market allocation, monopoly leveraging, essential facilities, tying arrangements, vertical restraints, exclusive dealing, and refusals to deal. Wolf Haldenstein's Antitrust Practice Group has successfully prosecuted numerous antitrust cases and aggressively advocates remedies and restitution for businesses and investors wronged by violations of the antitrust laws. For example, in *In re DRAM Antitrust Litigation*, No. 02-cv-1486 (PJH) (N.D. Cal.) the firm successfully prosecuted an antitrust case resulting in a $315 million recovery. Many of the firm's successful results are summarized within.

Wolf Haldenstein attorneys currently serve as lead counsel, co-lead counsel, or as executive committee members in some of the largest and most significant antitrust class action lawsuits. The firm was most recently appointed lead counsel in the Salmon Antitrust Indirect Litigation pending in the U.S. District Court for the Southern District of Florida.

### Overtime and Compensation Class Actions

Wolf Haldenstein is a leader class action litigation on behalf of employees who have not been paid overtime or other compensation they are entitled to receive, or have had improper deductions taken from their compensation. These claims under the federal Fair Labor Standards Act and state labor laws allege improper failure to pay overtime and other wages, and improper deductions from compensation for various company expenses. Wolf Haldenstein has served as lead or co-lead counsel, or other similar lead role, in some of the most significant overtime class actions pending in the United States, and has recovered hundreds of millions of dollars in recovered wages for its clients. For example, in *LaVoice v. Citigroup Global Markets, Inc.*, Case No. C 07-801 (CW) (N.D. Cal.)) a $108 million settlement was secured for the class. Many of the firm's other successful wage and hour results are summarized within.

### Other Substantial Recoveries In Class Action And Derivative Cases in Which Wolf Haldenstein Was Lead Counsel or Had Another Significant Role

- *In re Beacon Associates Litigation*, Master File No. 09 Civ. 0777 (LBS) (S.D.N.Y.) (**$219 million** settlement in this and related action).



- *Roberts v. Tishman Speyer*, No. 100956/2007 (Sup. Ct. N.Y. Cty.) (**$173 Million** settlement).

- *In re Mutual Fund Investment Litigation,* MDL No. 1586 (D. Md.) (derivative counsel in consolidated cases against numerous mutual fund companies involved in market timing resulting in class/derivative settlements totaling more than **$300 million**).

- *Inland Western Securities Litigation,* Case No. 07 C 6174 (N.D. Ill.) (settlement value of shares valued between **$61.5 million** and **$90 million**).

- *In re Direxion Shares ETF Trust*, No. 09-Civ-8011 (KBF) (S.D.N.Y.) (class recovered **$8 million**).

- *In re BankAmerica Corp. Securities Litigation,* MDL Docket No. 1264 (JFN) (E.D. Mo.) (class recovered **$490 million**).

- *In re Dynamic Random Access Memory Antitrust Litigation,* (MD-02 1486 (N.D. Cal.) (class recovered **$325 million**).

- *In re MicroStrategy, Inc. Securities Litigation,* Civ. No. 00-473-A (E.D. Va.) (class recovered **$160 million** in cash and securities).

- *Kurzweil v. Philip Morris Cos.,* 94 Civ. 2373, 94 Civ. 2546 (S.D.N.Y.) (securities fraud) (class recovered **$116.5 million** in cash).

- *In re Starlink Corn Products Liability Litigation,* (N.D. Ill.) (class recovered **$110 million**).

- *In Computer Associates 2002 Class Action Sec. Litigation,* 2:02-CV-1226 (E.D.N.Y.) (**$130 million** settlement in this and two related actions).

- *In re Sepracor Inc. Securities Litigation, Civ. No.* 02-12338 (MEL) (D. Mass.) (classes recovered **$52.5 million**).

- *In re Transkaryotic Therapies, Inc., Securities Litigation*, C.A. No. 03-10165-RWZ (D. Mass) (class recovered **$50 million**).

- *In re Iridium Securities Litigation,* C.A. No. 99-1002 (D.D.C.) (class recovered **$43 million**).



- *In re J.P. Morgan Chase Securities Litigation,* MDL No. 1783 (N.D. Ill.) (settlement providing for adoption of corporate governance principles relating to potential corporate transactions requiring shareholder approval).

- *LaVoice v. Citigroup Global Markets, Inc.,* Case No. C 07-801 (CW) (N.D. Cal.)) (**$108 million** settlement).

- *Steinberg v. Morgan Stanley & Co., Inc.,* Case No. 06-cv-2628 (BEN) (S.D. Cal.) (**$50 million** settlement).

- *Poole v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* Case No. CV-06-1657 (D. Or.) (**$43.5 million** settlement).

- *In re Wachovia Securities, LLC Wage and Hour Litigation,* MDL No. 07-1807 DOC (C.D. Cal.) (**$39 million** settlement).

- *In re Wachovia Securities, LLC Wage and Hour Litigation (Prudential),* MDL No. 07-1807 DOC (C.D. Cal.) (**$11 million** settlement).

- *Basile v. A.G. Edwards, Inc.,* 08-CV-00338-JAH-RBB (S.D. Cal.) (**$12 million** settlement).

- *Miguel Garcia, et al. v. Lowe's Home Center, Inc. et al.* – Case No. GIC 841120 (Barton) (Cal. Sup. Ct, San Diego) (co-lead, **$1.65 million** settlement w/ average class member recovery of $5,500, attorney fees and cost awarded separately).

- *Neil Weinstein, et al. v. MetLife, Inc., et al.* – Case No. 3:06-cv-04444-SI (N.D.Cal) (co-lead, **$7.4 million** settlement).

- *Creighton v. Oppenheimer,* Index No. 1:06 - cv - 04607 - BSJ - DCF (S.D.N.Y.) (**$2.3 million** settlement).

- *Klein v. Ryan Beck,* 06-CV-3460 (DAB)(S.D.N.Y.) (**$1.3 million** settlement).

- *In re American Pharmaceutical Partners, Inc. Shareholder Litigation,* Consolidated C.A. No. 1823-N (Del. Ch. Ct.) (**$14.3 million** settlement).

- *Egleston v. Collins and Aikman Corp.,* 06-cv-13555 (E.D. Mich.) (class recovered **$12 million**).



- *In re Merrill Lynch & Co., Inc. Global Technology Fund Securities Litigation,* 02 CV 7854 (JFK) (SDNY); and *In re Merrill Lynch & Co., Inc. Focus Twenty Fund Securities Litigation*, 02 CV 10221 (JFK) (SDNY) (class recovered **$39 million** in combined cases).

- *In re CNL Hotels & Resorts, Inc. Securities Litigation*, No. 6:04-cv-1231 (Orl-31) (class recovered **$35 million**, and lawsuit also instrumental in **$225 million** benefit to corporation).

- *In re Cablevision Systems Corp. Shareholder Derivative Litigation*, Master File No. 06-CV-4130-DGT-AKT (**$34.4 million** recovery).

- *In re Monster Worldwide, Inc. Stock Option Derivative Litigation,* Master File No. 06cv4622 (S.D.N.Y.) (**$32 million** recovery and corporate governance reforms).

- *Berger v. Compaq Computer Corp.,* Docket No. 98-1148 (S.D. Tex.) (class recovered **$29 million**).

- *In re Arakis Energy Corporation Securities Litigation,* 95 CV 3431 (E.D.N.Y.) (class recovered **$24 million**).

- *In re E.W. Blanche Holdings, Inc. Securities Litigation*, Civ. No. 01-258 (D. Minn.) (class recovered **$20 million**).

- *In re Globalstar Securities Litigation*, Case No. 01-CV-1748 (SHS) (S.D.N.Y.) (class recovered **$20 million**).

- *In re Luxottica Group S.p.A. Securities Litigation,* No. CV 01-3285 (E.D.N.Y) (class recovered **$18.25 million**).

- *In re Musicmaker.com Securities Litigation,* CV-00-2018 (C.D. Cal.) (class recovered **$13.75 million**).

- *In re Comdisco Securities Litigation,* No. 01 C 2110 (MIS) (N.D. Ill.) (class recovered **$13.75 million**).

- *In re Acclaim Entertainment, Inc., Securities Litigation,* C.A. No. 03-CV-1270 (E.D.N.Y.) (class recovered **$13.65 million**).



- *In re Concord EFS, Inc. Securities Litigation*, No. 02-2097 (MA) (W.D. Tenn) (class recovered **$13.25 million**).

- *In re Bausch & Lomb, Inc. Securities Litigation*, 01 Civ. 6190 (CJS) (W.D.N.Y.) (class recovered **$12.5 million**).

- *In re Allaire Corp. Securities Litigation*, 00-11972 (D. Mass.) (class recovered **$12 million**).

- *Bamboo Partners LLC v. Robert Mondavi Corp.*, No. 26-27170 (Cal. Sup. Ct.) (class recovered **$10.8 million**).

- *Curative Health Services Securities Litigation*, 99-2074 (E.D.N.Y.) (class recovered **$10.5 million**).

- *City Partnership Co. v. Jones Intercable*, 99 WM-1051 (D. Colo.) (class recovered **$10.5 million**).

- *In re Aquila, Inc.*, (ERISA Litigation), 04-865 (W.D. Mo.) (**$10.5 million** recovery for the class).

- *In re Tenfold Corporation Securities Litigation*, 2:00-CV-652 (D. Utah) (class recovered **$5.9 million**).

- *In re Industrial Gas Antitrust Litigation*, 80 C 3479 and related cases (N.D. Ill.) (class recovered **$50 million**).

- *In re Chor-Alkalai and Caustic Soda Antitrust Litigation*, 86-5428 and related cases (E.D. Pa.) (class recovered **$55 million**).

- *In re Infant Formula Antitrust Litigation*, MDL No. 878 (N.D. Fla.) (class recovered **$126 million**).

- *In re Brand Name Prescription Drugs Antitrust Litigation*, No. 1:94-cv-00897, M.D.L. 997 (N.D. Ill.) (class recovered **$715 million**).

- *Landon v. Freel*, M.D.L. No. 592 (S.D. Tex.) (class recovered **$12 million**).

- *Holloway v. Peat, Marwick, Mitchell & Co.*, No. 84 C 814 EU (N.D. Okla.) (class recovered **$38 million**).



- *In re The Chubb Corp.* Drought Insurance Litigation, C-1-88-644 (S.D. Ohio) (class recovered **$100 million**).

- *Wong v. Megafoods,* Civ-94-1702 (D. Ariz.) (securities fraud) (class recovered **$12.25 million**).

- *In re Del Val Financial Corp. Securities Litigation,* 92 Civ 4854 (S.D.N.Y.) (class recovered **$11.5 million**).

- *In re Home Shopping Network Shareholders Litigation,* Consolidated Civil Action No. 12868, (Del. Ch. 1995) (class recovered **$13 million**).

- *In re Paine Webber Limited Partnerships Litigation,* 94 Civ 8547 (S.D.N.Y.) (class recovered **$200 million**).

- *In re Bristol-Meyers Squibb Co. Securities Litigation,* 92 Civ 4007 (S.D.N.Y.) (class recovered **$19 million**).

- *In re Spectrum Information Technologies Securities Litigation,* CV 93-2245 (E.D.N.Y.) (class recovered **$13 million**).

- *In re Chase Manhattan Securities Litigation,* 90 Civ. 6092 (LJF) (S.D.N.Y.) (class recovered **$17.5 million**).

- *Prostic v. Xerox Corp.,* No. B-90-113 (EBB) (D. Conn.) (class recovered **$9 million**).

- *Steiner v. Hercules,* Civil Action No. 90-442-RRM (D. Del.) (class recovered **$18 million**).

- *In re Ambase Securities Litigation,* 90 Civ 2011 (S.D.N.Y.) (class recovered **$14.6 million**).

- *In re Southmark Securities Litigation,* CA No. 3-89-1402-D (N.D. Tex.) (class recovered **$70 million**).

- *Steiner v. Ideal Basic Industries, Inc.,* No. 86-M 456 (D. Colo. 1989) (securities fraud) (class recovered **$18 million**).

- *Tucson Electric Power Derivative Litigation,* 2:89 Civ. 01274 TUC. ACM (corporation recovered **$30 million**).



- *Alleco Stockholders Litigation,* (Md. Cir. Ct. Pr. Georges County) (class recovered **$16 million**).

- *In re Revlon Group, Inc. Shareholders Litigation*, No. 8362 (Del. Ch.) (class recovered **$30 million**).

- *In re Taft Broadcasting Company Shareholders Litigation,* No. 8897 (Del. Ch.) (class recovered **$20 million**).

- *In re Southland Corp. Securities Litigation,* No. 87-8834-K (N.D.Tex.) (class recovered **$20 million**).

- *In re Crocker Bank Securities Litigation*, CA No. 7405 (Del. Ch.) (class recovered **$30 million**).

- *In re Warner Communications Securities Litigation,* No. 82 Civ. 8288 (JFK) (S.D.N.Y.) (class recovered **$17.5 million**).

