**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| JOHN ARDEN AHNEFELDT, ROBERT BROWER, JR., ROBERT BROWER, SR., KHANH L. BUI, JIGNESH CHANDARANA, KRUITIKA CHANDARANA, AMIRA YOUSUF CHOWDHURY, CHRISTOPHER COLIGADO, DANIEL GAD, EDWIN HOWELL, SIOE LIE HOWELL, DARREN HUNTING, ANNE INGLEDEW, SHITAL MEHTA, THOMAS CARL RABIN, ADAM SHULTZ, AMIT SOMANI, JAYAPRAKASH SRINIVASAN, AARTHI SRINIVASAN, CHRISTOPHER SWEDLOW, and ALEXANDRE TAZI, on Behalf of Themselves and All Others Similarly Situated, <br><br>　　　　　　　　　　Plaintiffs, <br><br>　　　　v. <br><br> DAVID DICKSON, STUART A. SPENCE, and CHRISTOPHER A. KRUMMEL <br><br>　　　　　　　　　　Defendants. | CASE NO. 4:20-cv-02539 (ASH) |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF
THE COLIGADO SHAREHOLDER GROUP FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF LEAD AND LIAISON COUNSEL,
<u>AND IN OPPOSITION TO COMPETING MOTIONS</u>**

## **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ........................................................................................................................ 2

    A. The Coligado Shareholder Group Has the Largest Financial Interest ............................ 2

    B. The Coligado Shareholder Group Satisfies Rule 23 ........................................................ 5

    C. No Proof Offered to Rebut the Presumption .................................................................... 6

III. CONCLUSION .................................................................................................................... 9

# TABLE OF AUTHORITIES

**CASES**                                                                                                       **Page(s)**

*Born v. Quad/Graphics, Inc.,*
　No. 19-cv-10376 (VEC), 2020 U.S. Dist. LEXIS 35534 (S.D.N.Y. Mar. 2, 2020) ................... 2

*In re BP, PLC Securities Litigation,*
　758 F. Supp. 2d 428 (S.D. Tex. 2010) ..................................................................................... 5

*Cambria County Employees Retirement System v. Venator Materials PLC,*
　No. H-19-3464, 2019 U.S. Dist. LEXIS 181461 (S.D. Tex. Oct. 21, 2019) ............................. 5

*In re Cyberonics Inc. Securities Litigation,*
　468 F. Supp. 2d 936 (S.D. Tex. 2006) ..................................................................................... 7

*In re Enron Corp., Securities Litigation,*
　206 F.R.D. 427 (S.D. Tex. 2002) ............................................................................................. 6

*Georgia Firefighters' Pension Fund v. Anadarko Petroleum. Corp.,*
　No. 4:20-CV-0576, 2020 U.S. Dist. LEXIS 84167 (S.D. Tex. May 13, 2020) ..................... 3, 5

*Guohua Zhu v. UCBH Holdings, Inc.,*
　682 F. Supp. 2d 1049 (N.D. Cal. 2010) ................................................................................... 8

*Hachem v. General Electric Inc.,*
　No. 17-CV-8457 (JMF), 2018 U.S. Dist. LEXIS 62278 (S.D.N.Y. Apr. 11, 2018) .................. 7

*Makhlouf v. Tailored Brands, Inc.,*
　No. H-16-0838, 2017 U.S. Dist. LEXIS 41872 (S.D. Tex. Mar. 23, 2017) .............................. 9

*Oklahoma Law Enforcement Retirement System v. Adeptus Health Inc.,*
　Civil Action No. 4:17-CV-00449,
　2017 U.S. Dist. LEXIS 140268 (E.D. Tex. Aug. 31, 2017) ..................................................... 7

*Parker v. Hyperdynamics Corp.,*
　No. 4:12-CV-999, 2013 U.S. Dist. LEXIS 21767 (S.D. Tex. Feb. 19, 2013) .................. *passim*

