## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

<table>
<tr>
<td>

JOHN ARDEN AHNEFELDT, ROBERT
BROWER, JR., ROBERT BROWER, SR.,
KHANH L. BUI, JIGNESH CHANDARANA,
KRUITIKA CHANDARANA, AMIRA YOUSUF
CHOWDHURY, CHRISTOPHER COLIGADO,
DANIEL GAD, EDWIN HOWELL, SIOE LIE
HOWELL, DARREN HUNTING, ANNE
INGLEDEW, SHITAL MEHTA, THOMAS
CARL RABIN, ADAM SHULTZ, AMIT
SOMANI, JAYAPRAKASH SRINIVASAN,
AARTHI SRINIVASAN, CHRISTOPHER
SWEDLOW and ALEXANDRE TAZI, on Behalf
of Themselves and All Others Similarly Situated,

Plaintiffs,

v.

DAVID DICKSON, STUART A. SPENCE, and
CHRISTOPHER A. KRUMMEL,

Defendants.

</td>
<td>

CIVIL ACTION NO.  4:20-cv-02539

CLASS ACTION

</td>
</tr>
</table>

### MAJID ALGHASLAN'S REPLY IN SUPPORT OF
### HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF

Movant Majid Alghaslan ("Mr. Alghaslan") respectfully submits this Reply in further support of his Motion for Appointment as Lead Plaintiff (Dkt. No. 23) ("Motion"), and for approval of Roche Cyrulnik Freedman LLP ("RCF") as Lead Counsel.

## I.    PRELIMINARY STATEMENT

It is undisputed that: (1) Mr. Alghaslan has the largest financial interest based on the number of shares purchased, the number of net shares retained, and losses calculated under the *Dura* Method;[1] (2) Mr. Alghaslan has more than three times the claimed approximate losses of NSHEPP;[2] and  (3) if the Coligado Group is disaggregated, Mr. Alghaslan's approximate losses are also at least three times greater than those of any individual member of the Coligado Group.[3]

NSHEPP claims Mr. Alghaslan did not timely file his Motion because he did not move for lead in a ***separate*** litigation – the *Edwards* case.  Not so. Mr. Alghaslan did not purchase or otherwise acquire any McDermott stock during the class period listed in the notice published in the *Edwards* case (January 24, 2018 and October 30, 2018) and thus had no financial interest in filing a lead plaintiff motion by that case's January 15, 2019 deadline.  In fact, Mr. Alghaslan did not purchase McDermott stock until November of 2019.  *See* Dkt. No. 23-1, Ex. A.  Accordingly, Mr. Alghaslan timely filed his Motion in response to a notice about the pendency of ***this*** Action, involving a Class Period from September 20, 2019 through January 23, 2020 (both dates inclusive).

---

[1]    On October 7, 2020, movants Wei Ye and John Vuong each filed a Notice of Non-Opposition to Competing Lead Plaintiff Motions. *See* Dkt. Nos. 30, 32 (respectively).

[2]    As discussed in Movant's Opposition, since NSHEPP did not purchase any McDermott securities during this Class Period, its financial interest in this case is dependent on the Court's approval of consolidation with *Edwards* and expansion of the *Edwards* case to include the Class Period and claims of this Action – which Mr. Alghaslan opposes. Dkt. No. 33 at n. 1.

[3]    As discussed in detail in Movant's Opposition, because the Coligado Group is comprised of 21 unrelated individuals, the majority of whom had no pre-litigation relationship, their funds should not be aggregated for the sole purpose of establishing the largest loss.  Dkt. No. 33 at 4-7. Further, based on the unwieldy nature of this excessively large group, the Coligado Group does not satisfy the adequacy requirement under Rule 23.  *Id*. at 7-10.

1

In addition to having the largest permissible financial interest and timely filing his motion for lead plaintiff, Mr. Alghaslan has made the requisite *prima facie* showing of typicality and adequacy to serve as a lead plaintiff in this Action.  Mr. Alghaslan has 17 years of investing experience.  *See* Dkt. No. 23-1, Ex. C.  He purchased McDermott securities during the Class Period and, as a result of the fraudulent activity alleged in the Complaint, suffered a substantial loss.  *See id*.  Because of his substantial losses, Mr. Alghaslan is motivated and willing to seek the best possible outcome for himself and the proposed Class.  *Id.*  He has selected RCF, a firm with substantial experience in securities litigation, as proposed Lead Counsel for the Class and is committed to overseeing RCF's efforts and activities to ensure the litigation is handled efficiently. *See id.*  Mr. Alghaslan is therefore entitled to the PSLRA's presumption of being the most adequate plaintiff.  *See* 15 U.S.C. § 78u-4(B)(iii)(I).  Neither the Coligado Group nor NSHEPP has presented the Court with the proof required to rebut Mr. Alghaslan's status as presumptive lead plaintiff (because there is none).  *See id*.

