UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| APARNA RAO, *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. 3:16-cv-02475 |
| | ) | JUDGE CRENSHAW |
| QUORUM HEALTH CORPORATION, | ) | |
| *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are five competing motions to appoint the lead plaintiff in this matter. Mitch Mongell did not appear at the Court's December 9, 2016 hearing, so his motion (Doc. No. 30) is **DENIED**. Koh Beng Yan withdrew his motion (Doc. No. 51), so his motion (Doc. No. 34) is **DENIED**. Remaining are competing motions by Zwick Partners, L.P ("Zwick") (Doc. No. 38, 39), Manzoor Benival (Doc. No. 35), and IBEW 673 Pension Plan (the "Pension Plan") (Doc. No. 40). Zwick filed a Motion for Leave to file a reply brief (Doc. No. 65), which is **GRANTED**. For the following reasons, the Court grants the movants forty-five days of limited discovery on whether the Court should grant Zwick's motion to be appointed lead counsel.

In general, the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i) (2010). The Court "shall adopt a presumption that the most adequate plaintiff" is the one that has the "largest financial interest in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." Id. at § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most

adequate plaintiff—(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Id. at § 78u-4(a)(3)(B)(iii)(II).

All three movants agree that Zwick is the presumptive lead plaintiff under the statute. However, Benival and the Pension Plan contend that Zwick will not fairly and adequately protect the interests of the class, or is subject to unique defenses. Their opposition can be categorized as four arguments: (1) the statute does not permit Zwick to amend its Private Securities Litigation Reform Act ("PSLRA") certification after the deadline to move to serve as lead counsel; (2) Zwick is an "opaque hedge fund" and nobody knows the structure of it; (3) Zwick's counsel made some errors in filing the complaint and in issuing the class notice; and (4) Zwick asks to appoint three counsel, which is excessive and not in the best interests of the class. At the December 9, 2016 hearing, Zwick withdrew its request to have Goldberg Law PC appointed as co-lead counsel, so the fourth issue is resolved.

Neither Benival nor the Pension Plan offer any case that refused to allow a lead plaintiff movant to amend its PSLRA certification after the deadline to move to serve as lead counsel, nor have they shown how the amendment prejudiced them. The PSLRA requires every lead plaintiff movant to provide a sworn certification. 15 U.S.C. § 78u-4(a)(2). As the certification requirement in the PSLRA does not have a time limit, many courts have allowed lead plaintiff movants to amend their certifications if issues arose. See e.g., Aronson v. McKesson HBOC, Inc., 79 F. Supp. 1146, 1155 (N.D. Cal. 1999) (holding that a lead plaintiff movant that did not file the complaint did not have to file a certification); Chill v. Green Tree Financial Corp., 181 F.R.D. 398, 411 (D. Minn. 1998) (allowing the presumptive lead plaintiffs to amend their certifications to correct technical deficiencies); Carson v. Merrill Lynch, pierce, Fenner & Smith Inc., No. Civ. 97-5147,

1998 WL 34076402, at *6 (W.D. Ark. Mar. 30, 1998) (permitting the plaintiff that filed the complaint to amend the complaint, add a certification, and amend the notice to class members); Greebel v. FTP Software, Inc., 939 F. Supp. 57, 62 (D. Mass. 1996) ("[A] purported class member seeking to serve as lead plaintiff is not required to file a certification . . . with his or her motion.") Accordingly, at least in this situation where the other movants do not argue that the insufficient certification prejudiced them, the lead plaintiff movant may amend its certification.

The Pension Plan argued at the hearing that the counsel chosen by Zwick is inadequate to represent the class. The Pension Plan has not provided any case law to support its position, nor any proof that Zwick's chosen counsel will be inadequate. In any case, this falls far from the "proof" required to rebut the presumption that Zwick should not be appointed the lead Plaintiff.

Benival and the Pension Plan argue that Zwick is an "opaque hedge fund" and it is difficult to determine its structure. They argue that these hedge funds may be subject to unique defenses or may be inadequate. However, neither movant provides any proof that Zwick is subject to unique defenses nor that Zwick is inadequate. In fact, courts "routinely appoint hedge funds . . . even foreign hedge funds, as lead plaintiffs." In re Regions Morgan Keegan Closed-End Fund Litigation, Nos. 07-02830, MDL 2009, 2010 WL 5173851, at *8 (W.D. Tenn. Dec. 15, 2010) (quoting In re Tronox, Inc., 262 F.R.D. 338, 347 n.65 (S.D.N.Y.)). Indeed, some courts have concluded that "[h]edge funds are institutional investors, exactly the type of sophisticated market participants Congress intended to take on the role of lead plaintiff following the PSLRA's reforms." E.g., id. (citing In Re Cendant Corp. Litigation, 264 F.3d 201, 243-44 (3d Cir. 2001)).

Benival relies heavily on Smajlaj v. Brocade Communications Systems Inc., No. C 05-02042 CRB, 2006 WL 7348107 (N.D. Cal. Jan. 12, 2006), for its proposition that Zwick is not an appropriate lead plaintiff. In that case, the hedge fund refused to turn over documentation of its

3

authority to litigate the class action, and there were continuous "new" revelations "that appear to expose the somewhat complicated and intricate structure of the company." Further, the hedge fund in Smajlaj had three different management companies—only one of which joined the lawsuit— while Zwick has proffered that it only has one. The Court has no concerns about Zwick turning over documentation, and it has been forthcoming in easing each movant's and the Court's concerns about its structure. However, the Court only learned about the structure of Zwick Partners, LP, and Zwick, GP, LLC, at the December 9 hearing. Further, the Court only learned about Zwick Investors, Inc., at the hearing, and it is unclear what its relationship is to the other two partnerships or whether there are more entities that could subject it to unique defenses.

When the Court has a "reasonable basis" for finding the presumptively most adequate plaintiff is "incapable of adequately representing the class," the Court may allow for "limited discovery" into the presumptively lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iv) (2010). At the December 9 hearing, the Pension Plan asked for limited discovery into Zwick in the event it did not deny Zwick's motion outright. As such, the Court will allow **45 days of limited discovery** into whether Zwick will adequately represent the class and whether it is subject to any unique defenses. Extensions from this deadline will be strongly disfavored, and will only be granted for good cause. Should the parties obtain any new evidence during this time that is relevant to whether the Court should appoint Zwick as lead counsel, they may file a supplement to their briefs on or before January 30, 2017. Should either party file a supplement, Zwick shall file a response on or before February 6, 2017. If any discovery disputes arise during this time period, the parties are to immediately contact Magistrate Judge Brown's chambers so that he may help resolve the dispute.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

5