- *Joseph v. Shell Oil,* CA No. 7450 (Del. Ch.) (securities fraud) (class recovered **$200 million**).

- *In re Flight Transportation Corp. Securities Litigation,* Master Docket No. 4-82-874, MDL No. 517 (D. Minn.) (recovery of over **$50 million**).

- *In re Whittaker Corporation Securities Litigation,* CA000817 (Cal. Super. Ct., Los Angeles County) (class recovered **$18 million**).

- *Naevus International, Inc. v. AT&T Corp.,* C.A. No. 602191/99 (N.Y. Sup. Ct.) (consumer fraud) (class recovered **$40 million**).

- *Sewell v. Sprint PCS Limited Partnership*, C.A. No. 97-188027/CC 3879 (Cir. Ct. for Baltimore City) (consumer fraud) (class recovered **$45.2 million**).

- *In re Vytorin/Zetia Marketing, Sales Practices and Products Liability Litigation,* 2:08-cv-285 (D.N.J.) (class recovered **$41.5 million**).

- *Egleston v. Verizon*, No. 104784/2011 (N.Y. Sup. Ct.) – Wolf Haldenstein represented a class of New York Verizon Centrex customers in an action against Verizon stemming from overbilling of certain charges. The Firm secured a settlement with a total value to the Class of over **$5 million**, which



provided, among other things, each class member with full refunds of certain disputed charges, plus interest.

- *Zelouf Int'l Corp. v. Nahal Zelouf,* Index No. 653652/2014 (Sup. Ct. N.Y. Co. 2015). In an important trial decision following an appraisal proceeding triggered by the freeze-out merger of a closely-held corporation, which also included shareholder derivative claims, Justice Kornreich of the New York Supreme Court refused to apply a discount for lack of marketability to the minority interest in the former corporation and found that the insiders stole more than $14 million dollars; the minority shareholder recovered over **$9 million**.

- *Zelouf Int'l Corp. v. Zelouf,* 45 Misc.3d 1205(A) (Sup. Ct. N.Y. Co., 2014). The Court rejected application of a discount for lack of marketability and awarded a **$10,031,438.28** judgment following an eleven day bench trial in the Commercial Division of the Supreme Court of the State of New York (New York County) on the value of a minority interest in a closely held corporation.

- *Thompson et al. v. Bethpage Federal Credit Union et al.,* No. 2:17-cv-00921-GRB (E.D.N.Y.) (**$3.6 million** settlement)



REPRESENTATIVE REPORTED OPINIONS SINCE 1990 IN WHICH WOLF
HALDENSTEIN WAS LEAD COUNSEL OR HAD ANOTHER SIGNIFICANT ROLE

FEDERAL APPELLATE AND DISTRICT COURT OPINIONS

- *Apple Inc. v. Pepper*, 139 S. Ct. 1514 (2019)

- *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018)

- *In re Packaged Seafood Prods. Antitrust Litig.*, 242 F. Supp. 3d 1033 (S.D. Cal. 2017)

- *In re Packaged Seafood Prods. Antitrust Litig.*, 332 F.R.D. 308 (S.D. Cal. 2019)

- *DeFrees v. Kirkland*, 2012 U.S. Dist. LEXIS 52780 (C.D. Cal. Apr. 11, 2012).

- *In re Beacon Associates Litig.*, 745 F. Supp. 2d 386 (S.D.N.Y. 2010); *In re Beacon Associates Litig.*, 282 F.R.D. 315 (S.D.N.Y. 2012).

- *Messner v. Northshore University HealthSystem*, 669 F.3d 802, No. 10-2514 (7th Cir. Jan. 13, 2012).

- *In re Text Message Antitrust Litigation*, 630 F.3d, 622 (7th Cir. 2010).

- *In re Apple & ATTM Antitrust Litig.*, 2010 U.S. Dist. LEXIS 98270 (N.D. Cal. July 8, 2010).

- *Freeland v. Iridium World Communications Ltd.*, 545 F.Supp.2d 59 (D.D.C. 2008).

- *In re Apple & AT&TM Antitrust Litig.*, 596 F. Supp. 2d 1288 (N.D. Cal. 2008).

- *Harzewski v. Guidant Corp.*, 489 F.3d 799 (7th Cir. 2007).

- *In re JP Morgan Chase & Co. Securities Litigation*, No. 06 C 4674, 2007 U.S. Dist. LEXIS 93877 (N.D. Ill. Dec. 18, 2007).

- *Schoenbaum v. E.I. Dupont De Nemours and Co.*, 2007 WL 2768383 (E.D. Mo. Sept. 20, 2007).

- *Jeffries v. Pension Trust Fund*, 99 Civ. 4174 (LMM), 2007 U.S. Dist. LEXIS 61454 (S.D.N.Y. Aug. 20, 2007).



- *Klein v. Ryan Beck,* 06-Civ. 3460 (WCC), 2007 U.S. Dist. LEXIS 51465 (S.D.N.Y. July 13, 2007).

- *Cannon v. MBNA Corp.* No. 05-429 GMS, 2007 U.S. Dist. LEXIS 48901 (D. Del. 2007).

- *In re Aquila ERISA Litig.,* 237 F.R.D. 202 (W.D. Mo. 2006).

- *Smith v.* Aon Corp., 238 F.R.D. 609 (N.D. Ill. 2006).

- *In re Sepracor Inc. Securities Litigation,* 233 F.R.D. 52 (D. Mass. 2005).

- *In re Transkaryotic Therapies, Inc. Securities Litigation,* No. 03-10165, 2005 U.S. Dist. LEXIS 29656 (D. Mass. Nov. 28, 2005).

- *In re Luxottica Group, S.p.A. Securities Litigation,* 2005 U.S. Dist. LEXIS 9071 (E.D.N.Y. May 12, 2005).

- *In re CNL Hotels & Resorts, Inc. Securities Litigation,* 2005 U.S. Dist. LEXIS 38876, No. 6:04-cv-1231-Orl-31KRS (M.D. Fla. May 9, 2005).

- *Johnson v. Aegon USA, Inc.,* 1:01-CV-2617 (N.D. Ga. Sept. 20, 2004).

- *Freeland v. Iridium World Communications, Ltd.,* 99-1002 (D.D.C. Aug. 31, 2004).

- *In re Acclaim Entertainment, Inc. Securities Litigation,* 03-CV-1270 (E.D.N.Y. June 22, 2004).

- *In re Sepracor Inc. Securities Litigation,* 308 F. Supp. 2d 20 (D. Mass. 2004).

- *In re Concord EFS, Inc. Securities Litigation,* No. 02-2697 (W.D. Tenn. Jan. 7, 2004).

- *In re Pharmatrak, Inc. Privacy Litig.,* 2003 U.S. App. LEXIS 8758 (1st Cir. May 9, 2003).

- *In re Enterprise Mortgage Acceptance Co., LLC, Sec. Litig.,* 02-Civ. 10288 (SWK) (S.D.N.Y. Nov. 5, 2003).

- *In re PerkinElmer, Inc. Securities Litigation,* 286 F. Supp. 2d 46 (D. Mass. 2003).



- *In re Initial Public Offering Securities Litigation,* 241 F. Supp. 2d 281 (S.D.N.Y. 2003).

- *In re Comdisco Securities Litigation,* No. 01 C 2110, 2003 U.S. Dist. LEXIS 5047 (N.D. Ill. Mar. 31, 2003).

- *Berger v. Compaq Computer Corp.,* 257 F.3d 475 (2001), clarified, 279 F.3d 313 (5th Cir. 2002).

- *City Partnership Co. v. Cable TV Fund 14-B,* 213 F.R.D. 576 (D. Colo. 2002).

- *In re Allaire Corporation Securities Litigation,* Docket No. 00-11972 - WGY, 2002 U.S. Dist. LEXIS 18143 (D. Mass., Sept. 27, 2002).

- *In re StarLink Corn Products Liability Litigation,* 212 F.Supp.2d 828 (N.D. Ill. 2002).

- *In re Bankamerica Corp. Securities Litigation,* 263 F.3d 795 (8th Cir. 2001).

- *In re Comdisco Securities Litigation,* 166 F.Supp.2d 1260 (N.D. Ill. 2001).

- *In re Crossroads Systems, Inc. Securities Litigation,* Master File No. A-00-CA-457 JN, 2001 U.S. Dist. LEXIS 14780 (W.D. Tx. Aug. 15, 2001).

- *In re MicroStrategy, Inc. Securities Litigation,* 150 F. Supp. 2d 896 (E.D. Va. 2001).

- *Lindelow v. Hill,* No. 00 C 3727, 2001 U.S. Dist. LEXIS 10301 (N.D. Ill. July 19, 2001).

- *In re MicroStrategy, Inc. Securities Litigation,* 148 F. Supp. 2d 654 (E.D. Va. 2001).

- *Jeffries v. Pension Trust Fund of the Pension, Hospitalization & Benefit Plan of the Electrical Industry,* 172 F. Supp. 2d 389 (S.D.N.Y. 2001).

- *Carney v. Cambridge Technology Partners, Inc.,* 135 F. Supp. 2d 235 (D. Mass. 2001).

- *Weltz v. Lee,* 199 F.R.D. 129 (S.D.N.Y. 2001).

- *Schoers v. Pfizer, Inc.,* 00 Civ. 6121, 2001 U.S. Dist. LEXIS 511 (S.D.N.Y. Jan. 23, 2001).



- *Kurzweil v. Philip Morris Cos.,* 94 Civ. 2373 (MBM), 2001 U.S. Dist. LEXIS 83 (S.D.N.Y. Jan. 9, 2001).

- *Goldberger v. Bear, Stearns & Co.,* 98 Civ. 8677 (JSM), 2000 U.S. Dist. LEXIS 18714 (S.D.N.Y. Dec. 28, 2000).

- *In re Newell Rubbermaid, Inc., Securities Litigation,* Case No. 99 C 6853, 2000 U.S. Dist. LEXIS 15190 (N.D. Ill. Oct. 2, 2000).

- *Stanley v. Safeskin Corp.,* Case No. 99 CV 454 BTM (LSP), 2000 U.S. Dist. LEXIS 14100, Fed. Sec. L. Rep. (CCH) P91, 221 (S.D. Cal. Sept. 18, 2000).

- *In re MicroStrategy, Inc. Securities Litigation,* 115 F. Supp. 2d 620 (E.D. Va. 2000).

- *In re USA Talks.com, Inc. Securities Litigation,* 2000 U.S. Dist. LEXIS 14823, Fed. Sec. L. Rep. (CCH) P91, 231 (S.D. Cal. Sept. 14, 2000).

- *In re Sotheby's Holdings, Inc. Securities Litigation,* 00 CIV. 1041 (DLC), 2000 U.S. Dist. LEXIS 12504, Fed. Sec. L. Rep. (CCH) P91, 059 (S.D.N.Y. Aug. 31, 2000).

- *Dumont v. Charles Schwab & Co., Inc.,* Civil Action No. 99-2840 2000 U.S. Dist. LEXIS 10906 (E.D. La. July 21, 2000).

- *Berger v. Compaq Computer Corp.,* Civil Action No. H-98-1148, 2000 U.S. Dist. LEXIS 21424 (S.D. Tex. July 17, 2000).

- *In re BankAmerica Corp. Securities Litigation,* 95 F. Supp. 2d 1044 (E.D. Mo. 2000).

- *In re Carnegie International Corp. Securities Litigation,* 107 F. Supp. 2d 676 (D. Md. 2000).

- *Berger v. Compaq Computer Corp.,* Civil Action No. H-98-1148, 2000 U.S. Dist. LEXIS 21423 (S.D. Tex. Mar. 13, 2000).

- *In re Imperial Credit Industries Securities Litigation,* CV 98-8842 SVW, 2000 U.S. Dist. LEXIS 2340 (C.D. Cal. Feb. 23, 2000).

- *Sturm v. Marriott Marquis Corp.,* 85 F. Supp. 2d 1356 (N.D. Ga. 2000).

- *In re Health Management Systems Securities Litigation,* 82 F. Supp. 2d 227 (S.D.N.Y. 2000).



- *Dumont v. Charles Schwab & Co., Inc.*, Civil Action No. 99-2840, 2000 U.S. Dist. LEXIS 619 (E.D. La. Jan. 19, 2000).

- *In re MicroStrategy, Inc. Securities Litigation*, 110 F. Supp. 2d 427 (E.D. Va. 2000).

- *In re BankAmerica Corp. Securities Litigation*, 78 F. Supp. 2d 976 (E.D. Mo. 1999).

- *Kurzweil v. Philip Morris Cos.*, 94 Civ. 2373 (MBM), 1999 U.S. Dist. LEXIS 18378 (S.D.N.Y. Nov. 24, 1999).

- *In re Nanophase Technologies Corp. Litigation*, 98 C 3450, 1999 U.S. Dist. LEXIS 16171 (N.D. Ill. Sept. 27, 1999).