*In re Plains All American Pipeline, L.P. Sec. Litig.,*
　No. H:15-cv-02404, 2015 U.S. Dist. LEXIS 163811 (S.D. Tex. Dec. 7, 2015) ..................... 2, 5

*Richman v. Goldman Sachs Group, Inc.,*
　274 F.R.D. 473 (S.D.N.Y. 2011) ............................................................................................. 3

*Woburn Retirement System v. Salix Pharmaceuticals, Ltd.,*
　No. 14-CV-8925 (KMW), 2015 U.S. Dist. LEXIS 36409 (S.D.N.Y. Mar. 23, 2015) .............. 8


**STATUTES AND RULES**

Private Securities Litigation Reform Act ("PSLRA")

15 U.S.C. § 78u-4(a)(2)(A)(iv) ...................................................................................................9
15 U.S.C. § 78u-4(a)(3)(B)(iii) ...................................................................................................7
15 U.S.C. § 78u-4(a)(3)(B)(iv) ...................................................................................................8
15 U.S.C. §78u-4(a)(3)(B)(v) .....................................................................................................2

The Coligado Shareholder Group respectfully submits this memorandum of points and authorities in further support of its motion for: (i) appointment as Lead Plaintiff; (ii) approval of its selection of Wolf Haldenstein as Lead Counsel and Reynolds Frizzell LLP as Liaison Counsel for the Class; and (iii) in opposition to the four competing motions.[1]

## I.     INTRODUCTION

The determination of most adequate lead plaintiff is governed by a "comparative" analysis of "who has 'the *largest* financial interest in the relief sought by the class'" and "whether the one with the largest interest meets the remaining requirements" of Rule 23. *Parker v. Hyperdynamics Corp.*, No. 4:12-cv-999, 2013 U.S. Dist. LEXIS 21767, at *6-*7 (S.D. Tex. Feb. 19, 2013) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)). "If the answer is in the affirmative, then the Court must appoint that plaintiff as lead plaintiff." *Id.* at *7.

Here, the Coligado Shareholder Group has the largest financial interest of all competing movants, having incurred aggregate losses of $1,871,330.48 in connection with the fraud alleged in this action. *See* Brown Decl., Ex. C. Each of the remaining movants has a smaller financial interest in the relief sought.

In addition, the Coligado Shareholder Group satisfies the requirements of Rule 23. The Coligado Shareholder Group's claims are based on the same legal theory, and arise from the same events and course of conduct as the Class claims. *See Parker,* 2013 U.S. Dist. LEXIS 21767, at *9. There is no antagonism between the interests of the Coligado Shareholder Group and those of the Class; having suffered the largest losses of any movant, it has the most significant interest in the outcome of this litigation. Indeed, as set forth in its moving papers, the Coligado Shareholder Group previously retained bankruptcy counsel at the personal cost of its members to appear in the

---

[1] All capitalized terms herein are defined in the Coligado Shareholder Group's moving brief (ECF No. 22) unless otherwise indicated.

1

Bankruptcy Proceeding in order to: (1) protect themselves and other commonly situated shareholders as to whom the Chapter 11 Plan would eliminate their shares of McDermott common stock and release their rights to assert claims against certain non-debtors (including claims arising under the federal securities laws); and (2) preserve the right to pursue the claims asserted herein. After screening and selecting securities counsel, the members of the Coligado Shareholder Group initiated this action. The Coligado Shareholder Group's counsel is highly experienced in vigorously and efficiently prosecuting securities class actions such as this, and submits its choice of Wolf Haldenstein as Lead Counsel and Reynolds Frizzell as Liaison Counsel for the Class should it be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

For the reasons set forth in its opening papers, as well as those herein, the Coligado Shareholder Group respectfully submits that its motion should be granted in its entirety. *See In re Plains All Am. Pipeline, L.P. Sec. Litig.,* No. 15-cv-02404, 2015 U.S. Dist. LEXIS 163811, at *6 (S.D. Tex. Dec. 7, 2015) ("most adequate plaintiff" is movant with largest financial interest who "otherwise satisfies Rule 23").