Lacking proof of inadequacy, NSHEPP conjectures a flawed argument that Mr. Alghaslan should have intervened in another ***separate litigation***, the McDermott Bankruptcy, and that his choice not to do so "raises questions as to his readiness to vigorously prosecute the fraud claims herein."  *See* Dkt. No. 34.  NSHEPP does not provide any factual or legal support for claiming that Mr. Alghaslan's inactivity in separate litigation bears any weight on his actions in ***this*** case. Because it lacks any facts rebutting Mr. Alghaslan's adequacy, NSHEPP is fishing for discovery, but there is simply no "reasonable basis" to allow that discovery from Mr. Alghaslan (*see* 15 U.S.C. § 78u-4).  Mr. Alghaslan, therefore, respectfully requests the Court deny this unnecessary and unwarranted discovery.  Nonetheless, should the Court allow that discovery, Mr. Alghaslan would be ready and willing to provide it.  His prior investment history and activity in the McDermott

2

Bankruptcy do not relate to the claims at issue in any way; thus NSHEPP has failed to present any proof that would rebut the presumption that he is the most adequate lead plaintiff.

For the foregoing reasons and those provided in Mr. Alghaslan's Motion and Opposition, the Court should appoint Mr. Alghaslan as Lead plaintiff and RCF as Lead Counsel.

## II.   ARGUMENT

### A.  Mr. Alghaslan timely filed his Motion.

The PLSRA requires a plaintiff to publish within 20 days of filing a complaint, "a notice advising members of the purported plaintiff class … of the pendency of the action, the claims asserted therein, and the purported class period." *See* 15 U.S.C. § 78u-4(a)(3)(A).  This provision is "intended to encourage the most capable representatives of the plaintiff class to participate in class action litigation[,] parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders." *In re Cyberonics Inc. Sec. Litig.*, 468 F. Supp. 2d 936, 938 (S.D. Tex. 2006) (quoting H.R. CONF. REP. NO. 104–369, at 32 (1995)).  In general, when a complaint simply expands the class period or includes an additional defendant or a closely related new claim of an already filed complaint, republication is not required.  *See id.*

However, courts in this District (and across the country) have required republication when a complaint includes "entirely new factual and legal allegations against [Defendants], as to ***separate transactions, affecting a new class of plaintiffs*." *Id.* (quoting *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.,* No. 05 Civ. 1898(SAS), 2005 WL 1322721, at *2 (S.D.N.Y. June 1, 2005)); *e.g. In re Select Comfort*, No. 99-CV-884, 2000 U.S. Dist. LEXIS 22697, at *25 (D. Minn. Jan. 27, 2000).[4]  Without republication in such situations, "entire classes of potential lead plaintiffs are left out of the notice procedure." *In re Cyberonics*, 468 F. Supp. 2d

---

[4] Unless otherwise indicated, all emphasis added and internal citations omitted.

3

at 938; *see also Kaplan v. S.A.C. Capital Advisors, L.P.,* 947 F. Supp. 2d 366, 367 (S.D.N.Y. 2013) (requiring new notice where the amended complaint "make[s] it likely that individuals who could now be considered potential lead plaintiffs would have disregarded the earlier notice, and that allowing plaintiffs ... to proceed without publishing a new notice reflecting their additional claims would potentially exclude qualified movants from the lead plaintiff selection process"); *Bombardier,* 2005 WL 1322721, at *2–3 (requiring republication where a class was expanded from purchasers of a single class of securities to purchasers of many classes from different years, because it was "entirely possible that other well-qualified lead plaintiffs would have moved had they been notified that they were potential class members"); *Vanleeuwen v. Keyuan Petrochemicals, Inc.*, No. CV 11-9495 PSG (JCGx), 2013 WL 2247394, at *5 (C.D. Cal. May 9, 2013) (requiring republication where the amended pleadings were based on "an entirely different factual scenario," adding "entirely new misrepresentations" and "a whole new class of plaintiffs").