- *In re Clearly Canadian Securities Litigation*, File No. C-93-1037-VRW, 1999 U.S. Dist. LEXIS 14273 Cal. Sept. 7, 1999).

- *Yuan v. Bayard Drilling Technologies, Inc.*, 96 F. Supp. 2d 1259 (W.D. Okla. 1999).

- *In re Spyglass, Inc. Securities Litigation*, No. 99 C 512, 1999 U.S. Dist. LEXIS 11382 (N.D. Ill. July 20, 1999).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.*, 1:97-CV-3183-TWT, 1999 U.S. Dist. LEXIS 11595 (N.D. Ga. June 30, 1999).

- *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc.*, 98 CV 3287, 1999 U.S. Dist. LEXIS 11363 (E.D.N.Y. June 1, 1999).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.*, 1:97-CV-3183-TWT, 1999 U.S. Dist. LEXIS 1368, Fed. Sec. L. Rep. (CCH) P90, 429 (N.D. Ga. Jan. 19, 1999).

- *Longman v. Food Lion, Inc.*, 186 F.R.D. 331 (M.D.N.C. 1999).

- *Wright v. Ernst & Young LLP*, 152 F.3d 169 (2d Cir. 1998).

- *Romine v. Compuserve Corp.*, 160 F.3d 337 (6th Cir. 1998).

- *Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998).

- *Walsingham v. Biocontrol Technology, Inc.*, 66 F. Supp. 2d 669 (W.D. Pa. 1998).

- *Sturm v. Marriott Marquis Corp.*, 26 F. Supp. 2d 1358 (N.D. Ga. 1998).



- *Carley Capital Group v. Deloitte & Touche, L.L.P.,* 27 F. Supp. 2d 1324 (N.D. Ga. 1998).

- *In re MobileMedia Securities Litigation,* 28 F.Supp.2d 901 (D.N.J. 1998).

- *Weikel v. Tower Semiconductor, Ltd.,* 183 F.R.D. 377 (D.N.J. 1998).

- *In re Health Management Systems Securities Litigation,* 97 Civ. 1865 (HB), 1998 U.S. Dist. LEXIS 8061 (S.D.N.Y. May 27, 1998).

- *In re Painewebber Ltd. Partnership Litigation,* 999 F. Supp. 719 (S.D.N.Y. 1998).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.,* 1:97-cv-3183-TWT, 1998 U.S. Dist. LEXIS 23222 (N.D. Ga. Feb. 10, 1998).

- *Brown v. Radica Games (In re Radica Games Securities Litigation),* No. 96-17274, 1997 U.S. App. LEXIS 32775 (9th Cir. Nov. 14, 1997).

- *Robbins v. Koger Properties,* 116 F.3d 1441 (11th Cir. 1997).

- *In re TCW/DW North American Government Income Trust Securities Litigation,* 95 Civ. 0167 (PKL), 1997 U.S. Dist. LEXIS 18485 (S.D.N.Y. Nov. 20, 1997).

- *Wright v. Ernst & Young, LLP,* 97 Civ. 2189 (SAS), 1997 U.S. Dist. LEXIS 13630 (S.D.N.Y. Sept. 9, 1997).

- *Felzen v. Andreas,* No. 95-2279, 1997 U.S. Dist. LEXIS 23646 (C.D. Ill. July 7, 1997).

- *Felzen v. Andreas,* No. 95-2279, 1997 U.S. Dist. LEXIS 23647 (C.D. Ill. July 7, 1997).

- *A. Ronald Sirna, Jr., P.C. Profit Sharing Plan v. Prudential Securities, Inc.,* 964 F. Supp. 147 (S.D.N.Y. 1997).

- *Kurzweil v. Philip Morris Companies,* 94 Civ. 2373 (MBM), 1997 U.S. Dist. LEXIS 4451 (S.D.N.Y. April 8, 1997).

- *Bobrow v. Mobilmedia, Inc.,* Civil Action No. 96-4715, 1997 U.S. Dist. LEXIS 23806 (D.N.J. March 31, 1997).



- *Kalodner v. Michaels Stores, Inc.,* 172 F.R.D. 200 (N.D.Tex. 1997).

- *In re Painewebber Ltd. Partnerships Litigation,* 171 F.R.D. 104 (S.D.N.Y. 1997).

- *A. Ronald Sirna, Jr., P.C. Profit Sharing Plan v. Prudential Securities, Inc.,* 95 Civ. 8422 (LAK), 1997 U.S. Dist. LEXIS 1226 (S.D.N.Y. Feb. 7, 1997).

- *In re Painewebber Inc. Limited Partnerships Litigation,* 94 F.3d 49 (2d Cir. 1996).

- *Glassman v. Computervision Corp.,* 90 F.3d 617 (1st Cir. 1996).

- *Alpern v. Utilicorp United, Inc.,* 84 F.3d 1525 (8th Cir. 1996).

- *Shaw v. Digital Equipment Corp.,* 82 F.3d 1194 (1st Cir. 1996).

- *Dresner Co. Profit Sharing Plan v. First Fidelity Bank, N.A.,* 95 Civ. 1924 (MBM), 1996 U.S. Dist. LEXIS 17913 (S.D.N.Y. Dec. 3, 1996).

- *Simon v. American Power Conversion Corp.,* 945 F. Supp. 416 (D.R.I. 1996).

- *TII Industries, Inc.,* 96 Civ. 4412 (SAS), 1996 U.S. Dist. LEXIS 14466 (S.D.N.Y. Oct. 1, 1996).

- *In re TCW/DW North American Government Income Trust Securities Litigation,* 941 F. Supp. 326 (S.D.N.Y. Oct. 1, 1996).

- *In re Painewebber Ltd. Partnership Litigation,* 94 Civ. 8547 (SHS), 1996 U.S. Dist. LEXIS 9195 (S.D.N.Y. June 28, 1996).

- *In re Tricord Systems, Inc., Securities Litigation,* Civil No. 3-94-746, 1996 U.S. Dist. LEXIS 20943 (D. Minn. April 5, 1996).

- *In re Painewebber Limited Partnership Litigation,* 94 Civ. 8547 (SHS), 1996 U.S. Dist. LEXIS 1265 (S.D.N.Y. Feb. 6, 1996).

- *Riley v. Simmons,* 45 F.3d 764 (3d Cir. 1995).

- *Stepak v. Addison,* 20 F.3d 398 (11th Cir. 1994).

- *Zitin v. Turley,* [1991 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 96,123 (D. Ariz. June 20, 1994).



- *In re Southeast Hotel Properties Limited Partnership Investor Litigation*, 151 F.R.D. 597 (W.D.N.C. 1993).

- *County of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295 (2d Cir. 1990).



NOTABLE STATE COURT OPINIONS

- *McWilliams v. City of Long Beach*, 56 Cal. 4th 613 (2013).

- *Roberts v. Tishman Speyer*, 89 A.D.3d 444 (N.Y. App. Div. 1st Dep't 2011).

- *Roberts v. Tishman Speyer*, 13 N.Y.3d 270 (N.Y. 2009).

- *Ardon v. City of Los Angeles*, 52 Cal. 4th 241 (2011).

- *In re Tyson Foods, Inc., Consolidated Shareholder Litigation*, 919 A.2d 563 (Del. Ch. 2007).

- *Naevus Int'l v. AT&T Corp.*, 283 A.D.2d 171, 724 N.Y.S.2d 721 (2001).

- *Paramount Communications, Inc. v. QVC Network, Inc.*, 637 A.2d 34 (Del. Super. Ct. 1994).

- *In re Western National Corp. Shareholders Litigation*, Consolidated C.A. No. 15927, 2000 Del. Ch. LEXIS 82 (May 22, 2000).

- *In re Cencom Cable Income Partners, L.P. Litigation*, C.A. No. 14634, 2000 Del. Ch. LEXIS 90 (May 5, 2000).

- *In re Cencom Cable Income Partners, L.P. Litigation*, Consolidated C.A. No. 14634, 2000 Del. Ch. LEXIS 10 (Jan. 27, 2000).

- *In re Marriott Hotels Properties II Limited Partnership Unitholders Litigation*, Consolidated C.A. No. 14961, 2000 Del. Ch. LEXIS 17 (Jan. 24, 2000).

- *Romig v. Jefferson-Pilot Life Insurance Company*, 132 N.C. App. 682, 513 S.E.2d 598 (Ct. App. 1999), *aff'd*, 351 N.C. 349, 524 S.E.2d 804 (N.C. 2000).

- *Wallace v. Wood*, 752 A.2d 1175 (Del. Ch. 1999).

- *Greenwald v. Batterson*, C.A. No. 16475, 1999 Del. Ch. LEXIS 158 (July 26, 1999).

- *Brown v. Perrette*, Civil Action No. 13531, 1999 Del. Ch. LEXIS 92 (May 18, 1999).

- *In re Cencom Cable Income Partners, L.P. Litigation*, C.A. No. 14634, 1997 Del. Ch. LEXIS 146 (Oct. 15, 1997).



- *In re Marriott Hotel Properties II Limited Partnership Unitholders Litigation*, Consolidated C.A. No. 14961, 1997 Del. Ch. LEXIS 128 (Sept. 17, 1997).

- *In re Cheyenne Software Shareholders Litigation*, Consolidated C.A. No. 14941, 1996 Del. Ch. LEXIS 142 (Nov. 7, 1996).

- *Seinfeld v. Robinson*, 246 A.D.2d 291, 676 N.Y.S.2d 579 (N.Y. 1998).

- *Werner v. Alexander*, 130 N.C. App. 435, 502 S.E.2d 897 (N.C. Ct. App. 1998).



ATTORNEY BIOGRAPHIES

The qualifications of the attorneys in the Wolf Haldenstein Litigation Group are set forth below and are followed by descriptions of some of the Firm's attorneys who normally practice outside the Litigation Group who contribute significantly to the class action practice from time to time.

PARTNERS

**MARK C. RIFKIN:** *admitted:* New York; Pennsylvania; New Jersey; U.S. Supreme Court; U.S. Courts of Appeals for the Second, Third, Fifth, and D.C. Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, the Eastern and Western Districts of Pennsylvania, the District of New Jersey, the Eastern District of Wisconsin and the Western District of Michigan. *Education:* Princeton University (A.B. 1982); Villanova University School of Law (J.D. 1985). Contributor, Packel & Poulin, *Pennsylvania Evidence* (1987).

A highly experienced securities class action and shareholder rights litigator, Mr. Rifkin has recovered hundreds of millions of dollars for victims of corporate fraud and abuse in federal and state litigation across the country. Since 1990, Mr. Rifkin has served as lead counsel, co-lead counsel, or trial counsel in many class and derivative actions in securities, intellectual property, antitrust, insurance, consumer and mass tort litigation throughout the country.

Unique among his peers in the class action practice, Mr. Rifkin has extensive trial experience. Over the past thirty years, Mr. Rifkin has tried many complex commercial actions in federal and state courts across the country in class and derivative actions, including *In re National Media Corp. Derivative Litig.*, C.A. 90-7574 (E.D. Pa.), *Upp v. Mellon Bank, N.A.*, C.A. No. 91-5229 (E.D. Pa.), where the verdict awarded more than $60 million in damages to the Class (later reversed on appeal, 997 F.2d 1039 (3d Cir. 1993)), and *In re AST Research Securities Litigation*, No. 94-1370 SVW (C.D. Cal.), as well as a number of commercial matters for individual clients, including *Zelouf Int'l Corp. v. Zelouf*, Index No. 653652/2013 (N.Y. Sup. Ct. 2015), in which he obtained a $10 million judgment for his client.

Mr. Rifkin also has extensive appellate experience. Over thirty years, Mr. Rifkin has argued dozens of appeals on behalf of appellants and appellees in several federal appellate courts, and in the highest appellate courts in New York, Pennsylvania, New Jersey, and Delaware.



Mr. Rifkin has earned the AV®-Preeminent rating by Martindale-Hubbell® for more than 20 years, and has been selected for inclusion in the New York Metro SuperLawyers® listing since 2010. In 2014, Mr. Rifkin was named a "Titan of the Plaintiff's Bar" by Law360®.

In 2015, Mr. Rifkin received worldwide acclaim for his role as lead counsel for the class in *Good Morning To You Productions Corp. v. Warner/Chappell Music, Inc.*, No. CV 13-04460-GHK (MRWx), in federal court in Los Angeles, successfully challenging the copyright to "Happy Birthday to You," the world's most famous song.  In recognition of his historic victory, Mr. Rifkin was named a Trailblazer in Intellectual Property by the National Law Journal in 2016.  In 2018, Mr. Rifkin led a team of lawyers from Wolf Haldenstein who represented the plaintiffs in *We Shall Overcome Foundation, et al. v. The Richmond Organization, Inc., et al.*, No. 16-cv-02725-DLC (S.D.N.Y.), which successfully challenged the copyright to "We Shall Overcome," called the "most powerful song of the 20th century" by the Librarian of Congress.