## II. ARGUMENT

### A. The Coligado Shareholder Group Has the Largest Financial Interest

As this Court has held:

> The only comparative prong of the "most adequate plaintiff" test is that which requires determination of who has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) (emphasis added). The other two prongs – filing the complaint or a motion for appointment and satisfying the requirements of Rule 23 – are *binary*. As a result, the Court's analysis is as follows: first, comparing the plaintiffs' financial interests; second, asking whether the one with the largest interest meets the remaining requirements. If the answer is in the affirmative, then the Court *must* appoint that plaintiff as lead plaintiff.

*Parker*, 2013 U.S. Dist. LEXIS 21767, at *5-*6 (emphasis added). *See also In re Plains All Am. Pipeline, L.P. Sec. Litig.,* 2015 U.S. Dist. LEXIS 163811, at *10.

2

While the PSLRA "does not delineate a procedure for determining 'the largest financial interest' among the proposed class members," this Court looks to "four relevant factors: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." *Parker*, 2013 U.S. Dist. LEXIS 21767, at *6-7 (citing *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002)). "'Courts place the greatest emphasis on the fourth factor, financial loss suffered by the plaintiffs.'" *Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, No. 4:20-CV-0576, 2020 U.S. Dist. LEXIS 84167, at *6-*7 (S.D. Tex. May 13, 2020) (quoting *In re Sequans Commc'ns S.A. Sec. Litig.*, 289 F. Supp. 3d 416, 420 (E.D.N.Y. 2018)). *Accord Born v. Quad/Graphics, Inc.*, No. 19-cv-10376 (VEC), 2020 U.S. Dist. LEXIS 35534, at *4 (S.D.N.Y. Mar. 2, 2020) ("Those [four] factors do not, however, carry equal weight. The fourth factor, loss, is well-established to be the 'critical ingredient in determining the largest financial interest and outweighs net shares purchased and net expenditures.'" (internal quotations and citation omitted)). *See Richman v. Goldman Sachs Group, Inc.*, 274 F.R.D. 473, 476 (S.D.N.Y. 2011) ("[T]he Lax factors are properly ordered, so that the number of shares purchased (Factor 1) is the least important and the loss suffered (Factor 4) is the most important.").

Here, the common calculations offered by the competing movants are the approximate losses suffered. Under those metrics, the Coligado Shareholder Group has the greatest financial interest. The Coligado Shareholder Group suffered $1,871,330.48 in losses based on the purchase of 1,787,223 shares of McDermott common stock and 7921 call option contracts (representing 792,100 shares of McDermott common stock). *See* Brown Decl., Ex. C. The net funds expended during the Class Period were $1,881,249.39. By contrast, movant Majid Alghaslan suffered

3

$1,764,737.76 in losses based on the purchase of 2,268,000 shares of McDermott common stock. The net funds expended by Alghaslan during the Class Period were $1,872,921.00.

The table below sets forth the Coligado Shareholder Group's losses in connection with McDermott securities purchased during the Class Period compared to those of the other movants:

| Movant | Number of Securities Purchased During Class Period | Net Number of Securities Purchased During Class Period | Total Net Funds Expended During Class Period | Class Period Loss[2] |
|---|---|---|---|---|
| Coligado Shareholder Group | 1,787,223 shares 7,921 call option contracts | 258,732 shares[3] 7,621 call option contracts | $ 1,809,194.39 $     72,055.00 $ **1,881,249.39** | $1,799,275.48 $     72,055.00 $ **1,871,330.48** |
| Majid Alghaslan | 2,268,000 shares | 2,268,000 shares | $1,872,921.00 | $1,764,737.76 |
| John Vuong | 435,500 shares | 435,500 shares | $  734,735.00 | $  713,928.50 |
| Wei Ye | 204,882 shares | 204,882 shares | $  214,480.52 | $  204,410.00 |
| NSHEPP | 0 shares | 0 shares | $           0.00 | $           0.00 |

Thus, the Coligado Shareholder Group has the largest financial interest. Because it has also made a *prima facie* showing of the Rule 23 typicality and adequacy requirements, the Coligado Shareholder Group should be appointed as Lead Plaintiff. *See Parker*, 2013 U.S. Dist. LEXIS 21767, at *7-8.