In this Action, new notice was required.  As discussed in the Coligado Group's Response to the Notice of Related Case by NSHEPP ("Response to Notice to Relate"), the current Action and the *Edwards* case lack overlapping class periods and pose separate transactions and distinct allegations of wrongdoing.  *See* Dkt. No. 17 at 3-5.  When filed, therefore, this Action required new notice to inform its putative Class members of its distinct allegations, claims, and lead plaintiff appointment process.

At the time the *Edwards* notice was published, Mr. Alghaslan had not purchased any McDermott securities and was not a putative Class member.  When the notice was for this Action was published, Mr. Alghaslan, just like many other investors, received the first notice of an action including him as a putative Class member and in which he was eligible to move as Lead Plaintiff.  Thus, new notice was necessary in this Action, and in response to that notice, Mr. Alghaslan timely

moved for Lead Plaintiff.

### B.  Mr. Alghaslan is the presumptive Lead Plaintiff.

Mr. Alghaslan is entitled to the presumption that he is the most adequate plaintiff under the PSLRA because he "has the largest financial interest" and "otherwise satisfies the requirements of Rule 23." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i)-(B)(iii).  As detailed in his Motion and Opposition, Mr. Alghaslan has the largest permissible financial interest in the relief sought by the Class with 2,268,000 shares purchased during the Class Period; 2,268,000 net shares purchased during the Class Period; $1,872,921.00 net funds expended during the Class Period; $1,764,737.76 in approximate losses; and $1,764,737.76 in losses under the *Dura* Method.  *See In re Plains All Am. Pipeline, L.P. Sec. Litig.,* No. H:15-cv-02404, 2015 WL 8207331, at *2 (S.D. Tex. Dec. 7, 2015); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(i).  The only movant *claiming* to have a larger financial interest than Mr. Alghaslan is the Coligado Group, but the Coligado Group's claim is based solely on its aggregation of 21 individuals' estimated losses.  As set forth in the competing movants' briefs, this aggregation is impermissible under the relevant factors and considerations applied by courts in this Circuit and District.  *See* Dkt. Nos. 33-34.

In addition to establishing the largest loss, Mr. Alghaslan has made the required *prima facie* showing of typicality and adequacy under Rule 23.  "Typicality is satisfied if the class representatives' claims or defenses are typical of, but not necessarily identical to, those of the class; class representatives should have the same interests and have suffered the same injuries as others in the class, and the representatives' and class members' claims need only share the same essential characteristics." *In re Enron Corp. Sec.*, 529 F. Supp. 2d at 673 (S.D. Tex. 2006).

In reliance upon the alleged false and misleading statements made by Defendants, Mr. Alghaslan purchased McDermott securities during the Class Period, and as a result, suffered

substantial losses.    These facts support a finding of *prima facie* typicality.    *See Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, No. 4:20-CV-0576, 2020 WL 2475656, at *4 (S.D. Tex. May 13, 2020).

"The adequacy requirement mandates an inquiry into the zeal and competence of the representatives' counsel and the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interest of absentees."  *In re Plains,* 2015 WL 8207331, at *4 (quoting *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001)). It also "serves to uncover conflict of interest between named parties and the class they seek to represent." *Id.* (quoting *In re Deepwater Horizon*, 785 F.3d 1003, 1015 (5th Cir. 2015)).

Mr. Alghaslan meets these requirements because he has no conflicts with the other Class members and his large financial interest ensures that he will zealously prosecute the Action. *See id.* at 5.    Moreover, as a single representative, Mr. Alghaslan's prosecution of the case and overseeing of counsel will be effective and efficient.    Further, his choice of counsel, RCF, is a highly skilled and experienced firm that has a demonstrated ability to provide the Class with the highest caliber of representation.  *See* Dkt. No. 23, 8-10.

### C. The other movants have failed to rebut the presumption that Mr. Alghaslan is the most adequate Lead Plaintiff.

The presumption in favor of Mr. Alghaslan may only be rebutted by **proof** that he "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render [him] incapable of adequately representing the class." *See Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*, No. 3:15-CV-3415-D, 2016 WL 1625774, at *5 (N.D. Tex. Apr. 25, 2016); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  "'[E]xacting proof' is needed to rebut the presumption, for [c]onclusory assertions and mere speculation will not suffice." *Mullins v. AZZ, Inc.,* No. 4:18-CV-025-Y, 2018 WL 7504312, at *3 (N.D. Tex. Aug. 9, 2018) (quoting *Murphy v. JBS S.A.,* No.