Mr. Rifkin lectures frequently to business and professional organizations on a variety of securities, shareholder, intellectual property, and corporate governance matters. Mr. Rifkin is a guest lecturer to graduate and undergraduate economics and finance students on corporate governance and financial disclosure topics. He also serves as a moot court judge for the A.B.A. and New York University Law School.  Mr. Rifkin appears frequently in print and broadcast media on diverse law-related topics in corporate, securities, intellectual property, antitrust, regulatory, and enforcement matters.

**BETSY C. MANIFOLD**:  *admitted***:**  Wisconsin; New York; California; U.S. District Courts for the Western District of Wisconsin, Eastern and Southern Districts of New York, and Northern, Central and Southern Districts of California.  *Education*:  Elmira College; Middlebury College (B.A., *cum laude*, 1980); Marquette University (J.D., 1986); New York University. Thomas More Scholar. Recipient, American Jurisprudence Award in Agency. Member: The Association of the Bar of the City of New York.  Languages: French.

Ms. Manifold served as co-lead counsel in the following cases to recovery on behalf of employees: *Miguel Garcia, et al. v. Lowe's Home Center, Inc. et al.* – Case No. GIC 841120 (Barton) (Cal. Sup. Ct, San Diego) ($1.65 million settlement w/ average class member recovery of $5,500, attorney fees and cost awarded separately) and *Neil Weinstein, et al.*



*v. MetLife, Inc., et al.* – Case No. 3:06-cv-04444-SI (N.D. Cal) ($7.4 million settlement). Ms. Manifold also served as co-lead counsel in the following derivative actions: *In re Atmel Corporation Derivative Litigation*, Master File No. CV 06-4592-JF (N.D. Cal.) ($9.65 million payment to Atmel) and *In re Silicon Storage Technology Inc. Derivative Litig.*, Case No. C 06-04310 JF (N.D. Cal.) (cash payment and re-pricing of options with a total value of $5.45 million). Ms. Manifold also worked as lead counsel on the following class action: *Lewis v. American Spectrum Realty,* Case No. 01 CC 00394, Cal. Sup. Ct (Orange County) ($6.5 million settlement).

**BENJAMIN Y. KAUFMAN**: *admitted*: New York.  *Education*: Yeshiva University, B.A.; Benjamin N. Cardozo School of Law, Yeshiva University, J.D.  Mr. Kaufman focuses on class actions on behalf of defrauded investors and consumers.  Mr. Kaufman's successful securities litigations include *In re Deutsche Telekom AG Securities Litigation*, No. 00-9475 (S.D.N.Y.), a complex international securities litigation requiring evidentiary discovery in both the United States and Europe, which settled for $120 million.  Mr. Kaufman was also part of the team that recovered $46 million for investors in *In re Asia Pulp & Paper Securities Litigation*, No. 01-7351 (S.D.N.Y.); and $43.1 million, with contributions of $20 million, $14.85 million and $8.25 million from Motorola, the individual defendants, and defendant underwriters respectively, in *Freeland v. Iridium World Communications, Ltd*.

Mr. Kaufman's outstanding representative results in derivative and transactional litigations include: *In re Trump Hotels Shareholder Derivative Litigation* (Trump personally contributed some of his holdings; the company increased the number of directors on its board, and certain future transactions had to be reviewed by a special committee); *Southwest Airlines Derivative Litigation (Carbon County Employee Retirement System v. Kelly* (Dist. Ct. Dallas Cnty., Tex.)) (a derivative matter that resulted in significant reforms to the air carrier's corporate governance and safety and maintenance practices and procedures for the benefit of Southwest and its shareholders).

He argued the appeal in *In re Comverse Technology, Inc. Derivative Litig.*, 56 A.D.3d 49 (1st Dep't 2008) which led to the seminal New York Appellate Division opinion which clarified the standards of demand futility, and held that a board of directors loses the protection of the business judgment rule where there is evidence of self-dealing and poor judgment by the directors; and *In re Topps Company, Inc. Shareholders Litigation* which resulted in a 2007 decision which vindicated the rights of shareholders under the rules of comity and doctrine of forum non conveniens and to pursue claims in the most relevant forum notwithstanding the fact that jurisdiction might exist as well in the state



of incorporation.  Mr. Kaufman has also lectured and taught in the subjects of corporate governance as well as transactional and derivative litigation.

In addition, Mr. Kaufman represents many corporate clients in complex commercial matters, including *Puckett v. Sony Music Entertainment*, No. 108802/98 (Sup. Ct. N.Y. Cnty. 2002) (a complex copyright royalty class action); *Shropshire v. Sony Music Entertainment*, No. 06-3252 (S.D.N.Y.), and *The Youngbloods v. BMG Music*, No. 07-2394 (S.D.N.Y.); and *Mich II Holdings LLC v. Schron,* No. 600736/10 (Sup. Ct. N.Y. Cnty.) (represented certain defendants in connection with real estate dispute and successfully litigated motion to dismiss all claims against those defendants; he continues to represent those clients' interests in several related litigations in New York and Delaware).  Mr. Kaufman has also represented clients in arbitrations and litigation involving oppressed minority shareholders in closely held corporations.

Prior to joining Wolf Haldenstein, and prior to joining Milberg in August of 1998, Mr. Kaufman was a Court Attorney for the New York State Supreme Court, New York County (1988-1990) and Principal Law Clerk to Justice Herman Cahn of the Commercial Division of the New York State Supreme Court, New York County (1990-1998).

Mr. Kaufman is an active member of the Commercial and Federal Litigation Section of the New York State Bar Association, the International Association of Jewish Lawyers and Jurists and the Jewish Lawyers Guild.  He has also lectured on corporate governance issues to institutional investor conferences across the United States and abroad.  Mr. Kaufman is a member of the Board of Trustees of the Hebrew Academy of the Five Towns and Rockaways.

**THOMAS H. BURT**: *admitted*: New York; U.S. District Courts for the Southern and Eastern Districts of New York, Eastern District of Michigan.  *Education*: American University (B.A. 1993); New York University (J.D. 1997).  Articles Editor with New York University Review of Law and Social Change.  Mr. Burt is a litigator with a practice concentrated in securities class actions and complex commercial litigation. After practicing criminal defense with noted defense lawyer Jack T. Litman for three years, he joined Wolf Haldenstein, where he has worked on such notable cases as *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y.) (a novel and sweeping amalgamation of over 300 class actions  which resulted in a recovery of $586 million); *In re MicroStrategy Securities Litigation*, No. 00-473-A (E.D. Va.) (recovery of $192 million); *In re DRAM Antitrust Litigation*, No. 02-cv-1486 (PJH) (N.D. Cal.) (antitrust case resulting in $315 million recovery); *In re Computer Associates 2002 Class Action Securities*



*Litigation*, No. 02-cv-1226 (TCP) (E.D.N.Y.)(settled, together with a related fraud case, for over $133 million); *K.J. Egleston L.P. v. Heartland Industrial Partners, et al.*, 2:06-13555 (E.D. Mich.) (recovery included personal assets from former Reagan Administration budget director David A. Stockman); and *Parker Friedland v. Iridium World Communications, Ltd.*, 99-1002 (D.D.C.)(recovery of $43.1 million).  Mr. Burt has spoken on several occasions to investor and activist groups regarding the intersection of litigation and corporate social responsibility.  Mr. Burt writes and speaks on both securities and antitrust litigation topics.  He has served as a board member and officer of the St. Andrew's Society of the State of New York, New York's oldest charity.

**RACHELE R. BYRD:** ***admitted:*** California; U.S. District Courts for the Southern, Northern, Central and Eastern Districts of California; U.S. Court of Appeals for the Ninth Circuit.  ***Education:***  Point Loma Nazarene College (B.A., 1994); University of California, Hastings College of the Law (J.D., 1997).  Member: State Bar of California.  Former Deputy Alternate Public Defender for the County of San Diego.  Ms. Byrd is located in the firm's San Diego office. She practices corporate derivative and class action litigation including securities, consumer, antitrust, employment and general corporate and business litigation.  Ms. Byrd has played a significant role in litigating numerous class and derivative actions, including *In re Apple & AT&TM Antitrust Litigation*, Master File No. C 07-05152 JW (N.D. Cal.) (antitrust class action against Apple Inc. and AT&T Mobility LLC regarding aftermarkets for iPhone wireless service and applications); *Ardon v. City of Los Angeles* (2011) 52 Cal.4th 241 (challenging the City of Los Angeles' telephone users tax on behalf of the City's taxpayers); *McWilliams v. City of Long Beach*, 2013 Cal. LEXIS 3510, Cal. Supreme Ct. No. S202037 (April 25, 2013) (challenging the City of Long Beach's telephone users tax on behalf of the City's taxpayers); *DeFrees, et al. v. Kirkland, et al.*, No. CV 11-04272 GAF(SPx) (C.D. Cal.) (shareholder derivative action); *Bamboo Partners LLC, et al. v. Robert Mondavi Corp., et a*l. (shareholder class action that settled for $10.8 million in 2007);  and *Lewis, et al. v. American Spectrum Realty, Inc., et al.*, (shareholder class action that settled for $6.5 million in 2004).

**MATTHEW M. GUINEY**: ***admitted:*** New York; U.S. District Courts for the Southern and Eastern District of New York.  ***Education:*** The College of William & Mary (B.A. in Government and Economics 1998); Georgetown University Law Center (J.D. 2002).  Mr. Guiney's primary areas of practice are securities class actions under the Securities Act of 1933 and the Exchange Act of 1934, complex commercial litigation, *Employee Retirement Income Security Act* (*ERISA*) actions on behalf of plan participants, *Fair Labor Standards*



*Act* of 1938 actions concerning overtime payment, and fiduciary duty actions under various state laws. Mr. Guiney has helped recover hundreds of millions of dollars for victims of corporate fraud and abuse in federal and state litigation across the country. Some of Mr. Guiney's notable results on behalf of investors include: *Mallozzi v. Industrial Enterprises of America, Inc. et al.*, 1:07-cv-10321-DLC (S.D.N.Y.) ($3.4 million settlement on behalf of shareholders); *In re Luxottica Group S.p.A. Securities Litigation*, No. CV 01-3285 (JBW) (MDG) (E.D.N.Y.) ($18.5 million settlement on behalf of shareholders); *In re MBNA Corp. ERISA Litigation*, Master Docket No. 05-429 (GMS), (D. Del) ($4.5 million settlement on behalf of plan participants). Recent publications include: *Citigroup and Judicial Immunity in ERISA: An Emerging Trend?*, Compensation and Benefits Review, Vol. 42, No. 3, 172-78 (May/June 2010) (with Mark C. Rifkin); *Case of the Moenchies: Moench Provision Expansion*, Employment Law360/Securities Law360 Newswires, Guest Column (June 2, 2010) (with Mark C. Rifkin).

**MALCOLM T. BROWN**: *admitted:* United States District Courts for the Southern and Eastern Districts of New York, District of New Jersey and Eastern District of Pennsylvania; United States Court of Appeals for the Second Circuit. *Education:* University of Pennsylvania (B.A., Political Science 1988) and Rutgers University School of Law (J.D. 1994). Mr. Brown's primary areas of practice are securities, derivative, M&A litigation and consumer class actions. Recent notable decisions include: *Johnson v. Ford Motor Co.*, 309 F.R.D. 226 (S.D. W. Va. 2015); *Thomas v. Ford Motor Co.*, 2014 U.S. Dist. LEXIS 43268 (D.S.C. Mar. 31, 2014); *In re Merkin Sec. Litig.*, 2015 U.S. Dist. LEXIS 178084 (S.D.N.Y. Aug. 24, 2015). Prior to joining Wolf Haldenstein, Mr. Brown was a business litigation attorney who represented financial institutions, corporations and partnerships and advised clients on business disputes, reorganizations, dissolutions and insurance coverage matters. Notable decisions include: *Garment v. Zoeller*, 2001 U.S. Dist. LEXIS 20736 (S.D.N.Y. June 19, 2001), *aff'd* 2002 U.S. App. LEXIS 9966 (2d Cir. May 24, 2002); *Bainton v. Baran*, 731 N.Y.S.2d 161 (1st Dep't 2001).

SPECIAL COUNSEL

**JUSTICE HERMAN CAHN**: *admitted:* New York. *Education*: Harvard Law School and a B.A. from City College of the City University of New York. Justice Herman Cahn was first elected as Judge of the Civil Court of the City of New York in 1976. He subsequently served as an Acting Justice of the Supreme Court from 1980 until 1992, when he was elected to the Supreme Court. Throughout his decades on the bench, he principally handled civil cases, with the exception of 1981 until 1987, when he presided



over criminal matters.  Justice Cahn was instrumental in the creation of, and a founding Justice in, the Commercial Division within the New York State Supreme Court.  He served as a Justice of the Commercial Division from its inception in 1993.