---

[2] All loss figures as discussed herein are calculated on a last-in, first-out ("LIFO") basis.

[3] McDermott announced its entry into a restructuring support agreement in connection with joint prepackaged Chapter 11 plan of reorganization on January 21, 2020. *See* Opening Br. (ECF No. 22) at 4; Complaint at ¶¶ 5, 76-77. As of the January 21, 2020 corrective disclosure, the Coligado Shareholder Group purchased 1,673,484 net shares of McDermott common stock.

### B. The Coligado Shareholder Group Satisfies Rule 23

The Coligado Shareholder Group more than meets the "preliminary showing" of typicality and adequacy required here. *In re Plains All Am. Pipeline, L.P. Sec. Litig.,* 2015 U.S. Dist. LEXIS 163811, at *10-12.

The Coligado Shareholder Group's claims are typical of the claims of the rest of the class because its "claims arise from a similar course of conduct and share the same legal theory." *Parker*, 2013 U.S. Dist. LEXIS 21767, at *9 (citing *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002)). Like all other class members, the Coligado Shareholder Group: (1) purchased McDermott securities during the Class Period; (2) in reliance upon the allegedly materially false and misleading statements issued by Defendants; and (3) suffered damages thereby. *See* Brown Decl., Ex. C, Ex. D ¶¶ 2, 15-17, Ex. E ¶¶ 2-18. These facts support a finding of *prima facie* typicality. *See Ga. Firefighters' Pension Fund,* 2020 U.S. Dist. LEXIS 84167 at *9 (preliminary showing of typicality met where "[i]t appears that all the class members' claims arise out of the same events."); *Cambria Cty. Employees Ret. Sys. v. Venator Materials PLC*, No. H-19-3464, 2019 U.S. Dist. LEXIS 181461, at *8 (S.D. Tex. Oct. 21, 2019) (typicality is met where the movant's "legal and remedial theories have the same essential characteristics as the class claims."); *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 435 (S.D. Tex. 2010) (same).

The Coligado Shareholder Group is also an adequate representative of the Class. As evidenced by the losses suffered by its members, the interests of the Coligado Shareholder Group are clearly aligned with the interests of Class members, and there is no evidence of any antagonism otherwise that would create conflicts of interest. *In re BP*, 758 F. Supp. 2d at 435 ("differences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests

5

and the class members' interests."); *In re Enron Corp.*, 206 F.R.D. at 441 (the adequacy requirement "serves to uncover conflicts of interest").

Further, the Coligado Shareholder Group has taken steps prior to the commencement of this action that establishes its "willingness and ability … to take an active role in and control the litigation and to protect the interests of absentees." *Parker*, 2013 U.S. Dist. LEXIS 21767, at *9-*10. In their capacity as purchasers of McDermott securities, the Coligado Shareholder Group retained counsel in the Bankruptcy Proceeding to protect their rights and the rights of other commonly situated McDermott shareholders. The Coligado Shareholder Group then screened and secured qualified and experienced securities counsel to investigate and file the Complaint on behalf of the proposed Class in this action, and certifying to the Court its readiness to assume the responsibilities of class representative. *See* Brown Decl., Ex. B, Ex. D ¶¶ 2-7, 8-11, 14, 23-31, Ex. E ¶¶ 2-24. Further, in order to ensure that claims asserted in the Complaint are vigorously prosecuted, the Coligado Shareholder Group opposed NSHEPP's motion to consolidate this action with *Edwards v. McDermott International, Inc., et al.*, No. 4:18-cv-4330 (S.D. Tex.) ("*Edwards*"). *See, e.g.,* Response to Notice of Related Case (ECF No. 17); Opp'n to Mot. to Consolidate Cases and Vacate Notice and Lead Plaintiff Deadline (E-ECF No. 151);[4] Minute Entry for Status Conference before Judge Hanks (E-ECF No. 156). At all relevant times, the Coligado Shareholder Group has acted cohesively and effectively.