6

17-CV-3084, 2017 WL 4480751, *4 (E.D.N.Y. Oct. 6, 2017); *see also In re SemGroup Energy Partners, L.P. Sec. Litig.,* No. 08-CV-425-GKF-PJC, 2008 WL 4826318, at *2 (N.D. Okla. Oct. 27, 2008) ("speculative assertions" and "[m]ere innuendo and inferences will not suffice to support allegations of atypicality, conflict of interest or unique defenses").  "There is, of course, a marked difference between affirmatively demonstrating that [the presumptive lead plaintiff] is not an adequate representative or is subject to unique defenses and simply claiming that [he] *might* be subject to such arguments in the future." *Pier 1 Imports*, 2016 WL 1625774, at *5 (quoting *Gluck v. CellStar Corp.,* 976 F. Supp. 542, 547 (N.D. Tex. 1997) (emphasis in original)).

NHSEPP speculates that Mr. Alghaslan's decision not to intervene in the McDermott Bankruptcy "raises questions as to [his] readiness to vigorously prosecute the fraud claims herein." *See* Dkt. No. 34.  Such speculative assertions do not suffice as proof to rebut the presumption that Mr. Alghaslan is the most adequate plaintiff.  *See Pier 1 Imports*, 2016 WL 1625774, at *5; *see also Glauser v. EVCI Career Colls. Holding Corp.,* 236 F.R.D. 184, 189 (S.D.N.Y. 2006) (citing cases) (rejecting "speculative and hypothetical argument that [lead plaintiff] might be subject to a later attack by Defendants").  Indeed, Mr. Alghaslan has already vigorously pursued his rights in this Action, having timely filed his motion for appointment, as well as his opposition and this reply defending his status as the presumptive lead plaintiff.  Therefore, nothing rebuts Mr. Alghaslan's presumptive status, and he should be appointed Lead Plaintiff in this Action.

### D.  NHSEPP's request for discovery is not warranted or necessary.

The PSLRA permits discovery at the lead plaintiff stage "only if the [competing party] first demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iv).  "Courts must also, however, take care to prevent the use of discovery to harass presumptive lead plaintiffs,

7

something that the [PSLRA] was meant to guard against." *Mullins,* 2018 WL 7504312, at *3 (quoting *In re Cendant Corp. Litig.,* 264 F.3d 201, 270 n.49 (3d Cir. 2001).

NHSEPP has failed to demonstrate a "reasonable basis" that Mr. Alghaslan is incapable. NHSEPP offers only speculation that Mr. Alghaslan's lack of involvement in other *unrelated* actions makes him inadequate or subject to unique defenses in *this* Action. Such speculation does not warrant discovery and appears to be an attempt to harass Mr. Alghaslan.

Furthermore, the discovery sought would be inappropriate and unnecessary. NHSEPP seeks discovery into pre- or post- Class Period transactions. But the PSLRA does not require the disclosure of such transactions, and pre-class period transactions are not relevant to calculating losses. *See In re Atlas Mining Co. Sec. Litig.*, No. CV 07-428-N-EJL-MHW, 2008 WL 821756, at *6-7 (D. Idaho Mar. 25, 2008). Accordingly, NHSEPP's demand for discovery should be rejected. Nonetheless, Mr. Alghaslan is ready and willing to provide discovery should the Court grant NHSEPP's request. Indeed, that discovery—although unnecessary under the PSLRA—will only serve to confirm that Mr. Alghaslan is the most adequate Lead Plaintiff.

### E. Assuming *arguendo* that the Court grants NHSEPP's Consolidation Motion, Mr. Alghaslan should be appointed Co-Lead of the Consolidated Class.

As discussed in prior briefing, NSHEPP did not purchase any McDermott securities during the Class Period. Dkt. No. 31 at p.12. NSHEPP therefore lacks standing in this case unless the Court approves the consolidation of this Action with the *Edwards* case and approves the amendment of the *Edwards* class period to include this Action's Class Period. Under those circumstances, however, Mr. Alghaslan would possess a substantially larger loss than NSHEPP even under the expanded class period and, therefore, NSHEPP would not be the "most adequate plaintiff" to litigate claims on behalf of the expanded class. Additionally, NSHEPP has not demonstrated whether it would have typicality or adequacy issues vis-à-vis the substantially larger

8

class period and entirely new theories of liability.