Among his most notable recent cases are the consolidated cases stemming from the Bear Stearns merger with JP Morgan (*In re Bear Stearns Litigation*); litigation regarding the America's Cup Yacht Race (*Golden Gate Yacht Club v. Société Nautique de Genève*); litigation stemming from the attempt to enjoin the construction of the new Yankee Stadium (*Save Our Parks v. City of New York*); and the consolidated state cases regarding the rebuilding of the World Trade Center site (*World Trade Center Properties v. Alliance Insurance; Port Authority v. Alliance Insurance*).

Justice Cahn is a member of the Council on Judicial Administration of the Association of the Bar of the City of New York.  He has also recently been appointed to the Character and Fitness Committee of the Appellate Division, First Department.  He is on the Register of Mediators for the United States Bankruptcy Court, Southern and Eastern Districts of New York.

Before ascending the bench, Justice Cahn practiced law in Manhattan.  He was first admitted to the New York bar in 1956.  He is admitted to practice in numerous courts, including the New York State courts, the Southern District of New York and the United States Supreme Court.

ROBERT ALTCHILER: *admitted*: New York; Connecticut. *Education:* State University of New York at Albany (B.S., 1985); George Washington University Law School (J.D., 1988).  Mr. Altchiler heads the firm's White Collar and Investigations practice group.  Robert's practice focuses primarily in the areas of White Collar criminal investigations, corporate investigations, litigation, tax and general corporate counseling. Robert has successfully defended individuals and corporations in a wide array of multifaceted investigations in areas such as mortgage fraud, securities fraud, tax fraud, prevailing wage, money laundering, Bank Secrecy Act, embezzlement, bank and wire fraud, theft of trade secrets, criminal copyright infringement, criminal anti-counterfeiting, Foreign Corrupt Practices Act (FCPA), International Traffic In Arms Regulations (ITAR), racketeering, continuing criminal enterprises, and circumvention of trade restrictions, among  many others. Robert also specializes in non-criminal investigations related to various topics, including finding money allegedly being hidden by individuals, ascertaining the identities of individuals actually involved in corporate matters (when a



client believes those identities are being concealed), and running undercover "sting" operations as part of civil and commercial litigation support.

Robert conducts corporate investigations and, when appropriate, when the client instructs, refers the results to law enforcement for prosecution. In one recent example, a corporate CEO came to learn assets and materials were being diverted by employees, and that the corporation was "bleeding" money as a result. The CEO needed assistance in ascertaining the identities and extent of involvement of the wrongdoers, as well as the level of theft involved. Robert directed a corporate investigation that revealed the nature of the problem. He then referred the investigation to federal authorities, which arrested the wrongdoers and prosecuted them. The wrongdoers were convicted. In addition, the amount of the theft was included in a court ordered restitution judgment and the corporation will be repaid in full.

In 1988, Robert started his legal career as a prosecutor in New York City. As a prosecutor, in addition to trying several dozen serious cases, ranging from murder to fraud to narcotics violations, he also ran wiretap and grand jury investigations involving money laundering and other financial crimes, as well as a wiretap and investigation concerning a plot to assassinate a prominent NYC judge.

In addition to his practice, Robert has been an adjunct law professor at Pace University Law School since 1998, where he teaches trial advocacy. Robert has also been a featured participant and lecturer at Cardozo Law School's acclaimed Intensive Trial Advocacy Program in New York City, and has also taught at Yale Law School. Robert's trial advocacy teaching requires him to constantly integrate new developments in communication theory and trial techniques into his pedagogical methods. Given the changing way students (and prospective jurors) communicate and digest information (via Twitter, Instagram and Snapchat, for example) Robert is able to adapt his teaching to the needs of his students. By actively participating in the mock trials and by frequently demonstrating methods, he is able to continually adapt his own communication skills and integrate cutting-edge developments into his own practice.

Robert graduated from the George Washington University Law School, and graduated with honors from the Business School at the State University of New York at Albany in 1985. He is also a 1996 graduate of the National Criminal Defense College and a 1997 graduate of the National Institute for Trial Advocacy's Harvard Teacher Training Program. In 2014, Robert was asked to teach at the prestigious EATES Program at Stetson University Law School, a program designed to teach trial advocacy professors



how to better teach their students. Robert has also made dozens of television appearances on Fox, Court TV, and Tru TV, providing legal commentary on televised trials, and participating in discussions related to pertinent issues.

OF COUNSEL

**DANIEL W. KRASNER**: *admitted:* New York; Supreme Court of the United States; U.S. Courts of Appeals for the Second, Third, Fourth, Sixth, Eighth, Ninth, Tenth, and Eleventh Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, Central District of Illinois, and Northern District of Michigan. *Education:* Yale Law School (LL.B., 1965); Yeshiva College (B.A., 1962). Mr. Krasner is of counsel at Wolf Haldenstein. He began practicing law with Abraham L. Pomerantz, generally credited as the "Dean of the Class Action Bar." He founded the Class Litigation Group at Wolf Haldenstein in 1976.

Mr. Krasner received judicial praise for his class action acumen as early as 1978. *See, e.g., Shapiro v. Consolidated Edison Co.*, [1978 Transfer Binder] Fed. Sec. L. Rep. (CCH) & 96,364 at 93,252 (S.D.N.Y. 1978) ("in the Court's opinion the reputation, skill and expertise of . . . [Mr.] Krasner, considerably enhanced the probability of obtaining as large a cash settlement as was obtained"); *Steiner v. BOC Financial Corp.*, [1980 Transfer Binder] Fed. Sec. L. Rep. (CCH) & 97,656, at 98,491.4, (S.D.N.Y. 1980) ("This Court has previously recognized the high quality of work of plaintiffs' lead counsel, Mr. Krasner"). The New York Law Journal referred to Mr. Krasner as one of the "top rank plaintiffs' counsel" in the securities and class action fields. In connection with a failed 1989 management buyout of United Airlines, Mr. Krasner testified before Congress.

More recently, Mr. Krasner has been one of the lead attorneys for plaintiffs in some of the leading Federal multidistrict cases in the United States, including the IPO Litigation in the Southern District of New York, the Mutual Fund Market Timing Litigation in the District of Maryland, and several Madoff-related litigations pending in the Southern District of New York. Mr. Krasner has also been lead attorney in several precedent-setting shareholder actions in Delaware Chancery Court and the New York Court of Appeals, including *American International Group, Inc. v. Greenberg*, 965 A.2d 763 (Del. Ch. 2009) and the companion certified appeal, *Kirschner v. KPMG LLP*, Nos. 151, 152, 2010 N.Y. LEXIS 2959 (N.Y. Oct. 21, 2010); *Teachers' Retirement System of Louisiana and City of New Orleans Employees' Retirement System, derivatively on behalf of nominal defendant American International Group, Inc., v. PricewaterhouseCoopers LLP*, No. 152 (New York,



October 21, 2010); *In re CNX Gas Corp. S'holders Litig.*, C.A. No. 5377-VCL, 2010 Del. Ch. LEXIS 119 (Del. Ch., May 25, 2010); *In re CNX Gas Corp. S'holders Litig.*, C.A. No. 5377-VCL, 2010 Del. Ch. LEXIS 139, (Del. Ch. July 5, 2010), appeal refused, 2010 Del. LEXIS 324, 2010 WL 2690402 (Del. 2010).

Mr. Krasner has lectured at the Practicing Law Institute; Rutgers Graduate School of Business; Federal Bar Council; Association of the Bar of the City of New York; Rockland County, New York State, and American Bar Associations; Federal Bar Council, and before numerous other bar, industry, and investor groups.

**PETER C. HARRAR**:   *admitted*; **New York;** United States Court of Appeals for the Fourth Circuit and the United States District Courts for the Southern and Eastern Districts of New York.   *Education*: Columbia Law School (J.D. 1984); Princeton University, Phi Beta Kappa, *magna cum laude*.   Mr. Harrar is of counsel at the firm and has extensive experience in complex securities and commercial litigation on behalf of individual and institutional clients.

He has represented investment funds, hedge funds, insurance companies and other institutional investors in a variety of individual actions, class actions and disputes involving mortgage-backed securities and derivative instruments. Examples include *In re EMAC Securities Litigation*, a fraud case concerning private placements of securitized loan pools, and *Steed Finance LDC v. LASER Advisors, Inc.*, a hybrid individual and class action concerning the mispricing of swaptions.

Over the years, Mr. Harrar has also served as lead or co-lead counsel in numerous securities class and derivative actions throughout the country, recovering hundreds of millions of dollars on behalf of aggrieved investors and corporations. Recent examples are some of the largest recoveries achieved in resolution of derivative actions, including *American International Group Consolidated Derivative Litigation*) ($90 million), and *Bank of America/Merrill Derivative Litigation* ($62.5 million).

**JEFFREY G. SMITH**:   *admitted:*   New York; California; Supreme Court of the United States; U.S. Courts of Appeals for the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Circuits; U.S. Tax Court; U.S. District Courts for the Southern and Eastern Districts of New York, Southern,  Central and Northern Districts of California and the Districts of Colorado and Nebraska.   *Education*: Woodrow Wilson School of Public and International Affairs, Princeton University (M.P.A., 1977); Yale Law School (J.D., 1978); Vassar College (A.B., *cum laude generali*, 1974).   At Yale Law School, Mr. Smith was a teaching assistant for the Trial Practice course and a student supervisor in



the Legal Services Organization, a clinical program.  Member: The Association of the Bar of the City of New York; New York State and American (Section on Litigation) Bar Associations; State Bar of California (Member: Litigation Section); American Association for Justice.  Mr. Smith has frequently lectured on corporate governance issues to professional groups of Fund trustees and investment advisors as well as to graduate and undergraduate business student groups, and has regularly served as a moot court judge for the A.B.A. and at New York University Law School.  Mr. Smith has substantial experience in complex civil litigation, including class and derivative actions, tender offer, merger, and takeover litigation.  Mr. Smith is rated "AV" by Martindale Hubble and, since its inception in 2006, has been selected as among the top 5% of attorneys in the New York City metropolitan area chosen to be included in the Super Lawyers Magazine.

**ANITA B. KARTALOPOULOS**: *admitted*: New York.  *Education*: University of Toledo, B.A.; Seton Hall University, (J.D., 1982).  Ms. Kartalopoulos, a former member of Milberg LLP, litigates claims in the areas of securities fraud, derivative litigation, and mergers and acquisitions.  She focuses her practice on lead plaintiff litigation, as well as breach of fiduciary and transactional litigation.  She works closely with the institutional investor clients, including trustees of public and private funds, throughout the U.S. providing counsel on asset recovery, fiduciary education, and risk management.

Ms. Kartalopoulos has extensive experience in litigating complex securities cases including *In re Sears, Roebuck & Co. Securities Litigation* ($215 million settlement), *In re Chiron Corp. Securities Litigation* ($30 million settlement), and others.  Ms. Kartalopoulos has also achieved noteworthy results including improved corporate governance and disclosures as well as increased share value in recent litigations including in *In re Topps Co. Shareholder Litigation*, *In re Anheuser-Busch Cos. Shareholders Litigation*, *In re Net Logic*, *In re Smith International*, *In re L-3 Communication Holdings, Inc.*, *In re Republic Services*, *Derivative Litigation*, and many others.

Prior to entering private practice, Ms. Kartalopoulos served in senior regulatory positions involving insurance and health in the State of New Jersey, including serving as Deputy Commissioner of Insurance, for Life and Health; Director of Legal and Regulatory Affairs (Department of Health); and Executive Director of the New Jersey State Real Estate Commission.  She managed the New Jersey Insurance Department's Multi-State Task Force investigating the sales practices of the Prudential Insurance Company, which resulted in a $50 million fine against Prudential and a $4 billion



recovery for policyholders.  She also served on the Board of Directors of MBL Insurance Company as a rehabilitator and managed litigation on behalf of the company.

Ms. Kartalopoulos is a regular speaker at numerous conferences focused on fiduciary education, ethics, and U.S. securities litigation, including the  Investment Education Symposium, the Institutional Investor European Pensions Symposium, the Canadian Hedge Funds Investment Roundtable, the New York Hedge Funds Roundtable, and the AEDBF (*Association Europeenne de Droit Bancaire et Financier*), FPPTA Trustee School, GAPPT, MATTER, LATEC.  She also speaks regularly on the complex legal environment that institutional investors face when addressing losses due to securities fraud as well as their proactive and reactive alternatives.

Ms. Kartalopoulos has co-authored "Deterring Executive Compensation Excesses: Regulatory Weaknesses, Litigation Strengths" (03/05, NY, NY), and "Vintage Wine in New Bottles: The Curious Evolution of the Concept of Loss Causation" (11/05, NY, NY).

Ms. Kartalopoulos is admitted to the bar of the State of New Jersey, the U.S. Courts of Appeals for the Federal and Third Circuits.