### C. No Proof Offered to Rebut the Presumption

To overcome the strong presumption entitling the Coligado Shareholder Group to appointment as Lead Plaintiff, the PSLRA requires proof that the presumptive Lead Plaintiff is

---

[4] "E-ECF" refers to the *Edwards* docket.

inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No movant has offered any proof demonstrating any alleged inadequacy of the Coligado Shareholder Group.

The papers filed by Nova Scotia Health Employees' Pension Plan ("NSHEPP") also fail to offer proof. Instead, NSHEPP recycles the arguments made in support of the consolidation motion in *Edwards* that the lead plaintiff process here is "improper" and "duplicative," notwithstanding that *Edwards*: (1) was brought on behalf of investors who purchased McDermott securities during a *different* class period (December 18, 2017 through September 17, 2019) that does not overlap with the Class Period here; and (2) asserts securities fraud claims which rely on *different* public statements and reports, made during *different* time periods, and that concern *different* transactions. NSHEPP also argues for its appointment as Lead Plaintiff for the claims brought in this action even though it possesses *no* financial interest in the relief sought.[5] *See* Tuccillo Decl. Ex. 2 (ECF No. 27-2) at 5 (showing a single purchase and sale of McDermott common stock by NSHEPP on May 14, 2018); Ex. 3 (ECF No. 27-3) at 4 (loss chart showing no purchases of McDermott

---

[5] As set forth above, NSHEPP did not purchase any McDermott securities during the Class Period. Its argument for appointment as Lead Plaintiff here requires the consolidation of this action with *Edwards*, amendment of the operative pleading in *Edwards* to include the claims in the Complaint brought on behalf of investors that purchased McDermott securities during the Class Period, as well as the expansion of the *Edwards* class period to December 18, 2017 through January 23, 2020. Even assuming all of these events were to occur, NSHEPP would still be required to republish the PSLRA notice. *See, e.g., In re Cyberonics Inc. Sec. Litig.*, 468 F. Supp. 2d 936, 939 (S.D. Tex. 2006) ("Where membership of a class is substantially expanded by the filing of an amended complaint that adds new claims, fairness dictates that those new class members ought to be informed of the existence of pending claims that may affect their rights." (internal quotations and citation omitted)); *Okla. Law Enforcement Ret. Sys. v. Adeptus Health Inc.*, No. 4:17-CV-0449, 2017 U.S. Dist. LEXIS 140268, at * 13-*14 (E.D. Tex. Aug. 31, 2017) ("if a new complaint is filed that includes entirely new factual and legal allegations against [defendants, as to separate transactions, affecting a new class of Plaintiffs, then a new notice and an additional sixty day period is justified." (internal quotations and citations omitted)); *Hachem v. Gen. Elec. Inc.*, No. 17-CV-8457, 2018 U.S. Dist. LEXIS 62278, at *5 (S.D.N.Y. April 11, 2018) ("[R]epublication is warranted where, in light of changes in either or both the class period or the nature of the claims asserted, it is likely that individuals who could now be considered potential lead plaintiffs would have disregarded the earlier notice." (internal quotations and citations omitted)). As all but one of the movants here possesses larger financial losses than NSHEPP as a result of their purchases of McDermott securities during the expanded class period, NSHEPP would *not* be the "most adequate plaintiff" to litigate claims on behalf of the class.

7

securities during the Class Period in this action). These arguments should be rejected insofar as they are insufficient to show the inadequacy of any movant and NSHEPP's own capacity to move for Lead Plaintiff.