In such situations—where a single lead plaintiff may pose problems for the class—courts regularly appoint co-lead plaintiffs to protect the interests of a class.  *See In re Millennial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d 563, 570 (S.D.N.Y. 2015) (appointed co-lead plaintiffs when one movant did not own stock during the entire class period); *see also In re Cendant Corp. Litig.,* 182 F.R.D. 144, 150 (D.N.J. 1998) (appointing co-lead plaintiffs due to "conflict of interest"); *Janbay v. Canadian Solar,* Inc., 272 F.R.D. 112, 121 (S.D.N.Y. 2010) ("on the possibility that conflicts do ultimately arise, the interests of the class can be protected by the appointment of a co-lead plaintiff"); *Johnson v. Pozen Inc.,* No. 1:07CV599, 2008 WL 474334, at \*3 (M.D.N.C. Feb. 15, 2008) (appointing co-lead plaintiffs to "protect the interests of the class at class certification in the event that either . . . later leaves the action for whatever reason"); *In re BP, PLC Sec. Litig.,* 758 F. Supp. 2d 428, 441-42 (S.D. Tex. 2010) (appointing "two lead plaintiffs and creation of a subclass for th[e] purpose [of preserving the claims of all potential class members] does not conflict with the PSLRA's primary goal of shifting control of securities class actions from lawyers to investors" or "increase the number of decision-makers (and thus the risk that decision-making will fall de facto to their attorneys) because the groups represent different interests"); *see also Miller v. Ventro Corp.,* No. 01-CV-1287, 2001 WL 34497752, at \*11 (N.D. Cal. Nov. 28, 2001) (appointing co-lead plaintiffs after determining "the question is whether a subclass is necessary to protect the bondholders interests").

Accordingly, if the Court consolidates the actions and amends the class period, the Court should appoint Mr. Alghaslan as Co-Lead Plaintiff.  Absent a co-lead plaintiff that has established adequacy and typicality for the allegations and time period at issue in this Action, there is a significant risk of conflict and prejudice to Class members.  The two actions pose a stark difference

in the class periods and distinct factual allegations and theories of wrongdoing.  *See Enron*, 206 F.R.D. at 444 ("the Court is required to insure that independent classes with conflicts are protected by subdivision and separate representation").

Finally, the appointment of Mr. Alghaslan as a Co-Lead Plaintiff does not conflict with the PSLRA's primary goal of shifting control of securities class actions from lawyers to investors. *See Gluck*, 976 F. Supp. at 549; *see In re Peregrine Sys., Inc. Sec. Litig.,* No. Civ.02 CV 870-J(RBB), 2002 WL 32769239 at *11–12  (S.D. Cal. Oct. 11, 2002) (appointment of co-lead plaintiffs appropriate "where the goals of the PSLRA are not undermined").

Thus, should the Court grant NSHEPP's Consolidation Motion, Mr. Alghaslan should be appointed Co-Lead Plaintiff in order to protect the interests of the Class.  Indeed, even under an expanded class period in a consolidated action, Mr. Alghaslan is presumptively the most adequate plaintiff.

## III.    CONCLUSION

For the foregoing reasons and those in his Motion and Opposition, Mr. Alghaslan respectfully requests that the Court: (1) appoint him as Lead Plaintiff in the Action, (2) approve RCF as Lead Counsel, and (3) deny all competing motions.

Dated: October 19, 2020                    Respectfully Submitted,

**KENDALL LAW GROUP PLLC**

*/s/ Joe Kendall*
Joe Kendall
Texas Bar No. 11260700
3811 Turtle Creek Blvd., Suite 1450
Dallas, Texas 75219
214/744-3000 / 214/744-3015 (Facsimile)
jkendall@kendalllawgroup.com

*Counsel for Lead Plaintiff Movant Majid Alghaslan
and Proposed Local Counsel for the Class*

10

**ROCHE CYRULNIK FREEDMAN LLP**
Velvel (Devin) Freedman (*pro hac vice forthcoming*)
Constantine P. Economides *(pro hac vice forthcoming)*
Ivy T. Ngo (*pro hac vice forthcoming*)
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 971-5943
Emails:  vel@rcfllp.com
         ceconomides@rcfllp.com
         ingo@rcfllp.com

Kyle Roche (*pro hac vice forthcoming*)
Jason Cyrulnik (*pro hac vice forthcoming*)
99 Park Avenue, 19th Floor
New York, NY 10016
Telephone: (646) 350-0527
Emails: kyle@rcfllp.com
        jcyrulnik@rcfllp.com

*Counsel for Lead Plaintiff Movant Majid Alghaslan and Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall (290685)
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Movant Majid Alghaslan*

11

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on October 19, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

/s/ *Joe Kendall*
Joe Kendall

12