KATE MCGUIRE: *admitted*: New York; U.S. District Courts for the Southern and Eastern Districts of New York.  *Education*: University of California at Santa Cruz (B.A. 1995), Georgetown University Law Center (J.D., 1998); Member: *Georgetown Immigration Law Journal*.

Ms. McGuire has extensive experience prosecuting complex litigation.  Her work encompasses consumer and data protection class actions, securities class and derivative shareholder cases and nationwide antitrust suits.

She is a member of the Firm's Consumer Protection practice group and, in that context, has worked intensively to protect classes of consumers under a range of state and federal laws. Recently, she served as a member of the co-lead counsel team in *Simerlein et al. v. Toyota Motor Corporation et al.*, 3:17-CV-01021-VAB (D. Conn.), representing more than a million owners of Sienna minivans in litigation that settled for class-wide benefits valued at between $30 and $40 million.  Presently, she serves on a team representing plaintiffs in multi-district litigation against Fisher-Price and Mattel, relating to Rock 'n Play infant sleepers which are alleged to be dangerous and misleadingly marketed. She has also served as a member of the firm's lead or co-counsel teams in other consumer protection cases, including litigation based upon



allegations of misrepresentations and omissions concerning the purported safety of electronic cigarettes.

Ms. McGuire has also represented plaintiffs with respect to the protection of their civil rights. For example, she represented a blind plaintiff in a suit under the Americans with Disability Act against a major trading online trading company, and represented a group of minority business owners in federal civil rights litigation concerning disparate treatment which settled for significant governance therapeutics.

**GLORIA KUI MELWANI**: *admitted*: New York, New Jersey, United States District Courts for the Southern and Eastern Districts of New York, District of New Jersey. *Education*: New York University (B.M., Piano Performance, 2000); Benjamin N. Cardozo School of Law (J.D., 2005), where she served as a Notes Editor on the Cardozo Public Law, Policy and Ethics Journal. Ms. Melwani's primary areas of focus are securities, stockholder derivative litigation, M&A litigation, and consumer litigation.

In 2018, Ms. Melwani represented the plaintiffs in *We Shall Overcome Foundation, et al. v. The Richmond Organization, Inc., et al.*, No. 16-cv-02725-DLC (S.D.N.Y.), which successfully challenged the copyright to "We Shall Overcome," called the "most powerful song of the 20th century" by the Librarian of Congress.

**LYDIA KEANEY REYNOLDS:** *admitted*: New York, U.S. District Courts for the Southern and Eastern Districts of New York and the Northern and Central Districts of Illinois. *Education*: Temple University (B.A. *magna cum laude*, Phi Beta Kappa, English, 2004); University of Pennsylvania Law School (J.D. 2007), where she was a Production Editor of the *University of Pennsylvania Journal of Constitutional Law*. Prior to joining Wolf Haldenstein, Ms. Reynolds was an associate at SNR Denton US LLP, n/k/a Dentons.

Ms. Reynolds has substantial experience litigating complex class actions in a variety of practice areas, including consumer fraud and securities litigation.

Ms. Reynolds joined Wolf Haldenstein as an associate in 2011. In 2015, she left Wolf Haldenstein to serve as an Assistant Attorney General in the Consumer Frauds and Protection Bureau of the Office of the New York Attorney General, and returned to the Firm in 2017. As an Assistant Attorney General, Ms. Reynolds investigated and litigated actions against financial services corporations and manufacturers and retailers who engaged in unfair or deceptive practices.



As an attorney at Wolf Haldenstein, Ms. Reynolds represented the plaintiffs in *In re Empire State Realty Trust, Inc. Investor Litig.*, No. 650607/2012 (N.Y. Sup. Ct.), arising out of the historic IPO of the Empire State Building and other properties and resulting in a $55 million recovery for the original investors. Ms. Reynolds also has significant experience litigating consumer fraud actions, including *Milman v. Thermos LLC*, No. 1:13-cv-7750 (N.D. Ill.), a consumer fraud action alleging that Thermos bottles advertised as leak-proof were not, resulting in a settlement of over $1 million in cash and products for consumers.

CARL MALMSTROM: *admitted:* Illinois; Minnesota; United States Court of Appeals for the Seventh Circuit; Northern and Southern Districts of Illinois; Northern District of Indiana; District of Minnesota; Eastern District of Missouri; Western District of New York. *Education:* University of Chicago (A.B., Biological Sciences, 1999; A.M., Social Sciences, 2001); The University of Hawaiʻi at Manoa (M.A., Anthropology, 2004); Loyola University Chicago School of Law (J.D., 2007). Prior to joining the firm, Mr. Malmstrom worked for the City of Chicago Department of Law in the Municipal Prosecutions Division; he is a member of the Chicago Bar Association. Mr. Malmstrom has substantial experience litigating complex class actions in several practice areas, including antitrust, consumer fraud, and data security. Representative cases in which he has represented plaintiffs include *Bokelman et al. v. FCH Enterprises, Inc.*, Case No. 1:18-cv-209 (D. Haw.), involving customers of Zippy's Restaurants in Hawaii whose personal data was stolen by hackers, *In re: Experian Data Breach Litigation*, Case No. 8:15-cv-1592 (C.D. Cal.); *Freeman-Hargis v. Taxi Affiliation Services, LLC*, Case No. 2016-CH-02519 (Cir. Ct. Cook Cty.), involving customers of several taxi services in Chicago who were unlawfully charged fees for using credit cards in taxis.


ASSOCIATES

KEVIN COOPER: *admitted*: New York; New Jersey; U.S. District Courts for the Southern District of New York and the District of New Jersey. *Education:* Fordham University (B.A., Legal and Policy Studies, 2011); Brooklyn Law School (J.D., 2014), where he served as an Associate Managing Editor on the Brooklyn Journal of Corporate, Financial & Commercial Law and as a Barry L. Zaretsky Fellow in Commercial and Bankruptcy Law. Mr. Cooper's primary areas of focus are securities, derivative and M&A litigation.

BRITTANY N. DEJONG: *admitted*: California; U.S. District Courts for the Southern, Northern, Central and Eastern Districts of California. *Education:* University of Phoenix



(B.S. 2005); Golden Gate University, School of Law (J.D. 2008), Graduated with Highest Honors, Editor – Law Review, Merit Scholarship Recipient, Member: State Bar of California. Prior to joining Wolf Haldenstein, Ms. DeJong was an associate at a boutique trial firm in San Francisco where her practice focused on multiparty litigation involving catastrophic property damage.  Prior to entering private practice, Ms. DeJong worked as a Research Attorney for the Honorable Peter Busch in the Law & Motion Department at the San Francisco Superior Court.  Additionally, while in law school, Ms. DeJong externed for the Honorable Susan Illston of the Northern District of California and the U.S. Securities and Exchange Commission.

**PATRICK DONOVAN**: *admitted:* New York; U.S. District Courts for the Southern and Eastern Districts of New York; United States Court of Appeals for the Ninth Circuit. *Education:* Iona College (B.A., Business Management, 2007); St. John's University School of Law (J.D. 2011).  Mr. Donovan's primary areas of focus are securities, derivative and M&A litigation.

**MARISA LIVESAY:** *admitted*: California; United States District Courts for the Southern, Central and Northern District of California; Ninth Circuit.  *Education*: University of Arizona (B.A., History & Spanish, 1999); University California Los Angeles Law School (J.D. 2002).


## PARAPROFESSIONALS

**GREGORY STONE:**  *Education:* University of Pennsylvania (B.S., Economics, 1979); University of California, Los Angeles (MBA, 1983). Mr. Stone is the Firm's Director of Case and Financial Analysis. He assists partners and associates in identifying and researching potential federal class action securities, derivative litigation and merger & acquisition (M&A) litigation. Mr. Stone has worked with leading securities class action firms in an analytical and investigative role for over 18 year throughout the United States, and has an extensive professional background in the accounting and investment professions. He plays a key role in new case development, including performing investigations into potential securities fraud class actions, derivative and other corporate governance related actions. By using a broad spectrum of financial news and legal industry research tools, Mr. Stone analyzes information that helps identify and support the theories behind the firm's litigation efforts.



## Non-Discrimination Policies

Wolf Haldenstein does not discriminate or tolerate harassment against any employee or applicant because of race, creed, color, national origin, sex, age, disability, marital status, sexual orientation, or alienage or citizenship status and designs its hiring practices to ensure that minority group members and women are afforded equal employment opportunities without discrimination.  The Firm is in compliance with all applicable Federal, State, County, and City equal employment opportunity laws.

Wolf Haldenstein is proud of its long history of support for the rights of, and employment opportunities for, women, the disadvantaged, and minority group persons, including the participation in civil rights and voter registration activities in the South in the early 1960s by partners of the Firm; the part-time employment of disadvantaged youth through various public school programs; the varied *pro bono* activities performed by many of the Firm's lawyers; the employment of many women and minority group persons in various capacities at the Firm, including at the partner level; the hiring of ex-offenders in supported job training programs; and the use of minority and women-owned businesses to provide services and supplies to the Firm.

270 MADISON AVENUE
NEW YORK, NY 10016
Telephone: 212-545-4600
Telecopier: 212-545-4653
www.whafh.com

SYMPHONY TOWERS
750 B STREET, SUITE 1820
SAN DIEGO, CA 92101
Telephone:  619-239-4599
Telecopier: 619-234-4599

111 West Jackson
SUITE 1700
CHICAGO, IL 60604
Telephone: 312-984-0000
Telecopier: 312-214-3110



EXHIBIT G





# Jean C. Frizzell

PARTNER

> "Jean's litigation competence is extremely rare.  It is a gift. And he does it without a scorched earth manner."
>
> – William Mosley,
> General Counsel,
> Metro National Corporation

✉ jfrizzell@reynoldsfrizzell.com
📞  713.485.7203
🪪 vCard
in LinkedIn
📄 PDF Bio

## Education

- The University of Texas School of Law
  - J.D., with Honors, 1990
  - *Texas Law Review*

- Rice University
  - B.A., Economics and Managerial Studies, 1987
  - Brown Engineering Award

## Honors & Awards

- Fellow, American College of Trial Lawyers
- Member, American Board of Trial Advocates (ABOTA)
- Chambers USA:
  - Spotlight Table – Texas, Litigation: Trial Lawyers, Since 2019
  - Leading Individual in Commercial Litigation, Since 2005
  - Band 1 Ranking for Texas, Litigation: General Commercial (Highest Rating), Since 2014

## Biography

Having tried numerous cases and arbitrations as lead trial counsel, Jean (John) Frizzell is known for his courtroom skills. As one competitor described to *Benchmark Litigation*, "Jean Frizzell is an amazing cross-examiner . . . .  He is very, very gifted." Another peer commented to Law360, "Jean provides a great example of a lawyer that zealously represents his client while still demonstrating the level of professionalism upon which the practice of law was founded."

A Fellow in the American College of Trial Lawyers and a Member of the American Board of Trial Advocates, Jean represents both plaintiffs and defendants in state and federal court and arbitrations. His practice spans complex commercial litigation, with particular depth in securities matters, energy disputes, and contract and fiduciary duty claims. Jean has built a strong track record of success in complicated disputes for clients such as Huntsman Chemical, the Hearst Corporation, Southern Copper Corporation's Audit Committee, the Dallas Police and Firefighters Pension Fund, Energy Transfer Partners, Sterling Group, Metro National Corporation, OMNOVA Solutions, Moody Realty National and Chevron Phillips Chemical Corp.

*Chambers USA* (Band 1 – highest ranking) and *Benchmark Litigation* (National Practice Star and Litigation Star) rank Jean among the best commercial litigators in the country. Best Lawyers has also recognized him as Securities Lawyer of the Year. Jean graduated from The University of Texas School of Law with Honors, before beginning his law career at Gibbs & Bruns LLP and becoming partner there in 1995. In 2009, Jean co-founded Reynolds Frizzell LLP, which has repeatedly been named a Top Ten Litigation Boutique in America by Benchmark Litigation.

- National Practice Star (2019 & 2020) & Litigation Star (Since 2010), Benchmark Litigation
- Texas Super Lawyers, Thomson Reuters, Since 2003
- Top 100 Super Lawyers – Houston Region, Thomson Reuters, 2012, 2017-2018
- *Best Lawyers*®, Woodward White, Inc.
  - Bet-the-Company Litigation "Lawyer of the Year" in Houston, 2021
  - Litigation – Securities "Lawyer of the Year" in Houston, 2017
  - Commercial Litigation, Since 2008
  - Litigation – Securities, Since 2008
- World's Leading Lawyers, Expert Guides/The Legal Media Group Guides, Since 2010

## Professional & Community Involvement

- American College of Trial Lawyers, Fellow
- American Board of Trial Advocates (ABOTA), Member
- American Bar Foundation, Fellow
- Houston Bar Association, Fellow
- Texas Bar Foundation, Life Fellow

## Previous Affiliations

- Gibbs & Bruns LLP, Partner

# Representative Matters

**Hearst Corporation**

Lead Counsel for Hearst in complete defense verdict in jury trial during January of 2018. Successfully tried case involving Hearst, Hines Development, Enterprise and Linbeck Construction in January of 2018. After obtaining dismissal of Plaintiffs' claims for fraud, statutory fraud and attorneys' fees and successfully objecting to Plaintiffs' largest damage model pre-trial, Hearst obtained a no liability finding from the jury at the conclusion of trial. Plaintiff sued alleging that the defendants' denial of access to the underground tunnel system (via demolition of an existing building and other alleged conduct) prevented Plaintiff from progressing with its planned downtown office building. The firm was hired weeks before trial to serve as lead trial counsel for Hearst and was fully prepared to try the case within three weeks when the case was delayed several months due to the Court's docket.