NSHEPP also erroneously contends that it is entitled to discovery from movants. The PSLRA, however, provides that "discovery relating to whether a member or members of the purported plaintiff class is the most adequate plaintiff may be conducted *by a plaintiff only if the plaintiff first demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class*. 15 U.S.C. § 78u-4(a)(3)(B)(iv) (emphasis added). First, NSHEPP's capacity to even request discovery is doubtful; NSHEPP papers fail to demonstrate that it qualifies as a "plaintiff" here since it has *no* transactions in McDermott securities during the Class Period set forth in the Complaint. *See* 15 U.S.C. § 78u-4(a)(2)(A)(iv) ("Each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff and filed with the complaint, that … *sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint*." (emphasis added)). Second, NSHEPP's papers do not articulate any reasonable basis to find that the Coligado Shareholder Group, or any other movant, is incapable of adequately representing the Class, and certainly has not cited any authority to support such a position.

Because NSHEPP has failed to show that any other movant is incapable of adequately representing the Class, its request for discovery should be denied.[6] NSHEPP does not cite any

---

[6] "Courts are to take care to prevent the use of discovery to harass presumptive lead plaintiffs,' something the [PSLRA] was meant to guard against.'" *Guohua Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1055 n.1 (N.D. Cal. 2010) (internal quotations and citation omitted). *See Woburn Ret. Sys. v. Salix Pharms., Ltd.*, No. 14-CV-8925 (KMW), 2015 U.S. Dist. LEXIS 36409, at *24-25 n.5 (S.D.N.Y. Mar. 23, 2015) (appointing group of private investment funds with largest financial interest lead plaintiff and finding a competing movant's discovery request would serve no purpose given the group's preliminary showing).

authority to support its request. *See Makhlouf, supra* ("The failure to cite case law in support of one's argument is insufficient to rebut the presumption to which a Lead Plaintiff is entitled under the PSLRA." (internal quotations and citations omitted)). Moreover, NSHEPP cannot make the requisite *prima facie* showing of its entitlement to participate in the lead plaintiff appointment process here. *See* 15 U.S.C. § 78u-4(a)(2)(A)(iv). Thus, NSHEPP's request for discovery has no proper purpose and only serves to harass movants.

## III. CONCLUSION

The Coligado Shareholder Group has the largest financial interest of any movant, and has demonstrated a clear dedication to serving on behalf of the proposed Class and is well-situated to serve fairly and adequately as Lead Plaintiff. Accordingly, the Court should adopt the presumption that the Coligado Shareholder Group is the "most adequate plaintiff" under the PSLRA, appoint it as Lead Plaintiff and approve its selection of Wolf Haldenstein as Lead Counsel and Reynolds Frizzell as Liaison Counsel.

Dated: October 7, 2020            Respectfully submitted,

**WOLF HALDENSTEIN ADLER  
  FREEMAN & HERZ LLP**

*/s/ Malcolm T. Brown*  
Malcolm T. Brown  
Attorney-in-Charge  
NY State Bar No. 2918498  
270 Madison Avenue  
New York, NY 10016  
Telephone: (212) 545-4600  
Facsimile: (212) 686-0114  
brown@whafh.com  
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

---

"[C]onclusory assertions of inadequacy are … insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence of the existence of an actual or potential conflict of interest or a defense to which [the potential lead plaintiff] would be uniquely subject." *Makhlouf v. Tailored Brands, Inc.,* No. H-16-0838, 2017 U.S. Dist. LEXIS 41872, at *20 n.4 (S.D. Tex. Mar. 23, 2017) (internal quotations and citation omitted).

9

**Of Counsel:**

Thomas H. Burt
NY State Bar No. 2869550
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
burt@whafh.com

Marisa C. Livesay
CA State Bar No. 223247
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
livesay@whafh.com

Jean C. Frizzell
State Bar No. 07484650
Federal I.D. 14529
Michael K. Oldham
State Bar No. 00798405
Federal I.D. No. 21486
**REYNOLDS FRIZZELL LLP**
1100 Louisiana, Suite 3500
Houston, TX 77002
Telephone: (713) 485-7200
Facsimile: (713) 485-7250
jfrizzell@reynoldsfrizzell.com
oldham@reynoldsfrizzell.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document was served via ECF and/or electronic mail on all counsel of record on October 7, 2020.

                                                        */s/ Malcolm T. Brown*
                                                         Malcolm T. Brown