**Dallas Police and Firefighter Pension System**

Lead Counsel for the Pension System in pursuing claims against its former actuarial firm after the Pension System suffered billions in losses. Lawsuit was recently filed in Dallas and case is underway.

**Southern Copper Corporation's Audit Committee and Sub-Committee on Related Party Transactions**

Lead Counsel retained initially to advise the Audit Committee of Southern Copper Corporation regarding certain related party transactions from a trial lawyer's perspective. Currently advises the Sub-Committee (of the Audit Committee) on Related Party Transactions.

**Enterprise Texas Pipeline v. Energy Transfer Partners**

Lead Counsel for Energy Transfer Partners in a suit and jury trial pursued by Enterprise Texas Pipeline. Enterprise sued Energy Transfer for, among other things, allegedly breaching a pipeline agreement concerning Energy Transfer's operation of the 240-mile Old Ocean Pipeline. Enterprise sought from Energy Transfer damages of approximately $400 million. After a jury trial, Enterprise was awarded only $2.3 million in actual damages, amounting to approximately 1/2 of 1% of Enterprise's claimed actual damages in the case. Case was dismissed this year after the parties entered into another business arrangement.

**Penelope Loughhead v. 1717 Bissonnet, LLC, Cause No. 2013-26155**

Lead Counsel for Plaintiffs in a four-week jury trial involving the controversial Ashby High Rise Project. We obtained a unanimous jury verdict that the proposed high-rise project constitutes a nuisance-in-fact. The Court

determined that the high-rise project was a legal nuisance. However, the trial court declined to enjoin construction. However, to date, construction of the project has not commenced.

### Ronald Edward Whitley vs. Cheryl Lea Whitley and Charles Schwab & Co., Inc.

Hired shortly before trial to serve as lead trial counsel for the executor of the Whitley estate-the founder of Ranger Steel Services, LP-in litigation involving numerous claims against the executor totaling approximately $50,000,000.00. Also retained by the estate to affirmatively set aside a designation of beneficiary obtained by one for the children on an account valued in excess of $35,000,000.00. After several key depositions, successfully resisted summary judgment on all of the claims alleged against client and obtained a summary judgment knocking out one category of claims alleged against client. After the key deposition and summary judgment rulings, achieved a favorable settlement that was embodied in a dismissal with prejudice.

### EnterSys Group, L.P., et al. v. Axon Solutions, Inc.

Lead Counsel for Plaintiffs in a lawsuit seeking payment of a substantial earn-out and associated bonuses pursuant to an asset purchase agreement. Clients formed EnterSys LP, a SAP consulting company, and after years of success, sold substantially all of the assets to a UK SAP consulting company, for cash up front and potential earn-out payments. The transaction also included employment agreements for individual clients that allowed them to earn bonuses as certain margin targets were achieved. The trial court issued an order in response to Defendants' Motion for Summary Judgment (the other side) holding that the earn-out calculation provision unambiguously required Defendants to include pharmaceutical related revenues in the calculation of the earn-out amount and bonuses. The ruling effectively granted Plaintiffs a summary judgment on their breach of contract claim. At that point, with only one claim left to be tried, the case settled confidentially immediately before the trial.

### Toby Shor and Seashore Investments v. PBF Investments, Ltd

Lead Counsel in a two-week arbitration which obtained an award in favor of clients Toby Shor and the Seashore Investments Management Trust against PBF Investments, Inc, Paul Black, and a number of related entities, in a dispute involving jointly-owned oil and gas and real estate businesses. A panel of three arbitrators awarded clients, who were defendants pursuing their rights through counterclaims, more than $31 million against Mr. Black individually, and more than $26 million against his affiliated entities. The arbitrators ruled in client's favor on all claims, including claims for breach of contract, breach of fiduciary duty, and fraud. In addition, the arbitrators found that the $64 million in claims asserted against clients were without merit.

**St. James Capital Partners, L.P., et al v. St. James Capital Corporation, et al.**

Lead Counsel for corporate defendants in a partnership dispute in which plaintiffs asserted claims of breach of fiduciary duty for 14 separate transactions. Following six weeks of pretrial and eight weeks of actual trial, the jury found no breach of fiduciary duty on all claims. The jury made a separate finding that each of the transactions was 'entirely fair'. Plaintiffs sought $47 million in alleged actual damages, approximately$50 million in disgorgement and $60 million in punitive damages. Plaintiffs were poured out on all claims. Defendants also prevailed entirely on their counterclaims, including findings of malice and punitive damages, and collected $11 million dollars as counter-plaintiffs.

**BMC Software, Inc. v. NetIQ Corp.**

Lead Counsel in representing NetIQ in defense of an arbitration in which BMC Software claimed that two of NetIQ's major products infringed two patents owned by BMC. BMC sought $150 million in lost profits and royalties before trebling. NetIQ hired Reynolds Frizzell to take over the defense of the case six months before trial, after the proceeding had been pending for more than eighteen months. Within six months, the parties conducted almost the entire fact discovery for the case, and produced all of the expert reports and discovery relating to the validity of the patents, the claimed infringement and damages. The case was resolved on satisfactory terms one week before the arbitration hearing.

**Greenfield Energy, Inc. et. al v. EOG Resources, Inc. et. al.**

Lead Counsel in international oil and gas contract dispute over Trinidadian oil and gas field for Canadian company against a group of Trinidadian companies and a Houston oil and gas major, with damages estimated in the hundreds of millions of dollars. Case settled favorably clients, who obtained a confidential settlement from all defendants, including a handful of businesses that are located and operate in Trinidad.

**The Interfinancial Corp. v. Simon Jacobson, in his Capacity as Executor of the Estate of Marcel Degraye, Deceased**

Lead Counsel for defense representing executor of the estate in a suit alleging breach of fiduciary duty, fraud and a request for an accounting by a company against its deceased founder. Plaintiff originally demanded cash and securities allegedly in excess of $100 million. By the time of trial, plaintiffs had dropped a number of the claims. In December of 2007, received a directed verdict in our favor at the close of plaintiff's case.

**Lone Peak Group, LLC, et al. v. MediGain, LLC, et al.**

Lead Counsel for the plaintiffs who sold their medical billing business to MediGain and had not received the remainder of the consideration for the transaction. As required under the Asset Purchase Agreement, notified MediGain of the dispute pursuant to the indemnification procedures outlined in the agreement. After several months of negotiation, ultimately filed suit in Dallas County, Texas on September 28, 2014, for breach of contract and fraud. Within a week, MediGain capitulated, and settled the matter with clients for several million dollars – significantly more than clients had offered in writing to settle the dispute for before retaining Reynolds Frizzell.

### Majority of the Compensation Committee of a Major International Drilling Company

Lead Counsel in representing the majority of the compensation committee, including the chairman of the audit committee, during an internal investigation into allegations of options backdating at a major international drilling company. Also represented the same directors in the class action filed in federal court in Houston, Texas involving the same allegations. The suit was quickly resolved on very satisfactory terms involving no out of pocket payment from clients.

### William A. Christian, et al. v. ICG Telecom Canada, Inc., et al.

Lead Counsel in representing ICG Telecom Canada Inc., ICG Telecom Group, Inc., ICG Communications, Inc., and Zycom Network Services, Inc. in defense of a combined shareholder class action and a derivative suit involving allegations of improper accounting and financial reporting, managed earning, self-dealing, and minority shareholder oppression. Successfully prevented class certification, both at the district court level and through appeal. The suit ultimately settled on favorable terms with insurance proceeds.

### In re Paracelsus Healthcare Corporation Securities Litigation

Lead counsel for Dr. Manfred Krukemeyer, formerly Chairman and beneficial sole owner of Paracelsus Healthcare Corporation, in a series of shareholder class actions and derivative suits involving allegations of improper accounting and financial reporting in connection with the merger of Paracelsus Healthcare Corporation and Champion Healthcare Corporation. Subsequent to the merger, Paracelsus Healthcare Corporation, the surviving entity, was forced to restate a number of its financial statements. Lawsuits were filed in various jurisdictions, and the shareholder suits were ultimately consolidated in Federal District Court in Houston, Harris County. The derivative suit was also pending in the same court. After protracted litigation, the firm obtained a favorable settlement for Dr. Krukemeyer, including a buyout of his long-term employment agreement.

### Current and Former Directors of Crown Castle Corporation

Lead counsel for all of the current and former officers and directors of Crown Castle Corp in the internal investigation and subsequent defense of a derivative suit filed in Houston, Harris County involving allegations of options backdating. Reynolds Frizzell, along with counsel for the Company, were successful in having the trial court rule that the allegations regarding demand futility were insufficient to support a derivative suit. Additionally, the plaintiffs sought to take discovery to find support for their allegations regarding demand futility. The Court of Appeals overturned the trial court's order allowing such discovery, and the Texas Supreme Court declined to take the issue.

### In re Affiliated Computer Services, Inc. Derivative Litigation

Represented Cerberus in connection with buy-out claims brought in connection with Cerberus' offer to participate in taking Affiliated Computer Services, Inc. private. Successfully obtained a dismissal for Cerberus from the Dallas federal court case on the grounds that the claims were not ripe.

### Neon Systems, Inc. v. New Era of Networks

Co-Lead Counsel with my partner Chris Reynolds for Plaintiff in a three-week jury trial of a common-law trade name infringement claim in Fort Bend County, Texas. David Beck represented the defendant. Achieved a substantial jury verdict for client. After the trial, the judge entered judgment in the full amount of the verdict and enjoined further use of the trade name "Neon." Subsequent to judgment, and prior to appeal, the case settled very favorably.

### Pi Energy v King Ranch Energy

Lead counsel for plaintiffs in a suit involving a letter of intent to jointly develop leases in the Red Fish Bay area. After numerous battles in both the trial court and bankruptcy court, the case settled favorably for my client for eight figures just before trial.

### Union Oil Company of California v. Osprey Petroleum Company, Inc., et al.

Represented Unocal, as a mineral lease operator, against Osprey and Pintail Petroleum, both of which were working interest owners in a series of oil and gas wells drilled by Unocal in the Gulf of Mexico. Unocal sued Osprey and Pintail to recover unpaid expenses incurred in drilling the wells. Osprey counterclaimed against Unocal for fraud, breach of contract, gross negligence, and products liability in connection with problems encountered during the well drilling and sought damages in excess of $350 million. Pintail also brought claims against Unocal under the operating agreement. Personally argued and obtained the dismissal of all of Osprey's claims against Unocal on summary

judgment a few weeks before trial. Obtained summary judgment against Pintail on all of Pintail's claims thereafter. The case thereafter was resolved favorably and confidentially.

**In re World Satellite Network, Inc. and WSNet Holdings, Inc.**

Represented Cerberus and a number of individuals in a case brought by the Chapter 11 Trustee for the bankruptcy estate of WSNet Holdings, Inc. alleging claims of breach of fiduciary duty, equitable subordination and seeking in excess of $100 million. Defended the claims on the merits as well as on the grounds that the estate did not own the claims because they were derivative in nature and actually belonged to a subsidiary that was also in bankruptcy. Parties entered into a confidential settlement shortly thereafter.

**Huntsman Corporation v. Credit Suisse Securities (USA)**

Assisted in representation of Plaintiff Huntsman against Credit Suisse and Deutsche Bank in connection with the failure to fund a $15 billion merger between Huntsman and Hexion, of Columbus, Ohio. Personally responsible for cross-examinations involving Deutsche Bank. Secured a $1.7 billion settlement package for Huntsman during the trial, including $632 million in cash and $1.1 billion on financing through issuances of notes and bonds on favorable terms.

**Corenegry, LLC et al v. Devon Energy Production Company, L.P.**

Lead counsel for Plaintiff Corenergy, LLC, a co-owner of an oil & gas prospect, in the case against Devon Energy, the other co-owner, and operator of the prospect, alleging claims of fraud and breach of contract in connection with the handling of that prospect. Case settled favorably for the client a few days before trial.

**Beltway 8, No. 1, L.P. v. Metro National Corp.**

Lead Counsel for Metro National Corporation, a real estate developer with numerous properties in the Houston area, in a lawsuit related to a large parcel of land in West Houston. Successfully defended Metro National in a temporary injunction hearing. After the court set an expedited trial setting, engaged in extensive discovery and took numerous depositions. The case was settled a week before trial.



**Reynolds Frizzell** LLP



# Michael K. Oldham

PARTNER

Named a *Litigation Star* by Benchmark Litigation since 2013

✉ oldham@reynoldsfrizzell.com
📞 713.485.7207
▤ vCard
in LinkedIn
▨ PDF Bio

## Education

- The University of Texas School of Law
  - J.D., with High Honors, 1996
  - Vice-Chancellor (#2 in Class); Order of the Coif; Associate Editor, *Texas Law Review*

- Universidad de Belgrano
  - International Legal Studies, 1995
  - Buenos Aires, Argentina

- The University of Texas at Austin
  - Plan II, with High Honors, 1993
  - B.A., Honors Business Program, with Highest Honors
  - B.B.A., Finance, with Highest Honors

## Judicial Clerkships

- Law Clerk, The Hon. Jacques L. Wiener, Jr., U.S. Court of Appeals for the Fifth Circuit

## Honors & Awards

## Biography

Plaintiffs and defendants rely on Mike Oldham's exceptional ability to explain complicated issues and persuasively tell his clients' stories to a jury. An industry generalist by choice, Mike has an impressive track record of successfully handling high stakes and contingency fee cases for companies, private equity groups, and entrepreneurs. His clients have included Conoco Phillips, DCP Midstream, ExxonMobil, Texas Children's Hospital, Magellan, Bessemer Trust, NewQuest Properties, and Avera Companies. Mike's private equity clients have included The Sterling Group, The Stephens Group, Luxor Capital, and portfolio companies of Quantum Energy Partners, One Stone Energy Partners, Clearlake Capital Group, Riverstone, First Reserve and Cerberus.

Mike is known for his relentless determination and ability to get up to speed quickly. In one particularly noteworthy case, he was hired by a major energy company to try an oil and gas accounting case that had been pending for years. After trying the case to a jury, Mike won all the claims in the client's favor and so impressed both sides of the dispute that both the plaintiff and the defendant hired Mike to represent them in other major disputes the following year.

After graduating second in his class from The University of Texas School of Law, Mike clerked for Judge Jacques L. Wiener, Jr., on the U.S. Court of Appeals for the Fifth Circuit. Mike was a partner at Gibbs & Bruns LLP before co-founding Reynolds Frizzell LLP, which has been recognized as a Top Ten Litigation Boutique in America.

A leader in the legal and civic community, Mike has been honored repeatedly by Benchmark Litigation, Best Lawyers in America, and Super Lawyers. He is a past recipient of the Houston Bar Association President's Award for Outstanding

- Recognized Practitioner – Texas Litigation: General Commercial, Chambers USA, 2017
- Local Litigation Star, *Benchmark Litigation*, Since 2013
- *Best Lawyers*®, Woodward White, Inc., Commercial Litigation, Since 2016
- Top 100 Super Lawyers – Houston Region, Thomson Reuters, 2014-2018
- Texas Super Lawyers, Thomson Reuters, Since 2012
- Texas *Rising Star*, Thomson Reuters Super Lawyers, 2005-2011
- World's Leading Lawyers, Expert Guides/The Legal Media Group Guides, Since 2014
- Top Lawyer for the People in Business Litigation, *H Texas Magazine*, 2009
- Houston Top Lawyer, *H Texas Magazine*, 2007, Since 2009
- Houston Top Forty Under Forty Lawyer, *H Texas Magazine*, 2004
- President's Award for Outstanding Committee Chair, Houston Bar Association, 2007

# Professional & Community Involvement

- University of Texas Development Board
- Heroes for Children, Board Member (2011-2017)
- University of Texas School of Nursing Advisory Council (Chairman, 2011-2019)
- Texas Children's Hospital Food Allergy Council
- Madrugadores Breakfast Club
- Texas Bar Foundation, Life Fellow

Committee Chair. Mike is also a member of the University of Texas Development Board and an active member of the University of Texas School of Nursing Advisory Committee.

# Representative Matters

### ENERGY & POWER

### DCP Midstream/Anadarko

Hired by plaintiff DCP to join long-pending case in Colorado state court claiming more than $1 billion from Anadarko for violating 40 different gas processing contracts governing dedications from 6000 wells. Appeared alongside existing counsel, engaged in intensive discovery, filed new claims, and prevailed on key pre-trial motions. Case settled on confidential terms.

### Arbitration Against Public Utility

Won arbitration defense for power generation company against claim by Nevada Power Company for $360 million in refunds under the terms of a 30-year power purchase agreement. After final arbitration hearings in Las Vegas and San Francisco, obtained a complete victory.

### BlueCrest

Arbitration for independent E&P company seeking more than $35 million from major services contractor for damages caused by downhole tool failure in deep horizontal well in Kenai, Alaska. Services contractor filed first, seeking unpaid invoices. We counterclaimed for gross negligence. Settled confidentially during week before final arbitration hearing.

### Tsakos Energy Navigation

Defended Greek shipping company from LyondellBasell's $100 million lawsuit alleging multi-year kickback scheme with plaintiff's marine chartering manager. While contesting personal jurisdiction, prepared substantive defense to exonerate client and successfully mediated a quick resolution on agreeable terms. Afterward, Lyondell approached client to discuss resuming business relationship.

### Royalty Class Actions

Helped Exxon Mobil Corporation defend against state and federal royalty class actions in Kansas. Joined existing defense team after case had been pending for several years to tackle briefing issues in trial court and interlocutory appeals. All litigation settled within the year.

### J.V. Industrial

## Presentations & Publications

- "Trade Secrets Update:  Federal Defend Trade Secrets Act of 2016 and Texas Uniform Trade Secrets Act," 40th Annual Page Keeton Civil Litigation Conference, October 2016
- "An Introductory Primer on Corporate Buyout Litigation (co-author)," 31st Annual Page Keeton Civil Litigation Conference, 2007
- "Case in Point" Hypothetical Case Study (co-author), *Texas Lawyer*, Executive Legal Adviser, September/October 2005

## Previous Affiliations

- Gibbs & Bruns LLP, Partner

Obtained an affirmative settlement of $14.7 million in favor of defendant contractor against project owner that had initiated arbitration seeking $30 million in delay damages and alleged cost overruns.  Contractor had been hired to repower and expand the Victoria Power Station.  At the end of the project, the owner withheld the final payment and initiated arbitration.  After intensive discovery to defend against owner's claims and pursue counterclaim to enforce contractor's right to final payment for work, obtained settlement and recovery for client shortly before final hearing.

### Wapiti

Won arbitration award for Wapiti in dispute over final "true up" repayments owed to Wapiti after its purchase of oil and gas operating interests.  Seller claimed that Wapiti should be required to pay additional $7 million for the purchase, but arbitrator ruled in Wapiti's favor and awarded partial refund.

### Florida Power

Won plaintiff case on summary judgment for Florida electric utility and collected full damages and interest.  Filed suit for $1 million after defendants purchased fuel oil but refused to pay for it.  Defendants counterclaimed for $7 million, alleging contamination.  After fact discovery, won pre-trial summary judgment establishing all claims against defendant purchaser and guarantor, rejecting all counterclaims with prejudice, and awarding $1.3 million.

### CONTRACT & PARTNERSHIP DISPUTES

### Private Equity Arbitration

With Chris Reynolds, successfully arbitrated breakup of high-profile private equity firm in 1-week arbitration hearing in Arkansas followed by significant post-hearing briefing.  Panel awarded client worth more than 5 times the amount offered by opponent in settlement discussions.

### Phoenix Services

Represented Phoenix in lawsuit against co-founder who was dismissed for cause but still owned large ownership interest.  Defendant challenged venue and asserted many counterclaims under employment agreement and LLC operating agreement.  After discovery and shortly before summary judgment hearing, case settled favorably and defendant relinquished his ownership interest.

### Mr. Las Vegas

Represented entertainer Wayne Newton in litigation over invoices for inspection and repair of twin Rolls Royce jet engines for his custom Fokker jetliner.  Matter settled favorably for both sides after an exuberant (and very

wealthy) fan paid the difference between the parties' positions so that Mr. Newton would not miss any upcoming performances by sitting in a courtroom with me.

## TRADE SECRETS AND NON-COMPETITION AGREEMENTS

### Network Oil

Won trial to enforce worldwide noncompetition agreement on behalf of online auction house after rival company hired away chief software architect. Achieved expedited trial within 2 months of filing lawsuit and won worldwide injunction against the defendant.

### Camin Cargo Control

Defended Camin Cargo from competitor's claim that Camin wrongly hired away sales representatives, stole trade secrets and knowingly violated the terms of plaintiff's employee confidentiality and nonsolicitation agreements. Obtained a favorable settlement that permitted all employees to continue working for Camin Cargo.

### Dison/Bomasada

Hired to Defend former employee against apartment developer's claims for trade secrets theft and breach of noncompetition agreement. We pursued a counterclaim that developer fraudulently induced employment by promising ownership interest in company. On the eve of trial, Plaintiff agreed to dismiss all its claims with prejudice—leaving only the counterclaim—in exchange for agreed continuance of trial date. Matter settled favorably for client soon thereafter.

## SECURITIES LITIGATION

### First National Bank

Obtained favorable financial settlement for investors in failed bank after it was closed by OCC and placed under FDIC receivership. We filed suit in state district court in South Texas, claiming the bank's officers and directors made material false statements and omissions in offering statements and violated state securities statutes and common law. After significant discovery, case settled favorably before trial.

### In re Friede Goldman Halter, Inc.

Served on team defending former directors of Halter Marine Group in securities litigation seeking personal liability in excess of $100 million. The case was resolved favorably.

### Waste Resources, Inc.

Hired as substitute counsel after jury found defendant corporation guilty of defrauding an investor and awarded $1.5 million in damages.  Successfully prepared and argued post-verdict motions for defendant and won judgment notwithstanding the verdict of no liability and dismissal of all claims.  Successfully defended the favorable judgment on appeal.

## DIRECTOR & OFFICER / FIDUCIARY LITIGATION

### Defense of Enron's Outside Directors

After demise of Enron, one of the largest bankruptcies in history, served on team defending Enron's former outside directors against securities and ERISA class actions and other related litigation.  Litigation against other defendants lasted more than 10 years, but we successfully employed strategies that achieved settlements for our clients in relatively short time, along with bar orders from the Federal District Court preventing any further litigation claims against them.

### Casswell / Northern Offshore

Represented CEO fired "for cause" after challenging new Board's failure to honor employee commitments following merger into entity owned by People's Republic of China.  Filed suit for severance pay and benefits to which CEO was rightly entitled under employment agreement for dismissal "without cause."  NOF counterclaimed that CEO breached fiduciary duties and committed fraud.  Successfully defended counterclaims and obtained favorable settlement before trial.

## REAL ESTATE

### NewQuest

Hired by NewQuest after TRO entered to halt construction of its large commercial real estate development in New Braunfels, Texas.  Conducted expedited discovery, evidentiary hearings, and negotiations with representatives of the City, TxDOT, and other neighboring landowners, resulting in favorable settlement that permitted NewQuest to complete its project on schedule and on budget.

### Bluebonnet Drive

Won jury verdict for plaintiff on its claim that defendants CenterPoint and Sprint had no right to place cellular transmission equipment atop a power pole on client's commercial property.  Hired after close of discovery and only two weeks before trial, tried case to successful verdict and obtained injunction ordering defendants to remove the equipment.

### Sherwood Forest Neighborhood

Won jury verdict in defense of high-end residential neighborhood against townhome developer's litigation pressure tactics to invalidate deed restrictions. Developer commenced suit against HOA, then tried to pressure individual homeowners with separate lawsuits claiming deed restriction violations. Substituted in as Co-Lead Trial Counsel for individuals and won jury verdict rejecting developer's claims and finding developer's property was a nuisance. After Court entered permanent injunction ordering developer to maintain its property in accordance with deed restrictions, developer agreed to dismiss all lawsuits and reimburse individuals' defense costs.

## ACCOUNTING DISPUTES

### ExxonMobil

Won take-nothing jury verdict rejecting claim by plaintiff Duke Energy (now DCP Midstream) that Exxon Mobil's accounting errors and re-allocations as operator of Conroe Field Unit wrongfully caused more than $4 million dollars of overpayments to other working interest owners. Hired as substitute trial counsel for Exxon Mobil after close of discovery.

### DCP Midstream/EOG

Hired by former adversary DCP to defend arbitration filed by EOG Resources seeking $70 million for allegedly faulty settlement accounting under a gas purchase contract. Dispute settled on the verge of the final arbitration hearing.

### DCP Midstream/Approach

Defended DCP Midstream in state district court in Fort Worth, Texas against a producer's claims for breach of contract and accounting. Plaintiff sought to recover $12 million in past damages and declaratory judgment governing future payments. Won partial summary judgment against plaintiff's claims and defeated plaintiff's competing affirmative motion for partial summary judgment. Dispute settled favorably shortly before trial of remaining claims.